IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(RICHMOND DIVISION)

| | |
|---|---|
| GOLDEN BETHUNE-HILL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> VIRGINIA STATE BOARD OF ELECTIONS, *et al.*, <br><br> Defendants. | Civil Action No. 3:14-cv-00852-REP-GBL-BMK |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE VIRGINIA HOUSE OF DELEGATES AND VIRGINIA HOUSE OF DELEGATES SPEAKER WILLIAM J. HOWELL TO INTERVENE**

On December 22, 2014, Golden Bethune-Hill, Christa Brooks, Chauncey Brown, Atoy Carrington, Davinda David, Alfreda Gorden, Cherrelle Hurt, Terrell Kingwood, Tavarris Spinks, Mattie Mae Urquhart, Vivian Williamson, and Sheppard Roland Winston (collectively, the "Plaintiffs") filed a complaint seeking declaratory and injunctive relief prohibiting the members of the Virginia Board of Elections and the Commissioner of the Virginia Department of Elections (collectively, the "Defendants") from implementing or conducting further elections on certain legislative districts of the plan enacted by the Virginia General Assembly in 2011 on the grounds that the challenged districts of the Commonwealth of Virginia are unconstitutional. The matter is pending before a three-judge panel.

The Virginia House of Delegates and Virginia House of Delegates Speaker William J. Howell ("Speaker Howell") (collectively, the "Applicants"), file their motion seeking leave of this Court to intervene in this matter (the "Motion") based on established Supreme Court precedent and because none of the current parties adequately represents Applicants' interests in

this proceeding. Applicants include parties that drew and enacted the redistricting plan at issue. As such, Applicants have a substantial interest in any redrawing of Virginia's legislative districts to remedy the alleged constitutional violation at issue here. The only way to protect the fairness of this litigation, ensure presentation of all proper evidence and legal arguments, and lend credibility and finality to the Court's adjudication of this matter is to grant Applicants' Motion. Thus, Applicants respectfully request that this honorable Court allow Applicants to intervene as defendants in order to protect their interest in the subject matter of this litigation.

### I. APPLICANTS ARE ENTITLED TO INTERVENE AS A MATTER OF RIGHT

Under Rule 24(a)(2) of the Federal Rules of Civil Procedure, intervention as a matter of right is appropriate when, upon a "timely motion," a party:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). The United States Court of Appeals for the Fourth Circuit has interpreted the rule to require that an applicant timely "demonstrate: (1) that they have an interest in the subject matter of the action; (2) that the protection of this interest would be impaired because of the action; and (3) that the applicant's interest is not adequately represented by existing parties to the litigation." *Teague v. Bakker*, 931 F.2d 259, 260-61 (4th Cir. 1991). As outlined below, Applicants meet all of these requirements.

#### A. Applicants' Intervention is Timely

Applicants' motion to intervene in the above-captioned proceeding is timely. "Where a case has not progressed beyond the initial pleading stage, a motion to intervene is timely." *United States v. Commonwealth of Virginia*, 282 F.R.D. 403, 405 (E.D. Va. 2012). Such is the

case here. Defendants have not yet responded to the complaint on file, no hearings have been held or scheduled, and no adjudication on the merits has taken place.

Furthermore, Applicants' intervention is made without any delay and causes no prejudice to the existing parties. Should this court allow Applicants to intervene at this early stage, they will have an opportunity to assert their defenses and protect their interests without disrupting, delaying, or protracting the litigation. Additionally, as the party that drew the redistricting plan at issue, the Virginia House of Delegates is likely to be in possession of documents and information essential to presentation of all proper evidence and legal arguments. While the existing parties could seek to obtain such evidence through third-party discovery, allowing Applicants to intervene would streamline the discovery process and increase judicial efficiency. Therefore, this Motion is timely and will not cause delay or prejudice any of the existing parties.

### B. Applicants Have an Interest in the Litigation That Is Not Adequately Represented by the Existing Parties

Applicants have a vital interest in the subject matter of this litigation, and the existing parties do not represent Applicants' interests. This proceeding concerns a redistricting plan enacted by the Virginia General Assembly in 2011, which plan allegedly discriminates against minority voters in violation of the United States Constitution. (Compl. ¶¶ 1-2, 26, 104-107.) The Virginia House of Delegates is the legislative body that actually drew the redistricting plan at issue. (Compl. ¶¶ 31-33.) The Supreme Court of the United States has recognized that a state legislative body – whether the state legislature as a whole or one of the bodies of a state legislature – has "the right to intervene" because the legislative body would be "directly affected by [a] District Court's orders." *Sixty-Seventh Minn. State Senate v. Beens*, 406 U.S. 187, 194 (1972).

Here, the Court could task the Virginia House of Delegates with redrawing Virginia's legislative districts. The Virginia House of Delegates, led by Speaker Howell, would be directly affected by any order of this Court affording such relief and, in fact, affording such relief necessarily requires that the Virginia House of Delegates and Speaker Howell are parties to this proceeding. *See* Fed. R. Civ. P. 19(a)(1)(A). None of the current parties to the proceeding has the ability or authority to redraw the challenged legislative districts. The Virginia General Assembly – which includes the Virginia House of Delegates – is constitutionally obligated to prepare and enact a redistricting plan setting forth electoral districts for the state legislature. Va. Const. Art. II, § 6. The Virginia House of Delegates also has an obligation to preserve continuity of representation and ensure that any redrawing of the state legislative districts of the Commonwealth of Virginia does not unnecessarily disrupt constituent representation.

Furthermore, given the Applicants' direct and substantial role in creating the redistricting plan at issue, the existing parties to the proceeding do not adequately represent Applicants' interests. Ordinarily, "the burden on the applicant of demonstrating a lack of adequate representation 'should be treated as minimal.'" *Teague*, 931 F.2d at 262 (citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)). This standard is easily met here.

As to the existing Plaintiffs, their interests and the interests of Applicants are directly and substantially adverse. Plaintiffs are challenging legislative districts drawn by Applicants. As to the existing Defendants, none adequately represents Applicants' interest in defending the challenged redistricting plan. While the Virginia State Board of Elections and the Virginia Department of Elections are responsible for implementing the plan, they had no involvement in the enactment of the challenged plan, and neither has any particular interest in defending the validity of the plan. Applicants, however, because they actually drew and enacted the challenged

redistricting plan, have a substantial interest in defending the plan and could suffer severe prejudice if this Court were to prevent them from intervening to make sure that their voices are heard. Applicants have timely identified a substantial and distinct interest in the subject matter of this litigation, which interest is not adequately represented by the existing parties, and the failure of this Court to grant Applicants leave to intervene would preclude Applicants from protecting their interest. Therefore, Applicants should be granted leave to intervene as a matter of right.

## II. IN THE ALTERNATIVE, APPLICANTS ARE ENTITLED TO PERMISSIVE INTERVENTION

Alternatively, this Court should permit Applicants to intervene pursuant to Rule 24(b) of the Federal Rules of Civil Procedure. Rule 24(b) provides for permissive intervention where a party timely files a motion and "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

The arguments set forth in Part I, *infra*, establish the criteria for permissive intervention. The significance of this matter to Applicants is without question. The existing Defendants, who did not take part in drawing the redistricting plan, will not adequately represent Applicants' interest in defending the plan. Similarly, the existing Plaintiffs, who challenge the plan, are directly adverse to Applicants. Allowing the case to go forward without intervention likely would damage Applicants' interests and, if Plaintiffs were to prevail, make it impossible for the Court to afford the relief sought by Plaintiffs. The only way to protect the fairness of this litigation, ensure presentation of all proper evidence and legal arguments, and lend credibility and finality to the Court's adjudication of this matter is to grant Applicants' Motion.

Furthermore, neither this Court nor the remaining parties will be prejudiced by Applicants' intervention. This application is timely and has been filed without delay.

### III. CONCLUSION

For the reasons set forth above, Applicants respectfully request that their Motion be granted, and that this honorable Court allow Applicants to intervene as defendants in order to protect their interest in the subject matter of this litigation.

Dated: January 23, 2015

Respectfully submitted,

VIRGINIA HOUSE OF DELEGATES AND
VIRGINIA HOUSE OF DELEGATES
SPEAKER WILLIAM J. HOWELL

By Counsel

*/s/ Katherine L. McKnight*
Jennifer M. Walrath (VSB No. 75548)
Katherine L. McKnight (VSB No. 81482)
BAKER & HOSTETLER LLP
1050 Connecticut Avenue, NW
Suite 1100
Washington, DC 20036
Telephone: 202.861.1500
Facsimile: 202.861.1783
jwalrath@bakerlaw.com
kmcknight@bakerlaw.com

Of counsel:

E. Mark Braden
BAKER & HOSTETLER LLP
1050 Connecticut Avenue, NW
Suite 1100
Washington, DC 20036
Telephone: 202.861.1500
Facsimile: 202.861.1783
mbraden@bakerlaw.com

Dale Oldham, Esq.
1119 Susan St.
Columbia, SC 29210
Telephone: 803-772-7729
dloesq@aol.com

*Attorneys for the Virginia House of Delegates and*
*Virginia House of Delegates Speaker William J. Howell*

CERTIFICATE OF SERVICE

      I hereby certify that on this 23rd day of January, 2015, a copy of the foregoing Memorandum of Points and Authorities in Support of Motion of the Virginia House of Delegates and Virginia House of Delegates Speaker William J. Howell to Intervene was filed and served pursuant to the Court's electronic filing procedures using the Court's CM/ECF system on the following counsel of record:

John Roche
Abha Khanna
Elisabeth Frost
Marc Elias
PERKINS COIE LLP
700 13th Street, NW
Washington, DC 20005
jroche@perkinscoie.com
akhanna@perkinscoie.com
efrost@perkinscoie.com
melias@perkinscoie.com

Kevin Hamilton
PERKINS COIE LLP
1201 Third Ave.
Suite 4800
Seattle, WA 98101
khamilton@perkinscoie.com

*Attorneys for Plaintiffs*

And I hereby certify that I will mail the document by U.S. first-class postage-prepaid to the following non-filing users:

Virginia State Board of Elections
c/o Charlie Judd, Chairman
Washington Building
First Floor
1100 Bank Street
Richmond, VA 23219

Charlie Judd
Chairman
Virginia State Board of Elections
Washington Building
First Floor
1100 Bank Street
Richmond, VA 23219

Kimberly Bowers
Vice-Chairman
Virginia State Board of Elections
Washington Building
First Floor
1100 Bank Street
Richmond, VA 23219

James B. Alcorn
Secretary
Virginia Department of Elections
Washington Building
First Floor
1100 Bank Street
Richmond, VA 23219

Edgardo Cortes
Commissioner
Virginia Department of Elections
Washington Building
First Floor
1100 Bank Street
Richmond, VA 23219

*/s/ Katherine L. McKnight*
Jennifer M. Walrath (VSB No. 75548)
Katherine L. McKnight (VSB No. 81482)
BAKER & HOSTETLER LLP
1050 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C. 20036
Tel.: 202-861-1680
Fax: 202-861-1783
jwalrath@bakerlaw.com
kmcknight@bakerlaw.com

*Attorneys for the Virginia House of Delegates and Virginia House of Delegates William J. Howell*