IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(RICHMOND DIVISION)

| | |
|---|---|
| GOLDEN BETHUNE-HILL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> VIRGINIA STATE BOARD OF ELECTIONS, *et al.*, <br><br> Defendants. | Civil Action No. 3:14-cv-00852-REP-GBL-BMK |

## ANSWER OF DEFENDANT-INTERVENORS

COME NOW Defendant-Intervenors the Virginia House of Delegates and Virginia House of Delegates Speaker William J. Howell (the "Defendant-Intervenors"), by and through their attorneys, and for their answer to the Complaint of Plaintiffs (the "Complaint"), state as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

1.      Defendant-Intervenors admit that Plaintiffs purport to bring this action to challenge Virginia House of Delegates Districts 63, 69, 70, 71, 74, 75, 77, 80, 89, 90, 92, and 95 (the "Challenged Districts") as racial gerrymanders under the Equal Protection Clause of the Fourteenth Amendments to the United States Constitution, but deny that the Challenged Districts violate this provision.

2. Defendant-Intervenors admit that the Virginia General Assembly adopted a House of Delegates redistricting plan in 2011, which contains the Challenged Districts, but otherwise deny the allegations contained in Paragraph 2.

3. Defendant-Intervenors deny the allegations contained in Paragraph 3.

4. Defendant-Intervenors deny the allegations contained in Paragraph 4.

5. Defendant-Intervenors deny the allegations contained in Paragraph 5.

6. Defendant-Intervenors state that Paragraph 6 contains no factual allegations to which any response is required.

## Parties

7. Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7.

8. Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

9. Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.

10. Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10.

11. Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.

12. Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.

13. Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

14. Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14.

15. Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15.

16. Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16.

17. Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17.

18. Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18.

19. Subject to the constitutional authority of the Virginia General Assembly to undertake redistricting, Defendant-Intervenors admit the allegations contained in Paragraph 19.

20. Defendant-Intervenors admit the allegations contained in Paragraph 20.

21. Defendant-Intervenors admit the allegations contained in Paragraph 21.

22. Defendant-Intervenors admit the allegations contained in Paragraph 22.

## Jurisdiction and Venue

23. Defendant-Intervenors admit the allegations contained in Paragraph 23.

24. Defendant-Intervenors state that Paragraph 24 contains no factual allegations to which any response is required.

25. Defendant-Intervenors admit the allegation contained in Paragraph 25.

## Factual Allegations

26. Defendant-Intervenors admit the allegations contained in Paragraph 26.

27. Answering the allegations in Paragraph 27, the U.S. Census Bureau issued the 2010 decennial census redistricting data on February 3, 2011, during the regular session of the Virginia General Assembly, which adjourned on February 26, 2011, and the Governor of Virginia called for a special session to address redistricting, which began on February 27, 2011. Defendant-Intervenors otherwise deny the allegations contained in Paragraph 27.

28. Answering the allegations in Paragraph 28, the House Committee on Privileges and Elections established some guidelines for the House of Delegates redistricting process. Defendant-Intervenors otherwise deny the allegations contained in Paragraph 28.

29. Answering the allegations in Paragraph 29, Defendant-Intervenors refer to the House Committee on Privileges and Elections Committee Resolution No. 1 – House of Delegates District Criteria, attached hereto as Exhibit A, as a more complete and accurate representation of guidelines for the House of Delegates redistricting process. Defendant-Intervenors otherwise deny the allegations contained in Paragraph 29.

30. Answering the allegations in Paragraph 30, Defendant-Intervenors refer to the House Committee on Privileges and Elections Committee Resolution No. 1 – House of Delegates District Criteria, attached hereto as Exhibit A, as a more complete and accurate representation of guidelines for the House of Delegates redistricting process. Defendant-Intervenors otherwise deny the allegations contained in Paragraph 30.

31. Defendant-Intervenors admit the allegations contained in Paragraph 31.

32. Answering the allegations in Paragraph 32, the Virginia General Assembly passed HB 5001 on April 12, 2001. HB 5001 set forth redistricting plans for the House of Delegates and Senate. Governor McDonnell vetoed HB 5001 on April 15, 2001, citing concerns over the

Senate plan.  The Virginia General Assembly then passed HB 5005 on April 29, 2011, and Governor McDonnell signed the bill into law on the same day.

      33.      Defendant-Intervenors admit the allegations contained in Paragraph 33.

      34.      Answering the allegations in Paragraph 34, Defendant-Intervenors state that the House of Delegates redistricting plan enacted in 2011 creates 100 House of Delegates districts, and that African-Americans constituted a majority of the voting age population (VAP) in each of the Challenged Districts based upon the 2010 decennial census redistricting data.  Defendant-Intervenors otherwise deny the allegations contained in Paragraph 34.

      35.      Defendant-Intervenors deny the allegations contained in Paragraph 35.

      36.      Defendant-Intervenors deny the allegations contained in Paragraph 36.

      37.      Defendant-Intervenors deny the allegations contained in Paragraph 37.

      38.      Defendant-Intervenors deny the allegations contained in Paragraph 38.

      39.      Defendant-Intervenors deny the allegations contained in Paragraph 39.

      40.      Defendant-Intervenors deny the allegations contained in Paragraph 40.

      41.      Defendant-Intervenors deny the allegations contained in Paragraph 41.

      42.      Defendant-Intervenors deny the allegations contained in Paragraph 42.

**House of Delegates District 71**

      43.      Defendant-Intervenors admit the allegations contained in Paragraph 43.

      44.      Answering the allegations in Paragraph 44, District 71 currently is represented by Delegate Jennifer L. McClellan, who was first elected in 2005.  Defendant-Intervenors deny the allegations contained in the first sentence of Paragraph 44, and otherwise are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44.

45. Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45.

46. Defendant-Intervenors deny the allegations contained in Paragraph 46.

**House of Delegates District 80**

47. Defendant-Intervenors admit the allegations contained in Paragraph 47.

48. Answering the allegations in Paragraph 48, District 80 currently is represented by Delegate Matthew James, who was first elected in 2009. Defendant-Intervenors deny the allegations contained in the first sentence of Paragraph 48, and otherwise are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48.

49. Defendant-Intervenors deny the allegations contained in Paragraph 49.

50. Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 50. Defendant-Intervenors deny the remaining allegations contained in Paragraph 50.

**House of Delegates District 89**

51. Defendant-Intervenors admit the allegations contained in Paragraph 51.

52. Answering the allegations in Paragraph 52, District 89 currently is represented by Delegate Daun Sessoms Hester. Defendant-Intervenors deny the remaining allegations contained in Paragraph 52.

53. Answering the allegations in Paragraph 53, between August 2002 and September 2012, Delegate Kenneth Alexander represented a district named District 89, which for the majority of that period had boundaries and characteristics different from the current District 89.

Defendant-Intervenors otherwise are without knowledge or information sufficient to form a belief as to the trust of the allegations contained in Paragraph 53.

54. Defendant-Intervenors deny the allegations contained in Paragraph 54.

55. Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55.

56. Answering the allegations in Paragraph 56, Delegate Hester was first elected in 2012. Defendant-Intervenors otherwise are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56.

57. Defendant-Intervenors deny the allegations contained in Paragraph 57.

58. Defendant-Intervenors deny the allegations contained in Paragraph 58.

**House of Delegates District 95**

59. Defendant-Intervenors admit the allegations contained in Paragraph 59.

60. Answering the allegations in Paragraph 60, District 95 currently is represented by Delegate Mayme E. BaCote. Defendant-Intervenors deny the remaining allegations contained in Paragraph 60.

61. Answering the allegations in Paragraph 61, Delegate BaCote was first elected in 2003. Defendant-Intervenors otherwise are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61.

62. Defendant-Intervenors deny the allegations contained in Paragraph 62.

63. Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63.

64. Answering the allegations in Paragraph 64, District 95 includes portions of the cities of Newport News and Hampton. Defendant-Intervenors deny the remaining allegations contained in Paragraph 64.

65. Defendant-Intervenors deny the allegations contained in Paragraph 65.

**House of Delegates District 63**

66. Defendant-Intervenors admit the allegations contained in Paragraph 66.

67. Defendant-Intervenors deny the allegations contained in the first two sentences of Paragraph 67, and otherwise are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67.

68. Defendant-Intervenors admit the allegations contained in Paragraph 68.

69. Defendant-Intervenors deny the allegations contained in Paragraph 69.

70. Defendant-Intervenors deny the allegations contained in Paragraph 70.

**House of Delegates District 77**

71. Defendant-Intervenors admit the allegations contained in Paragraph 71.

72. Answering the allegations in Paragraph 72, District 77 currently is represented by Delegate Lionell Spruill, Sr., and he has represented a district named District 77 since 1994. Defendant-Intervenors deny the remaining allegations contained in Paragraph 72.

73. Defendant-Intervenors deny the allegations contained in Paragraph 73.

74. Defendant-Intervenors deny the allegations contained in Paragraph 74.

**House of Delegates District 74**

75. Defendant-Intervenors admit the allegations contained in Paragraph 75.

76. Defendant-Intervenors deny the allegations contained in Paragraph 76.

77. Answering the allegations contained in Paragraph 77, District 74 currently is represented by Delegate Joseph D. Morrissey, who is not African-American. Defendant-Intervenors otherwise are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77.

78. Defendant-Intervenors deny the allegations contained in Paragraph 78.

### House of Delegates District 75

79. Answering the allegations in Paragraph 79, District 75 includes all of the counties of Brunswick and Greensville; parts of the counties of Dinwiddie, Isle of Wight, Lunenburg, Southampton, Surry, and Sussex; the city of Emporia; and part of the city of Franklin. Defendant-Intervenors deny the remaining allegations contained in Paragraph 79.

80. Answering the allegations in Paragraph 80, District 75 currently is represented by Delegate Roslyn C. Tyler, who was first elected in 2005. Defendant-Intervenors otherwise are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80.

81. Defendant-Intervenors deny the allegations contained in Paragraph 81.

82. Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82.

### House of Delegates District 69

83. Defendant-Intervenors admit the allegations contained in Paragraph 83.

84. Answering the allegations in Paragraph 84, District 69 currently is represented by Delegate Betsy Carr, who is White. Defendant-Intervenors otherwise are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84.

85.   Defendant-Intervenors deny the allegations contained in Paragraph 85.

**House of Delegates District 70**

86.   Defendant-Intervenors admit the allegations contained in Paragraph 86.

87.   Answering the allegations in Paragraph 87, District 70 currently is represented by Delegate Delores L. McQuinn, and between 1994 and 2008, Delegate Dwight C. Jones represented a district named District 70, which had boundaries and characteristics different from the current District 70.  Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of Paragraph 48.  Defendant-Intervenors deny the remaining allegations contained in Paragraph 87.

88.   Answering the allegations in Paragraph 88, Delegate McQuinn was first elected in 2009.  Defendant-Intervenors otherwise are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88.

89.   Defendant-Intervenors deny the allegations contained in Paragraph 89.

**House of Delegates District 90**

90.   Defendant-Intervenors admit the allegations contained in Paragraph 90.

91.   Answering the allegations in Paragraph 91, District 90 currently is represented by Delegate Joseph C. Lindsey.  Defendant-Intervenors deny the remaining allegations contained in Paragraph 91.

92.   Answering the allegations in Paragraph 92, Delegate Lindsey was first elected in 2014. Defendant-Intervenors deny the allegations contained in the first sentence of Paragraph 92, and otherwise are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of Paragraph 92.

93. Answering the allegations in Paragraph 93, between 2004 and 2014, Delegate Algie Howell represented a district named District 90, which for the majority of that period had boundaries and characteristics different from the current District 90. Defendant-Intervenors otherwise are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of Paragraph 93.

94. Defendant-Intervenors deny the allegations contained in Paragraph 94.

**House of Delegates District 92**

95. Defendant-Intervenors admit the allegations contained in Paragraph 95.

96. Defendant-Intervenors deny the allegations contained in Paragraph 96.

97. Answering the allegations in Paragraph 96, District 92 currently is represented by Delegate Jeion A. Ward, who is African-American. Defendant-Intervenors other are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97.

\* \* \*

98. Defendant-Intervenors deny the allegations contained in Paragraph 98.

99. Defendant-Intervenors deny the allegations contained in Paragraph 99.

100. Defendant-Intervenors deny the allegations contained in Paragraph100.

101. Defendant-Intervenors deny the allegations contained in Paragraph 101.

102. Defendant-Intervenors deny the allegations contained in Paragraph 102.

**Cause of Action: Violation of the Equal Protection Clause of the United States Constitution**

103. Defendant-Intervenors repeat and reallege paragraphs 1 through 102 of this Answer above as if fully set forth herein.

104. Defendant-Intervenors state that Paragraph 104 contains no factual allegations to which any response is required.

105. Defendant-Intervenors deny the allegations contained in Paragraph 105.

106. Defendant-Intervenors deny the allegations contained in Paragraph 106.

107. Defendant-Intervenors deny the allegations contained in Paragraph 107.

108. Defendant-Intervenors deny the allegations contained in Paragraph 108.

### THIRD DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

### FOURTH DEFENSE

The redistricting plan enacted in 2011 by Virginia General Assembly is lawful and was drawn in accordance with all requirements of the United States Constitution.

### FIFTH DEFENSE

Defendant-Intervenors reserve the right to designate additional defenses as they may come to light during the course of investigation, discovery, or otherwise.

WHEREFORE, for the foregoing reasons, Defendant-Intervenors respectfully request that this Honorable Court dismiss Plaintiffs' Complaint with prejudice and award Defendant-Intervenors reasonable attorneys' fees and costs, as well as such other and further relief that the Court deems just and equitable.

Dated: February 3, 2015                     Respectfully submitted,

                                                               VIRGINIA HOUSE OF DELEGATES AND
                                                               VIRGINIA HOUSE OF DELEGATES
                                                               SPEAKER WILLIAM J. HOWELL

                                                               By Counsel


 */s/ Katherine L. McKnight*
Jennifer M. Walrath (VSB No. 75548)
Katherine L. McKnight (VSB No. 81482)
BAKER & HOSTETLER LLP
1050 Connecticut Avenue, NW
Suite 1100
Washington, DC  20036
Telephone:   202.861.1500
Facsimile:   202.861.1783
jwalrath@bakerlaw.com
kmcknight@bakerlaw.com

Of counsel:

E. Mark Braden
BAKER & HOSTETLER LLP
1050 Connecticut Avenue, NW
Suite 1100
Washington, DC  20036
Telephone:   202.861.1500
Facsimile:   202.861.1783
mbraden@bakerlaw.com

Dale Oldham, Esq.
1119 Susan St.
Columbia, SC  29210
Telephone:  803-772-7729
dloesq@aol.com

*Attorneys for the Virginia House of Delegates and*
*Virginia House of Delegates Speaker William J. Howell*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 3rd day of February, 2015, a copy of the foregoing Answer of Defendant-Intervenors was filed and served on all counsel of record pursuant to the Court's electronic filing procedures using the Court's CM/ECF system.

<div style="margin-left: 3em;">

<u>/s/ Katherine L. McKnight</u>
Jennifer M. Walrath (VSB No. 75548)
Katherine McKnight (VSB No. 81482)
BAKER & HOSTETLER LLP
1050 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C. 20036
Tel.: 202-861-1680
Fax: 202-861-1783
jwalrath@bakerlaw.com
kmcknight@bakerlaw.com

*Attorneys for the Virginia House of Delegates and
Virginia House of Delegates Speaker William J. Howell*

</div>