IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | |
|---|---|
| GOLDEN BETHUNE-HILL, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 3:14-cv-00852-REP-GBL-BMK |
| | ) |
| VIRGINIA STATE BOARD OF ELECTIONS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ANSWER OF DEFENDANTS

COME NOW, the Virginia State Board of Elections, Chairman James B. Alcorn[1], Clara Belle Wheeler, and Singleton B. McAllister, the Virginia Department of Elections, and Edgardo Cortés (collectively, "Defendants"), by and through their attorneys, and for their answer to the Complaint of Plaintiffs (the "Complaint"), state as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

In response to the allegations set forth in the Complaint:

1. Defendants admit that Plaintiffs purport to bring this action to challenge Virginia House of Delegates Districts 63, 69, 70, 71, 74, 75, 77, 80, 89, 90, 92, and 95 (the "Challenged Districts") as racial gerrymanders under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, but deny that the Challenged Districts violate this provision.

---

[1] Mr. Alcorn, Ms. Wheeler and Ms. McAllister were recently appointed to the VSBE, subject to confirmation by the Virginia General Assembly, for terms of four years beginning February 1, 2015.  A FRCP 26(d) Substitution of Parties is being filed contemporaneously with this Answer.

2. Defendants admit that the Virginia General Assembly adopted a House of Delegates redistricting plan in 2011, which contains the Challenged Districts, but deny the remaining allegations contained in Paragraph 2.

3. Defendants deny the allegations contained in Paragraph 3.

4. Defendants deny the allegations contained in Paragraph 4.

5. Defendants deny the allegations contained in Paragraph 5.

6. Paragraph 6 is a request for relief and contains no factual allegations to which any response is required.

## PARTIES

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18.

19. The statutory responsibilities of the Virginia State Board of Elections is a matter of law and thus no response is required.

20. Defendants admit that Charlie Judd, Kimberly Bowers and James Alcorn were sued in their official capacity as members of the Virginia State Board of Elections and that once substituted, Clara Belle Wheeler and Singleton B. McAllister will be defendants in their official capacities only. The statutory responsibilities of the individual members of the Virginia State Board of Elections is a matter of law and thus no further response is required.

21. The statutory responsibilities of the Department of Elections is a matter of law and thus no response is required.

22. Defendants admit that Edgardo Cortés is sued in his official capacity as the Commissioner of the Department of Elections. The statutory responsibilities of that position are a matter of law and thus no further response is required.

## JURISDICTION AND VENUE

23. Defendants admit the allegations contained in Paragraph 23.

24. Paragraph 24 is a request for relief that contains no factual allegations to which any response is required.

25. Defendants admit the allegation contained in Paragraph 25.

## FACTUAL ALLEGATIONS

26. Defendants admit that House Bill 5005 of the 2011 Special Session I was enacted and became codified as Va. Code § 24.2-304.03. Defendants otherwise deny the allegations contained in Paragraph 26.

27. Defendants admit that the United States Census Bureau issued the 2010 decennial census redistricting data on February 3, 2011, during the regular session of the Virginia General Assembly, which adjourned on February 26, 2011, and the Governor of Virginia called for a special session to address redistricting, which began on February 27, 2011. Defendants otherwise deny the allegations contained in Paragraph 27.

28. Defendants admit that the House Committee on Privileges and Elections established some guidelines for the House of Delegates redistricting process. Defendants otherwise deny the allegations contained in Paragraph 28.

29. The House of Delegates District Criteria is a document that speaks for itself and therefore any allegations in Paragraph 29 related to that document do not require a response. Defendants otherwise deny the allegations contained in Paragraph 29.

30. The House of Delegates District Criteria is a document that speaks for itself and therefore any allegations in Paragraph 30 related to that document do not require a response. Defendants otherwise deny the allegations contained in Paragraph 30.

31. Defendants admit the allegations contained in Paragraph 31.

32. Defendants admit that Governor McDonnell signed the bill into law on April 29, 2011 but note that it was not effective and still subject to review and preclearance under Section 5 of the Voting Rights Act codified as 52 USC § 10304(a).

33. Defendants admit the allegations contained in Paragraph 33.

34. Defendants admit that the House of Delegates redistricting plan enacted in 2011 creates 100 House of Delegates districts, and that African-Americans constituted a majority of the voting age population (VAP) in each of the Challenged Districts (as defined by Plaintiffs) based upon the 2010 decennial census redistricting data. Defendants otherwise deny the allegations contained in Paragraph 34.

35. Defendants deny the allegations contained in Paragraph 35.

36. Defendants deny the allegations contained in Paragraph 36.

37. Defendants deny the allegations contained in Paragraph 37.

38. Defendants deny the allegations contained in Paragraph 38.

39. Defendants deny the allegations contained in Paragraph 39.

40. Defendants admit that voting districts referred to as Districts 71, 80, and 89 have been represented by an African American Delegate for over two decades. Defendants deny the remaining allegations contained in Paragraph 40.

41. Defendants deny the allegations contained in Paragraph 41.

42. Defendants deny the allegations contained in Paragraph 42.

**House of Delegates District 71**

43. Defendants admit the allegations contained in Paragraph 43.

44. Defendants admit that a voting district referred to as District 71 has been represented by an African American delegate since at least 1983. Defendants further admit that District 71 is currently represented by Delegate Jennifer L. McClellan, who was first elected in 2005. Defendants further admit that Delegate Jennifer L. McClellan won the 2009 election with 82.39% of the vote. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44.

45. Defendants admit that Delegate McClellan was elected in 2005 and re-elected in 2007 and 2009. Defendants deny the remaining allegations contained in Paragraph 45.

46. Defendants deny the allegations contained in Paragraph 46.

### House of Delegates District 80

47. Defendants admit the allegations contained in Paragraph 47.

48. Defendants admit that a voting district referred to as District 80 has been represented by an African American delegate since at least 1985. Defendants further admit that District 80 currently is represented by Delegate Matthew James, who was first elected in 2009. Defendants further admit that Delegate Matthew James won the 2009 election with 68.49% of the vote. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48.

49. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49.

50. Defendants admit that Delegate James ran unopposed in the 2011 and 2013 general elections. Defendants deny the remaining allegations contained in Paragraph 50.

### House of Delegates District 89

51. Defendants admit the allegations contained in Paragraph 51.

52.     Defendants admit that a voting district referred to as District 89 has been represented by an African American delegate since at least 1984.  Defendants further admit that District 89 currently is represented by Delegate Daun Sessoms Hester.  Defendants deny the remaining allegations contained in Paragraph 52.

53.     Defendants admit that Kenneth Alexander represented a voting district referred to as District 89 from 2002 until 2012 and that he won reelection in 2009 with 81.02% of the vote. Defendants deny the remaining allegations set forth in Paragraph 53.

54.     Defendants deny the allegations contained in Paragraph 54.

55.     Defendants admit the allegations contained in Paragraph 55.

56.     Defendants admit the allegations contained in Paragraph 56.

57.     Defendants deny the allegations contained in Paragraph 57.

58.     Defendants deny the allegations contained in Paragraph 58.

**House of Delegates District 95**

59.     Defendants admit the allegations contained in Paragraph 59.

60.     Defendants admit that a voting district referred to as District 95 has been represented by an African American delegate since at least 1983.  Defendants further admit that District 95 is currently represented by Delegate Mayme E. BaCote.  Defendants deny the remaining allegations contained in Paragraph 60.

61.     Defendants admit Delegate BaCote was first elected in 2003.  Defendants further admit that she won the 2003 general election with 64.68% and the 2005 general election with 71.55% of the vote.  Defendants additionally admit that Delegate BaCote ran unopposed in the 2007 and 2009 general elections.  Defendants otherwise are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61.

62. Defendants deny the allegations contained in Paragraph 62.

63. Defendants admit Delegate BaCote won the 2011 general election with 76.73% of the vote and the 2013 general election with 76.49% of the vote. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63.

64. Defendants admit that District 95 includes portions of the cities of Newport News and Hampton. Defendants deny the remaining allegations contained in Paragraph 64.

65. Defendants deny the allegations contained in Paragraph 65.

### House of Delegates District 63

66. Defendants admit the allegations contained in Paragraph 66.

67. Defendants admit that a voting district referred to as District 63 has been represented by an African American delegate for at least 12 years. Defendants further admit that Delegate Rosalyn R. Dance won a 2005 special election with 69% of the vote. Defendants additionally admit that Delegate Dance was not opposed in the general election in 2007, 2009, 2011 and 2013. District 63 is now represented by Delegate Joseph Preston. Defendants deny the remaining allegations contained in Paragraph 67.

68. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68.

69. Defendants deny the allegations contained in Paragraph 69.

70. Defendants deny the allegations contained in Paragraph 70.

### House of Delegates District 77

71. Defendants admit the allegations contained in Paragraph 71.

72. Defendants admit that a voting district referred to as District 77 has been represented by an African American delegate since 1994. Defendants further admit that District 77 currently is represented by Delegate Lionell Spruill, Sr.

73. Defendants deny the allegations contained in Paragraph 73.

74. Defendants admit that District 77 includes part of the City of Suffolk but deny the all the remaining allegations contained in Paragraph 74.

### House of Delegates District 74

75. Defendants admit the allegations contained in Paragraph 75.

76. Defendants admit that a voting district referred to as District 74 was represented by Donald McEachin and Floyd Miles, Sr. from 1996 through 2007. Defendants further admit that both men are African American.

77. Defendants admit that Delegate Joseph D. Morrissey currently represents District 74 and has represented a voting district referred to as District 74 since 2009. Defendants further admit that Delegate Morrissey is not African-American. Defendants further admit Delegate Morrissey won the 2009 general election with 76.2% of the vote, and the 2011 general election with 72.9% of the vote. Defendants admit he ran unopposed in the 2013 general election. Defendants otherwise are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77.

78. Defendants deny the allegations contained in Paragraph 78.

### House of Delegates District 75

79. Defendants admit that District 75 includes all of the counties of Brunswick and Greensville; parts of the counties of Dinwiddie, Isle of Wight, Lunenburg, Southampton, Surry,

and Sussex; the city of Emporia; and part of the city of Franklin. Defendants deny the remaining allegations contained in Paragraph 79.

80.  Defendants admit that District 75 currently is represented by Delegate Roslyn C. Tyler, who is African American and who was first elected in 2005.  Defendants admit she won 50.66% of the vote in the 2005 general election.  Defendants further admit that Delegate Tyler ran unopposed in 2007 and 2009 general elections.  Defendants otherwise are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80.

81.  Defendants deny the allegations contained in Paragraph 81.

82.  Defendants admit that Delegate Tyler was re-elected in 2011 with 66.08% of the vote and in 2013 with 62.39% of the vote.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82.

**House of Delegates District 69**

83.  Defendants admit the allegations contained in Paragraph 83.

84.  Defendants admit that Delegate Betsy Carr currently represents District 69 and has represented a voting district referred to as District 69 since 2009.  Defendants further admit that Delegate Carr is White.  Defendants further admit that Delegate Betsy Carr won reelection in 2013 with 87.04% of the vote.  Defendants further admit Delegate Betsy Carr ran unopposed in the 2011 general election and won the seat in 2009 with 72.71% of the vote.  Defendants otherwise are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84.

85   Defendants deny the allegations contained in Paragraph 85.

10

### House of Delegates District 70

86. Defendants admit the allegations contained in Paragraph 86.

87. Defendants admit that District 70 currently is represented by Delegate Delores L. McQuinn, and that between 1994 and 2008, then Delegate Dwight C. Jones represented a voting district referred to as District 70. Defendants further admit that each of these individuals are African American and that a voting district referred to as District 70 has been represented by an African American delegate for over 30 years. Defendants deny all other allegations contained in Paragraph 87.

88. Defendants admit that Delegate McQuinn was first elected in 2009 by winning 77.64% of the vote. Defendants further admit that Delegate McQuinn ran unopposed in 2011 and 2013. Defendants otherwise are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88.

89. Defendants deny the allegations contained in Paragraph 89.

### House of Delegates District 90

90. Defendants admit the allegations contained in Paragraph 90.

91. Defendants admit that District 90 currently is represented by Delegate Joseph C. Lindsey. Defendants deny the remaining allegations contained in Paragraph 91.

92. Defendants admit that Delegate Lindsey was first elected in 2014 by winning 80.39% of the vote. Defendants further admit that a voting district referred to as District 90 has been represented by an African American delegate since at least 1982. Defendants otherwise are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92.

93. Defendants admit that Delegate Algie Howell represented a voting district referred to as District 90 during the period of 2004 until 2014. Defendants deny the remaining allegations contained in Paragraph 93.

94. Defendants deny the allegations contained in Paragraph 94.

**House of Delegates District 92**

95. Defendants admit the allegations contained in Paragraph 95.

96. Defendants deny the allegations contained in Paragraph 96.

97. Defendants admit that Delegate Jeion A. Ward represents District 92 and has represented a voting district referred to as District 92 since 2003 when Delegate Ward won 54.15% of the vote. Defendants further admit that Delegate Ward is African American. Defendants otherwise are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph

\* \* \*

98. Defendants deny the allegations contained in Paragraph 98.

99. Defendants deny the allegations contained in Paragraph 99.

100. Defendants deny the allegations contained in Paragraph 100.

101. Defendants deny the allegations contained in Paragraph 101.

102. Defendants deny the allegations contained in Paragraph 102.

**Cause of Action: Violation of the Equal Protection Clause of the United States Constitution**

103. Defendants repeat and reallege paragraphs 1 through 102 of this Answer above as if fully set forth herein.

104. Defendants state that Paragraph 104 contains no factual allegations to which any response is required.

105. Defendants deny the allegations contained in Paragraph 105.

106. Defendants deny the allegations contained in Paragraph 106.

107. Defendants deny the allegations contained in Paragraph 107.

108. Defendants deny the allegations contained in Paragraph 108.

### THIRD DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

### FOURTH DEFENSE

Plaintiffs' Complaint fails to allege damages that could be remedied by successful resolution of this case. The Complaint simply asserts that each plaintiff is a registered voter and in which House of Delegate District they reside. The Complaint then describes each such District. There is no articulation, other than through sheer speculation, what injury each plaintiff is asserting, how the Districts, as constituted are causally connected to such injuries, and how such injury would be redressed by a favorable decision.

### FIFTH DEFENSE

The redistricting plan enacted in 2011 by Virginia General Assembly is lawful and was drawn in accordance with all requirements of the United States Constitution.

### SIXTH DEFENSE

Defendants reserve the right to designate additional defenses as they may come to light during the course of investigation, discovery, or otherwise.

**WHEREFORE**, for the foregoing reasons, Defendants respectfully request that this Honorable Court dismiss Plaintiffs' Complaint with prejudice and award Defendants reasonable attorneys' fees and costs, as well as such other and further relief that the Court deems just and equitable.

Respectfully submitted,

By: */s/ Jeffrey P. Brundage*
Kathleen A. Gallagher[2] (*pro hac vice*)
Daniel A. Glass (*pro hac vice*)
Jeffrey P. Brundage
Virginia Bar # 80179
Attorneys for Defendants
ECKERT SEAMANS CHERIN
  & MELLOTT, LLC
1717 Pennsylvania Avenue, NW
Suite 1200
Washington, D.C. 20006
Tel: (202) 659-6600
Fax: (202) 659-6699
kgallagher@eckertseamans.com
dglass@eckertseamans.com
jbrundage@eckertsemans.com

Anthony F. Troy
Virginia State Bar # 05985
Richard L. Savage, III
Virginia Bar # 37798
Attorneys for Defendants
ECKERT SEAMANS CHERIN
  & MELLOTT, LLC
Eighth and Main Building, Suite 1450
707 East Main Street
Richmond, VA 23219
Tel: (804) 788-7740
Fax: (804) 698-2950
ttroy@eckertseamans.com
rsavage@eckertseamans.com

---

[2] Not admitted to practice law in the District of Columbia.

                Godfrey T. Pinn, Jr.
                Virginia Bar # 43106
                Attorney for Defendants
                HARRELL & CHAMBLISS LLP
                Eighth and Main Building
                707 East Main Street
                Suite 1000
                Richmond, VA 23219
                Tel: (804) 643-8401
                Fax: (804) 648-2707
                gpinn@hclawfirm.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 18th day of February, 2015, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

      John Roche
Virginia Bar # 68594
Marc Elias *(pro hac vice)*
Elisabeth Frost *(pro hac vice)*
Attorneys for Plaintiffs
PERKINS COIE LLP
700 13th Street, NW
Suite 600
Washington, D.C. 20005
Tel: (202) 654-6200
Fax: (202) 654-6211
jroche@perkinscoie.com
melias@perkinscoie.com
efrost@perkinscoie.com

Kevin Hamilton *(pro hac vice)*
Abha Khanna *(pro hac vice)*
Attorneys for Plaintiffs
PERKINS COIE LLP
1201 Third Avenue
Suite 4800
Seattle, WA 98101
Tel: (206) 359-8312
Fax: (206) 359-9000
khamilton@perkinscoie.com
akhanna@perkinscoie.com


Jennifer M. Walrath
Virginia Bar # 75548
Katherine L. McKnight
Virginia Bar # 81482
E. Mark Braden (*pro hac vice*)
Attorneys for Interveners
BAKER & HOSTETLER LLP
1050 Connecticut Avenue, NW
Suite 1100
Washington, D.C. 20036
Tel: (202) 861-1500
Fax: (202) 861-1783

        jwalrath@bakerlaw.com
        kmcknight@bakerlaw.com
        mbraden@bakerlaw.com

And I hereby certify that I will mail the document by U.S. mail to the following non-filing user:

    Dale Oldham, Esq.
    Attorney for Interveners
    1119 Susan St.
    Columbia, SC 29210
    Tel: (803) 772-7729
    dloesq@aol.com

        */s/ Jeffrey P. Brundage*
        Jeffrey P. Brundage, Esq.
        Virginia Bar # 80179
        Attorneys for Defendants
        ECKERT SEAMANS CHERIN
         & MELLOTT, LLC
        1717 Pennsylvania Avenue, NW
        Suite 1200
        Washington, D.C. 20006
        Tel: (202) 659-6600
        Fax: (202) 659-6699
        jbrundage@eckertsemans.com