IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| GOLDEN BETHUNE-HILL, an individual; CHRISTA BROOKS, an individual; CHAUNCEY BROWN, an individual; ATOY CARRINGTON, an individual; DAVINDA DAVIS, an individual; ALFREDA GORDON, an individual; CHERRELLE HURT, an individual; THOMAS CALHOUN, an individual; TAVARRIS SPINKS, an individual; MATTIE MAE URQUHART, an individual; VIVIAN WILLIAMSON, an individual; and SHEPPARD ROLAND WINSTON, an individual,<br><br>              Plaintiffs,<br><br>      v.<br><br>VIRGINIA STATE BOARD OF ELECTIONS; CHARLIE JUDD, in his capacity as Chairman of the Virginia State Board of Elections; KIMBERLY BOWERS, in her capacity as Vice-Chair of the Virginia State Board of Elections; JAMES B. ALCORN, in his capacity as Secretary of the Virginia State Board of Elections; VIRGINIA DEPARTMENT OF ELECTIONS; and EDGARDO CORTES, in his capacity as Commissioner of the Virginia Department of Elections,<br><br>              Defendants. | Civil Action No. 3:14-cv-00852-REP-GBL-BMK<br><br>**Three-Judge Court Requested** |

**AMENDED COMPLAINT**

    1.    Plaintiffs bring this action to challenge the constitutionality of Virginia

House of Delegates Districts 63, 69, 70, 71, 74, 75, 77, 80, 89, 90, 92, and 95 (the

COMPLAINT – 1

"Challenged Districts") as racial gerrymanders in violation of the Equal Protection Clause of the Fourteenth Amendment.

2.  During the 2010-2011 redistricting cycle, the Virginia General Assembly adopted a House of Delegates Redistricting Plan (the "2011 Plan") pursuant to which each of the Challenged Districts was purposefully drawn to have an African-American voting age population that met or exceeded a pre-determined 55% threshold. As a result, African-American voters were illegally packed into the Challenged Districts, thereby diminishing their influence in the surrounding districts.

3.  The General Assembly adopted the 55% racial threshold without justification, including any determination that the threshold was reasonably necessary to avoid retrogression in each of the Challenged Districts or otherwise comply with the Voting Rights Act of 1965.

4.  The General Assembly's racial gerrymander is further evidenced by the objective characteristics of several of the Challenged Districts, in which traditional districting principles were plainly subjugated to the 2011 Plan's predominant racial purpose, resulting in bizarrely shaped and highly non-compact districts that cross natural geographical boundaries and split political subdivisions with impunity.

5.  Drawn with race as their predominant purpose, without compelling justification or narrow tailoring, the Challenged Districts cannot pass constitutional muster.

6.  Plaintiffs seek a declaration that the Challenged Districts are invalid and an injunction prohibiting the Defendants from calling, holding, supervising, or taking any action with respect to House of Delegates elections based on the Challenged Districts as they currently stand.

## PARTIES

7. Plaintiff Dr. Vivian Williamson is a United States citizen and registered voter in the Commonwealth of Virginia. She currently resides in House of Delegates District 63.

8. Plaintiff Cherrelle Hurt is a United States citizen and registered voter in the Commonwealth of Virginia. She currently resides in House of Delegates District 69.

9. Plaintiff Sheppard Roland Winston is a United States citizen and registered voter in the Commonwealth of Virginia. He currently resides in House of Delegates District 70.

10. Plaintiff Tavarris Spinks is a United States citizen and registered voter in the Commonwealth of Virginia. He currently resides in House of Delegates District 71.

11. Plaintiff Christa Brooks is a United States citizen and registered voter in the Commonwealth of Virginia. She currently resides in House of Delegates District 74.

12. Plaintiff Mattie Mae Urquhart is a United States citizen and registered voter in the Commonwealth of Virginia. She currently resides in House of Delegates District 75.

13. Plaintiff Alfreda Gordon is a United States citizen and registered voter in the Commonwealth of Virginia. She currently resides in House of Delegates District 77.

14. Plaintiff Davinda Davis is a United States citizen and registered voter in the Commonwealth of Virginia. She currently resides in House of Delegates District 80.

15. Plaintiff Atoy Carrington is a United States citizen and registered voter in the Commonwealth of Virginia. She currently resides in House of Delegates District 89.

16. Plaintiff Thomas Calhoun is a United States citizen and registered voter in the Commonwealth of Virginia. He currently resides in House of Delegates District 90.

17. Plaintiff Chauncey Brown is a United States citizen and registered voter in the Commonwealth of Virginia. He currently resides in House of Delegates District 92.

18. Plaintiff Golden Bethune-Hill is a United States citizen and registered voter in the Commonwealth of Virginia. She currently resides in House of Delegates District 95.

19. Defendant the Virginia State Board of Elections is responsible for the regulation of Virginia elections, including issuing rules and regulations for the conduct of all elections in the Commonwealth.

20. Defendants Charlie Judd, Kimberly Bowers, and James B. Alcorn are sued in their respective official capacities as Chairman, Vice-Chair, and Secretary of the Virginia State Board of Elections. In their official capacities, Defendants Judd, Bowers, and Alcorn are collectively responsible for the regulation of Virginia elections, including issuing rules and regulations for the conduct of all elections in the Commonwealth.

21. Defendant the Virginia Department of Elections is responsible for promoting and supporting accurate, fair, open and secure elections for the citizens of the Commonwealth and with implementing election laws and regulations.

22. Defendant Edgardo Cortes is sued in his official capacity as Commissioner of the Virginia Department of Elections. In his official capacity, Defendant Cortes is responsible for promoting and supporting accurate, fair, open and secure elections for the citizens of the Commonwealth and is charged with implementing election laws and regulations.

**JURISDICTION AND VENUE**

23. This Court has jurisdiction to hear Plaintiffs' claim pursuant to 42 U.S.C. §§ 1983 and 1988, and 28 U.S.C. §§ 1331, 1343(a)(3), and 1357. This Court has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

COMPLAINT – 4

**Perkins Coie LLP**
700 Thirteenth St. N.W., Suite 600
Washington, D.C. 20005-3960
Phone: 202.654.6200
Fax: 202.654.6211

24. A three-judge district court is requested pursuant to 28 U.S.C. § 2284(a), as Plaintiffs' action "challeng[es] the constitutionality of the apportionment of a statewide legislative body."

25. Venue is proper under 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

26. On April 28, 2011, the Virginia General Assembly redrew Virginia's 100 House of Delegates districts, as set forth at Va. Code Ann. § 24.2-304.03.

27. Virginia received the 2010 decennial census redistricting data from the Census Bureau on February 3, 2011, during the General Assembly's regular 2011 session. The session expired on February 27, 2011, before the General Assembly had adopted a new state legislative plan. That day, the Governor of Virginia called for a special session to address redistricting.

28. During the special session, the House Committee on Privileges and Elections established various guidelines to govern the House of Delegates redistricting process.

29. Those guidelines provided, *inter alia*, that "[d]istricts shall be drawn in accordance with the laws of the United States and the Commonwealth of Virginia including compliance with protections against the unwarranted retrogression or dilution of racial or ethnic minority voting strength."

30. The guidelines further provided that "population equality among districts and compliance with federal and state constitutional requirements and the Voting Rights Act of 1965 shall be given priority in the event of conflict among the [redistricting] criteria."

31. On April 27, 2011, during the special session, the Virginia House of Delegates passed HB 5005, which proposed new House of Delegates districts. The next day, on April 28, 2011, the Virginia Senate approved HB 5005.

COMPLAINT – 5

Perkins Coie LLP
700 Thirteenth St. N.W., Suite 600
Washington, D.C. 20005-3960
Phone: 202.654.6200
Fax: 202.654.6211

32. Virginia Governor Bob McDonnell signed HB 5005 into law on April 29, 2011.

33. HB 5005 was codified as Va. Code Ann. § 24.2-304.03, which defines the 2011 Plan. On November 8, 2011, Virginia held elections for the first time under the 2011 Plan.

34. The 2011 Plan divides Virginia into 100 House of Delegates districts. In the twelve Challenged Districts, African-Americans constitute a majority of the total voting age population.

35. During the redistricting process, the Virginia General Assembly adopted a 55% African-American voting age population floor for each of the twelve Challenged Districts. *See Page v. Va. State Bd. of Elections*, No. 3:13-cv-00678, 2014 WL 5019686 at *8 (E.D. Va. Oct. 7, 2014).

36. Thus, the General Assembly altered the boundaries of each of the Challenged Districts in order to meet, maintain, or exceed that 55% threshold.

37. Several delegates who represent districts with significant majority African-American populations were specifically told by Republican members of the House of Delegates or their staffers that the delegates representing those districts could draw their districts any way they wished, so long as the African-American voting age population met or exceeded the 55% threshold.

38. The Virginia General Assembly's blind adherence to a 55% African-American voting age population floor indicates that the 2011 Plan's packing of voters was a decision driven primarily by race.

39. The General Assembly adopted the 55% racial threshold without any data indicating that a 55% African-American voting age population was necessary to allow

COMPLAINT – 6

Perkins Coie LLP
700 Thirteenth St. N.W., Suite 600
Washington, D.C. 20005-3960
Phone: 202.654.6200
Fax: 202.654.6211

voters in each of the Challenged Districts "to elect representatives of their choice," ensure nonretrogression, or otherwise comply with the Voting Rights Act. As such, the Plan was plainly not adopted to further a compelling interest, nor was it narrowly tailored to achieve any such interest.

40. Under the 2011 Plan, African-American voters are uniformly packed into already effective majority African-American districts without justification. At least three of the Challenged Districts (Districts 71, 80, and 89) have been represented by an African-American delegate for over two decades even though they had an African-American voting age population below the 2011 Plan's 55% threshold.

41. In order to meet the arbitrary 55% racial threshold, several of the Challenged Districts were necessarily drawn without regard for traditional districting principles and are bizarrely-shaped and highly non-compact and/or conspicuously split a large number of political subdivisions or ignore natural geographic boundaries.

42. The 2011 Plan's purely racial classification of voters is demonstrated by the peculiar characteristics of each of the Challenged Districts.

**House of Delegates District 71**

43. District 71 is located in east central Virginia. It includes part of Henrico County and part of the city of Richmond.

44. District 71 has been represented by an African-American delegate for over 30 years, since at least 1983. It is currently represented by Delegate Jennifer L. McClellan, who was first elected in 2005, when she ran unopposed. Delegate McClellan won reelection in 2007, again without opposition. In the 2009 election, held under the prior redistricting plan, Delegate McClellan easily won reelection with 82.4% of the vote.

COMPLAINT – 7

Perkins Coie LLP
700 Thirteenth St. N.W., Suite 600
Washington, D.C. 20005-3960
Phone: 202.654.6200
Fax: 202.654.6211

45. The prior District 71, in which Delegate McClellan ran in 2005, 2007, and 2009, and won with a large supermajority (when she was even challenged), had an African-American voting age population of just 46.3%, well below the 55% threshold imposed by the General Assembly in the most recent redistricting cycle.

46. Despite District 71's strong history of African-American representation with significantly lower African-American voting age populations, the General Assembly increased the district's African-American voting age population by 9% in order to meet the 55% threshold, from 46.3% to 55.3%. In the 2011 election, which was held under the 2011 Plan, Delegate McClellan ran unopposed. In 2013, Delegate McClellan won reelection with 97.9% of the vote.

**House of Delegates District 80**

47. District 80 is located in southeastern Virginia. It includes part of the cities of Chesapeake, Norfolk, Portsmouth, and Suffolk.

48. District 80 has been represented by an African-American delegate for almost 30 years, since 1986. It is currently represented by Delegate Matthew James, who first won the seat in 2009 under the prior redistricting plan with almost 70% of the vote.

49. The African-American voting age population in District 80 increased from 54.4% to 56.3% under the 2011 Plan.

50. Delegate James ran unopposed in the 2011 and 2013 elections, both held under the 2011 Plan. District 80 is not compact. One common method of measuring compactness is the Reock test, which measures the ratio between the area of the district and the area of the smallest circle that can fit around the district. Reock scores fall between 0 (least compact) and 1 (most compact). District 80 has a Reock score of .26. This represents

COMPLAINT – 8

Perkins Coie LLP
700 Thirteenth St. N.W., Suite 600
Washington, D.C. 20005-3960
Phone: 202.654.6200
Fax: 202.654.6211

a 33% reduction in compactness from the 2001 redistricting plan, under which the district's Reock score was .39.

### House of Delegates District 89

51. District 89 is located in southeastern Virginia. It is comprised of part of the city of Norfolk.

52. District 89, currently represented by Delegate Daun Sessoms Hester, has been represented by an African-American delegate for 30 years, since 1984.

53. Delegate Kenneth Alexander represented District 89 from August 2002 to September 2012, handily winning elections with supermajorities or in unopposed races throughout his tenure. In 2009, he won reelection with 81% of the vote.

54. Under the 2011 Plan, the General Assembly increased the African-American voting age population in District 89 from 52.5% to 55.5% to meet the 55% threshold.

55. In the 2011 election, which was held under the 2011 Plan, Delegate Alexander ran unopposed.

56. Delegate Hester won the seat in a special election in 2012 following Delegate Alexander's resignation after Delegate Alexander won a special election for a State Senate seat. In the 2012 special election, Delegate Hester received 93.5% of the vote.

57. District 89 is significantly less compact now than it was under the 2001 redistricting plan. With a a Reock score of 0.40, the district saw a 31% decrease in compactness under the 2011 Plan.

58. District 89 was drawn without regard for geographical boundaries. It is not contiguous by land. The district crosses the Elizabeth River in order to capture more African-American voters in the Berkley area of Norfolk.

COMPLAINT – 9

Perkins Coie LLP
700 Thirteenth St. N.W., Suite 600
Washington, D.C. 20005-3960
Phone: 202.654.6200
Fax: 202.654.6211

### House of Delegates District 95

59. District 95 is located in southeastern Virginia. It includes part of the cities of Hampton and Newport News.

60. Currently represented by Delegate Mayme E. BaCote, District 95 has been represented by an African-American delegate for over 30 years, since at least 1983.

61. Delegate BaCote was first elected to the House of Delegates in 2003 with 64.7% of the vote. In 2005, she received 71.6% of the vote. In 2007 and 2009, Delegate BaCote ran unopposed.

62. Under the 2011 Plan, District 95 has an African-American voting age population of 60%, well over the 55% threshold.

63. In 2011, Delegate BaCote was reelected under the new Plan with 76.7% of the vote. In 2013, she received 76.5% of the vote.

64. District 95 is bizarre on its face. The district not only includes South Newport News and part of Hampton, it further extends a long, thin tentacle in between two majority-White districts in order to gather additional African-American voters in central and north Newport News.

65. District 95 is the least compact House of Delegates district in Virginia, with a Reock score of 0.14.

### House of Delegates District 63

66. District 63 is located in east central Virginia. It includes all of the city of Petersburg, part of the city of Hopewell, and part of Chesterfield, Dinwiddie, and Prince George Counties.

67. District 63 has been represented by an African-American delegate for over 12 years. The district is currently represented by Delegate Rosalyn R. Dance, who first won

COMPLAINT – 10

Perkins Coie LLP
700 Thirteenth St. N.W., Suite 600
Washington, D.C. 20005-3960
Phone: 202.654.6200
Fax: 202.654.6211

the seat in a 2005 special election with over 60% of the vote. Delegate Dance has run unopposed in every election since, including the 2011 and 2013 elections held under the 2011 Plan.[1]

68. Under the 2011 Plan, the district has an African-American voting age population of almost 60%.

69. District 63 is not compact and selectively picks up areas with high concentrations of African-American voters beyond the political boundaries that it encompassed prior to the 2011 redistricting. Specifically, prior to the enactment of the 2011 Plan, the district encompassed only the city of Petersburg and Dinwiddie and Chesterfield Counties. During the 2011 redistricting process, the General Assembly increased the African-American population of the district by extending the district northward so that it encompassed majority African-American areas in the city of Hopewell.

70. Of all 100 House of Delegates districts, District 63's Reock score changed the most between the 2001 and the 2011 redistricting plans. The district currently has a Reock score of 0.25. Its predecessor district had a Reock score of 0.61. Thus, the 2011 Plan rendered the District 59% less compact than it was under the 2001 redistricting plan.

**House of Delegates District 77**

71. District 77 is located in southeastern Virginia. It includes part of the cities of Chesapeake and Suffolk.

72. District 77, which is currently represented by Delegate Lionell Spruill, Sr., has been represented by an African-American delegate for over 20 years, since 1994.

---

[1] Delegate Dance won a State Senate seat in the November 2014 election. A special election to fill District 63 is scheduled for January 6, 2015.

COMPLAINT – 11

Perkins Coie LLP
700 Thirteenth St. N.W., Suite 600
Washington, D.C. 20005-3960
Phone: 202.654.6200
Fax: 202.654.6211

73. Despite this lengthy history of reliable African-American representation of the district, the General Assembly increased the African-American voting age population in District 77 from 57.6% to 58.8% in the 2011 Plan.  Thus, the district maintains a minority voting age population well over the 55% threshold.

74. District 77 is sprawling and bizarre on its face.  It includes part of the city of Suffolk but extends into the Indian River area of Chesapeake in order to capture additional African-American voters.  Not surprisingly, it is also not compact, with a Reock score of 0.19.

**House of Delegates District 74**

75. District 74 is located in east central Virginia.  It includes all of Charles City County, part of Henrico County, and part of the city of Richmond.

76. From 1996 through 2007, District 74 was represented by an African-American delegate.

77. District 74's current representative, Delegate Joseph D. Morrisey, is not African-American, but in 2009, he won over 76% of the vote, and in 2011 he won a comparable 72.9% of the vote.  In 2013, he ran unopposed.

78. District 74 is an oddly shaped district.  Its southernmost part encompasses Charles City County, but then extends in a very long, thin arm into Richmond and Henrico County in order to encompass additional African-American voters.  It is one of the least compact House of Delegates districts, with a Reock score of .16.

**House of Delegates District 75**

79. District 75 is located in Southside Virginia.  It includes all of Brunswick and Greensville Counties; part of Dinwiddie, Isle of Wight, Lunenburg, Southampton, Surry, and Sussex Counties; all of the city of Emporia; and part of the city of Franklin.  Its

COMPLAINT – 12

Perkins Coie LLP
700 Thirteenth St. N.W., Suite 600
Washington, D.C. 20005-3960
Phone: 202.654.6200
Fax: 202.654.6211

extensive reach includes African-American communities stretching across eight counties and two cities.

80. District 75 is currently represented by an African American, Delegate Roslyn C. Tyler. Delegate Tyler has represented the district since 2005, when she received 50.7% of the vote. In the two subsequent elections, she ran unopposed.

81. The current African-American voting age population in District 75 is 55.4%, meeting the 55% threshold.

82. Under the 2011 Plan, Delegate Tyler won reelection with 66% of the vote in 2011 and 62.4% in 2013.

### House of Delegates District 69

83. District 69 is located in east central Virginia. It includes part of Chesterfield County and part of the City of Richmond.

84. District 69 is currently represented by Delegate Betsy Carr, who is White. Delegate Carr won reelection 2013 with 87% of the vote. She ran unopposed in 2011, and won the seat in 2009 with 73% of the vote.

85. The current African-American voting age population in District 69 is 55.2%, meeting the 55% threshold.

### House of Delegates District 70

86. District 70 is located in east central Virginia. It includes part of Chesterfield and Henrico counties and part of the city of Richmond.

87. District 70 has been represented by an African-American delegate for over 30 years, since at least 1983; its current representative is Delegate Delores L. McQuinn. Delegate Dwight C. Jones, and African American, represented District 70 from 1994 to 2008. He ran unopposed in every election under the 2001 redistricting plan.

COMPLAINT – 13

88.     Delegate McQuinn was first elected to the district in 2009, winning 78% of the vote.  In 2011 and 2013, under the 2011 Plan, she ran unopposed.

89.     The current African-American voting age population in District 70 is 56.4%, exceeding the 55% threshold.

### House of Delegates District 90

90.     District 90 is located in southeastern Virginia.  It includes part of the cities of Norfolk and Virginia Beach.

91.     District 90 has an African-American voting age population of 56.6%, exceeding the 55% threshold, and is currently represented by African-American Delegate Joseph C. Lindsey.

92.     District 90 has been represented by an African-American delegate for over 30 years; since at least 1983.  Its current representative is Delegate Lindsey, who was first elected to the district in 2014, winning 80% of the vote.

93.     Delegate Howell represented District 90 from 2004 to 2014, winning elections with supermajorities or in unopposed races throughout his tenure.

94.     District 90 is oddly shaped and not contiguous by land.  It crosses the Elizabeth River in two different areas in order to capture additional African-American voters in different sections of Norfolk and Virginia Beach.

### House of Delegates District 92

95.     District 92 is located in southeastern Virginia.  It is comprised of part of the city of Hampton.

96.     The African-American voting age population of the district is 60.7%, well above the 55% threshold.

Perkins Coie LLP
700 Thirteenth St. N.W., Suite 600
Washington, D.C.  20005-3960
Phone:  202.654.6200
Fax:  202.654.6211

97. District 92 is currently represented by an African American, Delegate Jeion A. Ward, who was first elected to the chamber in 2003 with 54.2% of the vote. Delegate Ward was reelected in 2005 with 78.5% of the vote. She ran unopposed in every election since.

\* \* \*

98. The House of Delegates districts described above were created with race as the predominant consideration. No other conclusion is possible based on the General Assembly's strict adherence to the 55% racial threshold in every single one of the State's twelve majority-minority districts, applied without analysis or justification, and its simultaneous failure in many of the same districts to comply with traditional districting principles of compactness and respect for political subdivisions and geographical boundaries.

99. The predominant consideration of race with respect to the Challenged Districts is not justified by a compelling state interest.

100. The General Assembly had no basis in evidence for believing that a 55% threshold was necessary to enable African-American voters in the Challenged Districts to elect representatives of their choice. Indeed, many of these districts have a long history of electing African-American delegates at African-American voting age populations well below the 55% threshold.

101. Nor can compliance with the Voting Rights Act justify the indiscriminate application of a racial threshold, which was adopted without any analysis of racial voting patterns.

102. Even if there were a compelling state interest to create and maintain the Challenged Districts with race as the predominant factor, the Challenged Districts are not

COMPLAINT – 15

Perkins Coie LLP
700 Thirteenth St. N.W., Suite 600
Washington, D.C. 20005-3960
Phone: 202.654.6200
Fax: 202.654.6211

narrowly tailored to achieve that interest, as the General Assembly employed a blanket racial threshold without performing any analysis whatsoever to determine the minority voting percentage necessary for African-American voters to achieve or maintain the ability to elect their candidates of choice.

## CAUSE OF ACTION

### Violation of the Equal Protection Clause of the United States Constitution

103. Plaintiffs reallege and incorporate by reference, as if fully set forth herein, the allegations in paragraphs 1-102 above.

104. The Fourteenth Amendment of Section 1 of the United States Constitution provides in relevant part: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

105. Race was the predominant factor in the creation of the Challenged Districts.

106. The use of race as the predominant factor with respect to the Challenged Districts is not narrowly tailored to serve a compelling state interest.

107. Accordingly, House of Delegate districts 63, 69, 70, 71, 74, 75, 77, 80, 89, 90, 92, and 95 violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

108. Plaintiffs have no adequate remedy at law other than the judicial relief sought here. The failure to temporarily and permanently enjoin the conduct of elections based on the twelve Challenged Districts will irreparably harm Plaintiffs by violating their constitutional rights.

COMPLAINT – 16

Perkins Coie LLP
700 Thirteenth St. N.W., Suite 600
Washington, D.C. 20005-3960
Phone: 202.654.6200
Fax: 202.654.6211

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that this Court:

A.  Convene a court of three judges pursuant to 28 U.S.C. § 2284(a);

B.  Declare that House of Delegate Districts 63, 69, 70, 71, 74, 75, 77, 80, 89, 90, 92, and 95 under the 2011 Plan are racial gerrymanders in violation of the Equal Protection Clause of the Fourteenth Amendment;

C.  Issue a permanent injunction enjoining Defendants from enforcing or giving any effect to the boundaries of the Challenged Districts as drawn in the 2011 Plan, including an injunction barring Defendants from conducting any further elections for the Virginia House of Delegates based on the Challenged Districts;

D.  Hold hearings, consider briefing and evidence, and otherwise take actions necessary to determine and order a valid plan for new House of Delegate districts in the Commonwealth of Virginia; and

E.  Grant such other or further relief the Court deems to be appropriate, including but not limited to an award of Plaintiffs' attorneys' fees and reasonable costs.

COMPLAINT – 17

**Perkins Coie** LLP
700 Thirteenth St. N.W., Suite 600
Washington, D.C.  20005-3960
Phone:  202.654.6200
Fax:  202.654.6211

Dated:  June 15, 2015

Respectfully submitted,

By /s/ *John K. Roche*
   John K. Roche (VSB# 68594)
   Marc Erik Elias (admitted *pro hac vice*)
   Bruce V. Spiva (admitted *pro hac vice*)
   Elisabeth C. Frost (admitted *pro hac vice*)
   Aria C. Branch (VSB # 83682)
   **Perkins Coie, LLP**
   700 13th St. N.W., Suite 600
   Washington, D.C. 20005-3960
   Phone:  (202) 434-1627
   Fax:  (202) 654-9106
   Email: JRoche@perkinscoie.com
   Email: MElias@perkinscoie.com
   Email: BSpiva@perkinscoie.com
   Email: EFrost@perkinscoie.com
   Email: ABranch@perkinscoie.com


   Kevin J. Hamilton (admitted *pro hac vice*)
   Abha Khanna (admitted *pro hac vice*)
   Ryan Spear (admitted *pro hac vice*)
   William B. Stafford (admitted *pro hac vice*)
   Perkins Coie, LLP
   1201 Third Avenue, Ste. 4800
   Seattle, WA 98101-3099
   Phone:  (206) 359-8000
   Fax:  (206) 359-9000
   Email: KHamilton@perkinscoie.com
   Email: AKhanna@perkinscoie.com
   Email: RSpear@perkinscoie.com
   Email: BStafford@perkinscoie.com

*Attorneys for Plaintiffs*

COMPLAINT – 18

**Perkins Coie LLP**
700 Thirteenth St. N.W., Suite 600
Washington, D.C.  20005-3960
Phone:  202.654.6200
Fax:  202.654.6211

## CERTIFICATE OF SERVICE

On June 15, 2015, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

| | |
|---|---|
| Jennifer Marie Walrath<br>Katherine Lea McKnight<br>Baker & Hostetler LLP (DC)<br>1050 Connecticut Ave NW<br>Suite 1100<br>Washington, DC 20036<br>202-861-1702<br>Fax: 202-861-1783<br>jwalrath@bakerlaw.com<br>kmcknight@bakerlaw.com | Jeffrey P. Brundage<br>Daniel Ari Glass<br>Kathleen Angell Gallagher<br>Eckert Seamans Cherin & Mellott LLC<br>1717 Pennsylvania Ave NW, Suite 1200<br>Washington, D.C. 20006<br>202-659-6600<br>Fax: 202-659-6699<br>jbrundage@eckertseamans.com<br>dglass@eckertseamans.com<br>kgallagher@eckertseamans.com |
| Effrem Mark Braden<br>Baker & Hostetler LLP (DC-NA)<br>Washington Square<br>Suite 1100<br>Washington, DC 20036<br>202-861-1504<br>Fax: 202-861-1783<br>mbraden@bakerlaw.com | Godfrey T. Pinn, Jr.<br>Harrell & Chambliss LLP<br>Eighth and Main Building<br>707 East Main Street<br>Suite 1000<br>Richmond, VA 23219<br>gpinn@hclawfirm.com |
| Of counsel:<br><br>Dale Oldham, Esq.<br>1119 Susan St.<br>Columbia, SC 29210<br>803-772-7729<br>dloesq@aol.com<br><br>*Attorneys for Intervenor-Defendants* | Anthony F. Troy<br>Eckert Seamans Cherin & Mellott LLC<br>707 East Main Street<br>Suite 1450<br>Richmond, Virginia 23219<br>804-788-7751<br>Fax: 804-698-2950<br>ttroy@eckertseamans.com<br><br>*Attorneys for Defendants* |

COMPLAINT – 19

Perkins Coie LLP
700 Thirteenth St. N.W., Suite 600
Washington, D.C. 20005-3960
Phone: 202.654.6200
Fax: 202.654.6211

By */s/ John K. Roche*
John K. Roche (VSB No. 68594)
Perkins Coie LLP
700 13th St. N.W., Suite 600
Washington, D.C. 20005-3960
Phone:  (202) 434-1627
Fax:  (202) 654-9106
JRoche@perkinscoie.com

*Attorneys for Plaintiffs*

COMPLAINT – 20

**Perkins Coie LLP**
700 Thirteenth St. N.W., Suite 600
Washington, D.C.  20005-3960
Phone:  202.654.6200
Fax:  202.654.6211