IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| GOLDEN BETHUNE-HILL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> VIRGINIA STATE BOARD OF ELECTIONS, *et al.*, <br><br> Defendants. | Civil Action No. 3:14-cv-00852-REP-GBL-BMK |

**PLAINTIFFS' OBJECTIONS TO DEFENDANT-INTERVENORS' DEPOSITION DESIGNATIONS OF CHRISTOPHER MARSTON**

**I.      INTRODUCTION**

Defendant-Intervenors served Plaintiffs with rebuttal designations of the Deposition of Christopher M. Marston on June 23, 2015.  *See* Declaration of Bruce Spiva ("Spiva Decl."), Ex. A.  Plaintiffs object to Defendant-Intervenors' designations on Page 47, line 15 through Page 48, line 15 of Mr. Marston's deposition, where Mr. Marston, a consultant hired by the Virginia House of Delegates Republican Caucus during the 2010-2011 redistricting cycle, references that he (and the other hired consultants) relied on the advice of counsel when assessing whether their proposed redistricting plans violated the Voting Rights Act.  To the extent that Defendant-Intervenors have designated this section of Mr. Marston's deposition to suggest that Mr. Marston relied upon the advice of counsel in connection with this redistricting effort, they have waived the attorney-client privilege protecting the communications regarding this issue between Mr. Marston and the other consultants and their counsel.  Plaintiffs respectfully request that the Court

either (a) require Defendant-Intervenors to produce those communications promptly, or (b) withdraw this designation.

## II. ARGUMENT

The attorney client privilege protects communications involving advice given by an attorney to a client. *Fisher v. United States*, 425 U.S. 391, 403 (1976). However, courts across the country have repeatedly held that a party who asserts a defense of advice of counsel[1] waives the attorney-client privilege and must produce all communications with counsel related to the subject matter of the advice being sought. *See Hunt v. Blackburn,* 128 U.S. 464, 470-71 (1888) (party waived attorney-client privilege when she advanced a defense that she was deceived and misadvised by her attorney); *Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 863 (3d Cir. 1994) ("A defendant may also waive the privilege by asserting reliance on the advice of counsel as an affirmative defense."); *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992) ("Where a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived."); *JJK Mineral Co., LLC v. Swiger*, 292 F.R.D. 323 (N.D. W. Va. 2013) ("[T]he assertion of the advice of counsel defense waives the attorney client privilege with respect to communications between counsel and client with respect to the subject matter of the advice being sought").

Here, Defendant-Intervenors designated the following section of Mr. Marston's deposition:

> Q: How did you determine whether a minority group or minority groups would have a lesser opportunity to elect a candidate of their choice?

---

[1] It is, of course, hardly a defense to race-based redistricting that the map drawer relied on "legal advice" to improperly utilize race as a predominate factor in drawing district boundaries. If race was the predominant factor, and the plan was not narrowly tailored, then it necessarily fails constitutional muster. No "advice of counsel" can save the plan under such circumstances. *See Ala. Leg. Black Caucus v. Alabama,* 135 S. Ct. 1257 (2015).

> A: We didn't have a hard-and-fast rule to determine that. As with many things in the law, it's a bit of a judgment call. I don't recall how many court decisions I read, but I couldn't get the same answer out of all of them as to what I needed to do, so we did our best and sought legal advice to see if what we were doing appeared to be compliant.
>
> Q: Did you do -- when I say did "you" do, I mean did you do or direct or interact with one of your consultants who was doing any data analysis to determine whether a proposed plan would cause retrogression?
>
> A: Yes.
>
> Q: Tell me about that.
>
> A: As we were preparing a plan and when we finished a plan, *we would ask our attorneys for their opinion as to whether or not they thought that there was retrogression and, more importantly, whether it could be precleared.*
>
> Q: I guess I'm asking more of a factual question, which is, how did you use the data to determine whether or not there was retrogression?
>
> A: *So we would prepare a list of the 100 districts and then racial composition and consult with our attorneys to see what they thought about whether or not we could successfully get the plan precleared.*

Spiva Decl., Ex. A. (emphasis added).

Mr. Marston's statements reflect the fact Mr. Marston and the various other consultants retained by the Virginia House of Delegates Republican Caucus during the 2010-2011 House of Delegates redistricting cycle apparently relied, at least in part, on the advice of counsel to determine whether their proposed redistricting plans would result in retrogression or otherwise comply with the Voting Rights Act. To the extent that Defendant-Intervenors have designated the above section of Mr. Marston's deposition to stake out an advice of counsel defense in this case, Plaintiffs object to this designation unless Defendant-Intervenors are willing to produce all communications containing the advice of counsel relied on by Mr. Marston and the other

consultants relating to their proposed plans and whether they resulted in retrogression or otherwise complied with the Voting Rights Act.

Prior to filing this Objection, Plaintiffs conferred with Defendant-Intervenors regarding the designation at issue. Defendant-Intervenors have informed Plaintiffs that they will not withdraw the designation "in light of the fact that no inquiries were made at the time of the deposition about the legal advice at issue." *See* Spiva Decl., Ex. B. But that's hardly required where, as here, it was not clear that Intervenor-Defendants would be *offering* such testimony until the designations were identified on June 23, 2015, long after the conclusion of the deposition. The law is clear: Intervenor-Defendants cannot have it both ways. They may either shield these communications under the privilege or waive the privilege and assert the defense. They cannot do both.

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court either (a) require Defendant-Intervenors to produce all communications between Mr. Marston and the other consultants and their counsel containing legal assessments and/or advice regarding whether the consultants' proposed plans complied with the Voting Rights Act or (b) disallow the deposition designation at issue.

- 5 -

DATED: June 26, 2015

By: */s/ Aria C. Branch*
    Aria C. Branch (VSB # 83682)
    Marc Erik Elias (admitted *pro hac vice*)
    Bruce V. Spiva (admitted *pro hac vice*)
    Elisabeth C. Frost (admitted *pro hac vice*)
    John K. Roche (VSB # 68594)
    **PERKINS COIE LLP**
    700 Thirteenth Street, N.W., Suite 600
    Washington, D.C. 20005-3960
    Telephone: 202.434.1627
    Facsimile: 202.654.9106

    Kevin J. Hamilton (admitted *pro hac vice*)
    Abha Khanna (admitted *pro hac vice*)
    Ryan Spear (admitted *pro hac vice*)
    William B. Stafford
        (admitted *pro hac vice*)
    **PERKINS COIE LLP**
    1201 Third Avenue, Suite 4900
    Seattle, WA 98101-3099
    Telephone: 206.359.8000
    Facsimile: 206.359.9000

    *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

On June 26, 2015, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Jennifer Marie Walrath
Katherine Lea McKnight
Baker & Hostetler LLP (DC)
1050 Connecticut Ave NW
Suite 1100
Washington, DC 20036
202-861-1702
Fax: 202-861-1783
jwalrath@bakerlaw.com
kmcknight@bakerlaw.com

Effrem Mark Braden
Baker & Hostetler LLP (DC-NA)
Washington Square
Suite 1100
Washington, DC 20036
202-861-1504
Fax: 202-861-1783
mbraden@bakerlaw.com

Of counsel:

Dale Oldham, Esq.
1119 Susan St.
Columbia, SC 29210
803-772-7729
dloesq@aol.com

*Attorneys for Intervenor-Defendants*

Jeffrey P. Brundage
Daniel Ari Glass
Kathleen Angell Gallagher
Eckert Seamans Cherin & Mellott LLC
1717 Pennsylvania Ave NW, Suite 1200
Washington, D.C. 20006
202-659-6600
Fax: 202-659-6699
jbrundage@eckertseamans.com
dglass@eckertseamans.com
kgallagher@eckertseamans.com

Godfrey T. Pinn, Jr.
Harrell & Chambliss LLP
Eighth and Main Building
707 East Main Street
Suite 1000
Richmond, VA 23219
gpinn@hclawfirm.com

Anthony F. Troy
Eckert Seamans Cherin & Mellott LLC
707 East Main Street
Suite 1450
Richmond, Virginia 23219
804-788-7751
Fax: 804-698-2950
ttroy@eckertseamans.com

*Attorneys for Defendants*

By */s/ Aria C. Branch*
Aria C. Branch (VSB # 83682)
**PERKINS COIE LLP**
700 13th St. N.W., Suite 600
Washington, D.C. 20005-3960
Telephone: 202.434.1627
Facsimile: 202.654.9106
abranch@perkinscoie.com

*Attorneys for Plaintiffs*