IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| GOLDEN BETHUNE-HILL, *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>VIRGINIA STATE BOARD OF ELECTIONS, *et al.*,<br><br>        Defendants. | Civil Action No. 3:14-cv-00852-REP-GBL-BMK |

### DEFENDANT-INTERVENORS' OPPOSITION TO PLAINTIFFS' MOTION FOR EXPEDITED BRIEFING

The Court should deny Plaintiffs' Motion for Expedited Briefing because: (1) it currently lacks jurisdiction over this case and will not have jurisdiction during the proposed time frame for briefing; (2) the proposed briefing schedule is prejudicial to Defendant-Intervenors who are defending this same redistricting plan ("2011 Redistricting Plan") at trial in state court the week of Plaintiffs' proposed briefing; and (3) it is too late for this case to influence elections in 2017.

**Jurisdiction.**  This Court lacks jurisdiction to grant Plaintiffs' expedited relief because it was divested of jurisdiction when Plaintiffs filed their notice of appeal.  *See, e.g.*, *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).  Jurisdiction will not return to this Court until at least 25 days after the issuance of the Supreme Court's decision.  *See* Sup. Ct. R. 45.3; *see also Texas v. United States*, 798 F.3d 1108, 1118 (D.C. Cir. 2015), *cert. denied sub nom. Texas v. Davis*, 136 S. Ct. 981 (2016) ("As a formal matter, Supreme Court judgments on review of a federal court decision do not take effect until at least 25 days after they are announced, when the Court issues a certified copy of its opinion and judgment in lieu of a formal mandate.").  The 25-day period provides parties a right to file a petition for rehearing.  *See* Sup. Ct. R. 44.1 ("Any

petition for the rehearing of any judgment or decision of the Court on the merits shall be filed within 25 days after entry of the judgment or decision, unless the Court or a Justice shortens or extends the time."). The Supreme Court issued its decision on March 1, so this Court lacks jurisdiction to grant Plaintiffs' motion until after March 26.[1] Plaintiffs' Motion should be denied.

**Prejudice to Defendant-Intervenors.** Plaintiffs' proposed briefing schedule would be highly prejudicial to Defendant-Intervenors because it spans dates on which Defendant-Intervenors, represented by the same counsel in this case, will be at trial in Virginia state court defending the same 2011 Redistricting Plan. *Vesilind, et al., v. Virginia State Board of Elections, et al.*, No. CL15003886-00 (Richmond Cty. Cir. filed Sept. 14, 2015) (the "state action"). The proposed time frame, which was selected by Plaintiffs without input from Defendant-Intervenors, is prejudicial and unworkable. Additionally, counsel for Defendant-Intervenors are still assessing the import of the Supreme Court's decision in this case, and it is not at all clear at this time that the remand can be resolved without further evidentiary proceedings. Counsel for Defendant-Intervenors also are currently assessing the potential impact of the ongoing state action and may seek a stay of this case to allow the state action—which may require redrawing of the entire 2011 Redistricting Plan—to proceed to a final judgment.[2] *See Growe v. Emison*, 507 U.S. 25, 26 (1993) (*citing Scott v. Germano*, 381 U.S. 407 (1965)) ("[T]he Court has required federal judges to defer consideration of disputes involving redistricting where the State, through its legislative or judicial branch, has begun to address that highly political task itself."). Defendant-Intervenors will assess these issues and inform the Court of their position in due course.

---

[1] Notably, Plaintiffs' proposed order and briefing schedule would conclude prior to this date.
[2] Defendant-Intervenors moved the state court to stay proceedings in light of the Supreme Court's opinion and remand. That motion is currently under advisement and a decision is expected early this week with trial scheduled to begin next Monday, March 13.

**The 2017 Elections.**  Plaintiffs' sole basis for seeking expedited briefing, that this case can reach a final judgment in time for a new redistricting plan to apply to this fall's elections, Mot. at 2, is unrealistic.  The 2017 election cycle is already underway.  The 2017 primaries will occur on June 13, *see* Va. Code § 24.2-515, and accordingly, the registration deadline must be no later than March 30, *see* Va. Code § 24.2-522(A).  In the ongoing state action over this plan, the Virginia State Board of Elections has identified March 30, 2017 as the drop-dead date for impacting primaries as "[m]uch must be done prior to June."  Def. Resp. to Mots. to Stay and Certify Interlocutory Appeal, at 2 (*filed* March 18, 2016) (noting the complex process of elections administration, including "ballot preparation, verification, and printing", requiring substantial time and organization), Ex. A.  A final judgment in this case will be reached after the 2017 elections process is well under-way, and federal courts do not lightly tread into the state elections process at this late hour.  *See Purcell v. Gonzalez*, 549 U.S. 1, 4 (2006); *see also Reynolds v.* Sims, 377 U.S. 533, 585 (1964).

## CONCLUSION

Plaintiffs have moved the Court for relief this Court has no jurisdiction to grant, premised on an "expedited" time-frame that is highly prejudicial to Defendant-Intervenors, in order to achieve an unachievable 2017 elections goal.  Accordingly, Defendant-Intervenors respectfully request the Court deny Plaintiffs' Motion for Expedited Briefing schedule and, instead, hold a status conference after jurisdiction is transferred from the Supreme Court.

Dated: March 6, 2017

Dalton Lamar Oldham, Jr. (*pro hac vice*)
Dalton L Oldham LLC
1119 Susan Street
Columbia, SC 29210
Tel: (803) 237-0886
dloesq@aol.com

Respectfully Submitted,

*/s/ Katherine L. McKnight*
Katherine L. McKnight (VSB No. 81482)
E. Mark Braden (*pro hac vice*)
Richard B. Raile (VSB No. 84340)
BAKER HOSTETLER LLP
1050 Connecticut Ave NW, Suite 1100
Washington, DC 20036
Tel: (202) 861-1500
Fax: (202) 861-1783
kmcknight@bakerlaw.com
mbraden@bakerlaw.com
rraile@bakerlaw.com

*Counsel to the Virginia House of Delegates and Virginia House of Delegates Speaker William J. Howell*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of March, 2017, a copy of the foregoing was filed and served on all counsel of record pursuant to the Court's electronic filing procedures using the Court's CM/ECF system.

Dalton Lamar Oldham, Jr. (*pro hac vice*)
Dalton L Oldham LLC
1119 Susan Street
Columbia, SC 29210
Tel: (803) 237-0886
dloesq@aol.com

*/s/ Katherine L. McKnight*
Katherine L. McKnight (VSB No. 81482)
E. Mark Braden (*pro hac vice*)
Richard B. Raile (VSB No. 84340)
BAKER HOSTETLER LLP
1050 Connecticut Ave NW, Suite 1100
Washington, DC 20036
Tel: (202) 861-1500
Fax: (202) 861-1783
kmcknight@bakerlaw.com
mbraden@bakerlaw.com
rraile@bakerlaw.com

*Counsel to the Virginia House of Delegates and Virginia House of Delegates Speaker William J. Howell*