IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| GOLDEN BETHUNE-HILL, *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>VIRGINIA STATE BOARD OF ELECTIONS, *et al.*,<br><br>        Defendants,<br><br>    v.<br><br>VIRGINIA HOUSE OF DELEGATES, *et al.*,<br><br>        Intervenor-Defendants. | Civil Action No. 3:14-cv-00852-REP-GBL-BMK |

**PLAINTIFFS' REPLY TO DEFENDANT-INTERVENORS' OPPOSITION TO MOTION FOR EXPEDITED BRIEFING AND MEMORANDUM IN SUPPORT**

Plaintiffs respectfully submit that their narrow procedural motion to establish an accelerated briefing schedule on remand should be granted. Defendant-Intervenors offer no persuasive arguments to the contrary. This Court is certainly not divested of its ability to manage its docket so long as its actions do not impinge on the Supreme Court's jurisdiction over the merits of the appeal. Defendant-Intervenors' counsel's impending state trial, likewise, hardly justifies delay. Indeed, the constitutional injuries that have been and continue to be suffered by Virginia voters as a result of the unconstitutional map mandate swift remedial action.

**A.    District Court May Enter Procedural Orders**

Defendant-Intervenors argue that the district court is somehow stripped of its ability to

- 2 -

manage its own docket prior to the issuance of the mandate from the Supreme Court.[1] The argument dramatically overstates the rule. While a district court may lack jurisdiction to hear substantive matters relating to an appeal before the issuance of a mandate, it does not need to await a mandate in order to issue a briefing schedule or otherwise manage its docket. *See*, *e.g.*, *Global Naps Inc. v. Verizon New England Inc.*, 489 F.3d 13, 19 (1st Cir. 2007) ("[t]here are some exceptions to the rule that only one court at a time has jurisdiction", such as dealing with "ancillary matters" related to the appeal); *Fort Gratiot Sanitary Landfill, Inc. v. Michigan Dept. of Natural Resources*, 71 F.3d 1197, 1203 (6th Cir. 1995) (a district court retains jurisdiction "on remedial matters unrelated to the merits of the appeal") (internal citations omitted).

Accordingly, district courts retain the ability to manage their dockets and to handle matters that are ancillary or merely procedural, such as scheduling conferences and briefing orders. Here, where time is of the essence, this Court certainly retains the power, in advance of its receipt of a certified copy of the judgment from the Supreme Court, to establish a briefing schedule.[2]

### B. Defendant-Intervenors' State Court Trial is Irrelevant to This Motion

Defendant-Intervenors next argue that Plaintiffs' proposed briefing schedule would be prejudicial because at least some of the lawyers representing them will be in trial in state court. But counsel's state court case should have no bearing on this Court's issuance of scheduling order. Defendant-Intervenors chose to intervene in this matter. They cannot simultaneously seek to intrude in a case *and* delay progress of the case, especially where counsel for the actual

---

[1] Because this is an appeal from a federal district court, no "mandate" will be issued in any event, merely a certified copy of the judgment, together with a copy of the opinion. Sup. Ct. R. 45.3.

[2] Defendant-Intervenors' opposition brief contains no representation, suggestion, or hint that they intend to file a petition for rehearing with the Supreme Court pursuant to Supreme Court Rules 45.2 and 45.3. Indeed, they appear to accept the finality of the Supreme Court's decision. *See* Def-Int. Opp. to Mot. for Expedited Briefing at 2 (filed March 6, 2017).

named Defendant, Virginia State Board of Elections, have appeared, were present throughout the trial (and on appeal), and have raised no objection to the proposed briefing schedule.[3]  That counsel often have competing and demanding schedules is neither a novel occurrence nor a reason to disrupt a case.  Plaintiffs note that counsel for Defendant-Intervenors work in a large law firm with hundreds of attorneys who can assist them when scheduling conflicts arise.  Furthermore, no shortage of lawyers filed appearances in this matter on behalf of Defendant-Intervenors.  Most importantly, the rights of Virginia voters should not be deferred simply because counsel for Defendant-Intervenors are busy.

Defendant-Intervenors suggest that because the state court case involves "similar issues" regarding Virginia redistricting, the Court should delay any action in response to the Supreme Court's decision until Defendant-Intervenors can determine the best strategy to approach both cases.[4]  The argument fails on all fronts.

First, the issue presented in the state court proceeding is whether six Senate districts and five House of Delegate districts, none of which are challenged in this matter, offend the Virginia State Constitutional compactness requirement.  Va. Const. art. II, § 6.  The litigation most assuredly does *not* raise any issue relating to whether race predominated in the drawing of the district and, if it did, whether the use of race was narrowly tailored to advance a compelling state

---

[3] Defendant-Intervenors state that Plaintiffs did not seek their input regarding the proposed briefing schedule, but that is simply incorrect. Plaintiffs asked for their position and were told that Defendant-Intervenors would oppose the forthcoming motion, as reflected in Plaintiffs' initial brief.

[4] Defendant-Intervenors curiously argue that further evidentiary proceedings may be needed to resolve the Supreme Court's remand of this matter to the district court. Yet the Supreme Court's decision is clear that the inquiry on remand presents purely legal questions.  "The District Court is best positioned to determine in the first instance the extent to which, *under the proper standard*, race directed the shape of these 11 districts. And if race did predominate, it is proper for the District Court to determine in the first instance whether strict scrutiny is satisfied. These matters are left for the District Court on remand." *Bethune-Hill*, *et al.*, 580 U.S. _____ , 2017 WL 774194 at *11 (emphasis added).

interest. *See Bethune-Hill, et al. v. Virginia State Board of Elections, et. al.*, 580 U.S. \_\_\_\_\_ , 2017 WL 774194 (2017). The issues are hardly "similar."

Second, there is no basis for a federal court to defer ruling on an issue of federal Constitutional law that the Supreme Court has already ruled upon and on which this Court has already had a full trial, so that the Virginia state courts may try and decide entirely separate and exclusively state law-based claims. That is a recipe for delay that will almost guarantee that the residents of Virginia will be forced to live under an unconstitutional districting system for at least another election cycle.[5] Moreover, "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S.Ct. 1885, 1892 (2016) (internal citations omitted). Further delaying this three-year old case where the Supreme Court has issued an opinion favors no one–certainly not the aggrieved Virginia voters.

**C. Courts Can Act Swiftly to Prevent Constitutional Injury and May Alter Election Dates**

Finally, Defendant-Intervenors argue that this case cannot reach final judgment in time for a new redistricting plan to apply to elections occurring in the fall. Whether this Court can resolve the merits and fashion effective relief for Virginia citizens is an issue that is plainly *not* before this Court at this time. Courts have any number of options at their disposal (including postponement of elections) to avoid constitutional injury of voters. *See*, *e.g.*, *Covington v. North Carolina, et al.*, Case No. 1:15-cv-399, 2016 WL 7667298 at *3 (M.D.N.C. Nov. 29, 2016) (mandating special dates for new elections given new maps). But prior to a decision on the merits on remand, the Court is not in a position to decide whether or how it might effectuate a

---

[5] Defendant-Intervenors note in a footnote that they have asked the state court to stay proceedings in light of the Supreme Court's opinion on remand. *See* Def-Int. Opp. to Mot. for Expedited Briefing at 2 n.2 (filed March 6, 2017). If they get what they have asked for in both courts, Defendant-Intervenors will effectively bring to a stand-still any action in either case.

remedy should it find liability on the merits.

Plaintiffs respectfully request that the Court enter an order setting an expedited briefing schedule.[6] Doc No. 125.

DATED: March 7, 2017

By: */s/ Aria C. Branch*
Marc Erik Elias (admitted *pro hac vice*)
Bruce V. Spiva (admitted *pro hac vice*)
Elisabeth C. Frost (admitted *pro hac vice*)
Aria C. Branch (VSB # 83682)
**PERKINS COIE LLP**
700 Thirteenth Street, N.W., Suite 600
Washington, D.C. 20005-3960
Telephone: 202.434.1627
Facsimile: 202.654.9106

Kevin J. Hamilton (admitted *pro hac vice*)
Abha Khanna (admitted *pro hac vice*)
Ryan Spear (admitted *pro hac vice*)
William B. Stafford
     (admitted *pro hac vice*)
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

*Attorneys for Plaintiffs*

---

[6] Plaintiffs would submit that, at this juncture, if the Court grants this motion, it would be appropriate and fair to all parties to require the filing of opening briefs 7 days after the Court grants this motion and issues a scheduling order, with simultaneous response briefs due 7 days thereafter.

**CERTIFICATE OF SERVICE**

On March 7, 2017, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Katherine Lea McKnight
Richard Raile
Baker & Hostetler LLP (DC)
1050 Connecticut Ave NW
Suite 1100
Washington, DC 20036
202-861-1702
Fax: 202-861-1783
kmcknight@bakerlaw.com
raile@bakerlaw.com

Effrem Mark Braden
Baker & Hostetler LLP (DC-NA)
Washington Square
Suite 1100
Washington, DC 20036
202-861-1504
Fax: 202-861-1783
mbraden@bakerlaw.com

Of counsel:

Dale Oldham, Esq.
1119 Susan St.
Columbia, SC 29210
803-772-7729
dloesq@aol.com

*Attorneys for Defendant-Intervenors*

Jeffrey P. Brundage
Daniel Ari Glass
Kathleen Angell Gallagher
Eckert Seamans Cherin & Mellott LLC
1717 Pennsylvania Ave NW, Suite 1200
Washington, D.C. 20006
202-659-6600
Fax: 202-659-6699
jbrundage@eckertseamans.com
dglass@eckertseamans.com
kgallagher@eckertseamans.com

Godfrey T. Pinn, Jr.
Harrell & Chambliss LLP
Eighth and Main Building
707 East Main Street
Suite 1000
Richmond, VA 23219
gpinn@hclawfirm.com

Anthony F. Troy
Eckert Seamans Cherin & Mellott LLC
707 East Main Street
Suite 1450
Richmond, Virginia 23219
804-788-7751
Fax: 804-698-2950
ttroy@eckertseamans.com

Stuart A. Raphael
Trevor B. Cox
Matthew R. McGuire
Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219
804-786-7773
sraphael@oag.state.va.us
tcox@oag.state.va.us
mmcguire@oag.state.va.us

*Attorneys for Defendants*

- 7 -

By */s/ Aria C. Branch*
Aria C. Branch (VSB #83682)
Perkins Coie LLP
700 13th St. N.W., Suite 600
Washington, D.C. 20005-3960
Phone: (202) 654-6338
Fax: (202) 654-9106
ABranch@perkinscoie.com

*Attorneys for Plaintiffs*