IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| GOLDEN BETHUNE-HILL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. 3:14cv852 |
| v. | ) | |
| | ) | |
| VIRGINIA STATE BOARD OF ELECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MOTION OF ONEVIRGINIA2021 FOR LEAVE TO FILE A STATEMENT OF POSITION AS *AMICUS CURIAE*

Pursuant to Rule 7(A) of the Local Rules of the Eastern District of Virginia, OneVirginia2021: Virginians for Fair Redistricting, a nonprofit corporation formed under the laws of the Commonwealth of Virginia, by and through undersigned counsel, moves the Court for leave to file a brief, more specifically described as a Statement of Position, in accordance with the Court's order to the parties dated April 6, 2017. The grounds for this motion are stated with particularity below. If permitted to appear, *amicus* respectfully requests that this Court consider the *amicus curiae* brief submitted contemporaneously with this motion.

Counsel for *amicus* have contacted all parties to seek consent to file this motion and Statement of Position. The Defendant-Intervenors, represented by Baker Hostetler, consent to this filing. The Defendant State Board of Elections, represented by the Solicitor General of Virginia, "take[s] no position" on the request. The Plaintiffs, represented by Perkins Coie, LLP,

1

is "not consenting to *amicus* briefs at this stage of the litigation" out of "concern[] that it may cause delay."

This Court has "broad discretion in deciding whether to allow a non-party to participate as an *amicus curiae*." *Tafus v. Dudas*, 511 F. Supp. 2d 652, 659 (E.D. Va. 2007). The Court may grant leave when (i) the proposed *amicus curiae* has a "special interest in the subject matter of the suit" or can "provide helpful analysis of the law" and (ii) the proposed brief is timely filed. *Tafus,* 511 F. Supp. 2d at 659 (internal citations omitted). The request of *amicus* readily meets these standards.

First, as explained in the proposed Statement of Position, OneVirginia2021 is a nonprofit corporation granted exempt status under Sections 501c3 and 501c4 of the Internal Revenue Code. OneVirginia2021 was organized in 2014 to initiate a comprehensive effort to eliminate gerrymandering in all its forms from the redistricting processes in Virginia. It pursues this goal through public education and outreach, participation in significant impact litigation in the state and federal courts, and through legislative means, including seeking an amendment to the Constitution of Virginia that would outlaw partisan gerrymandering in the Commonwealth. The organization has filed *amicus* briefs previously in this Court in the remedy phase, and in the U.S. Supreme Court on the merits, in *Page v. Virginia State Board of Elections, et al.,* No. 3:13cv678, *appeal dismissed sub nom Wittman v. Personhuballah,* No. 14-1504 (May 23, 2016), and also filed an *amicus* brief in this case on appeal in the U.S. Supreme Court, *Bethune-Hill, et al. v. Virginia State Board of Elections, et al.,* No. 15-680 (decided March 1, 2017). Thus, the organization clearly has "a special interest in the subject matter of the litigation."

Second, the undersigned counsel are veteran trial lawyers with many years of experience in litigating redistricting cases in the state and federal courts. As experts in this field, the

undersigned are well positioned to fulfill the traditional role of *amicus* "to act as a friend of the court, providing guidance on questions of law," *Bryant v. Better Bus. Bureau,* 923 F. Supp. 720, 727 (D. Md. 1996). *Amicus* represents that the proposed Statement of Position does not stray from or enlarge the issues presented by the Court in its April 6th Order, but instead focuses on certain factual findings and conclusions of law expressed in this Court's Memorandum Opinion (ECF No. 108) that may be affected following the decision of the Supreme Court of the United States in this case. Contrary to the concerns expressed by Plaintiffs, there is no likelihood whatsoever that the submission might "cause delay" in these proceedings on remand.

WHEREFORE, for the reasons set forth above, the Court should grant the Motion of OneVirginia2021 for leave to file a Statement of Position as *amicus curiae* in this case. A proposed order is attached.

Dated: April 17, 2017    Respectfully submitted,

OneVirginia2021: Virginians for Fair Redistricting
By Counsel

 /s/ Wyatt B. Durrette, Jr.
Wyatt B. Durrette, Jr., Esquire (VSB #04719)
Christine A. Williams, Esquire (VSB #47074)
DurretteCrump PLC
1111 East Main Street, 16th Floor
Richmond, Virginia 23219
Telephone:    (804) 775-6900
Facsimile:    (804) 775-6911
wdurrette@durrettecrump.com
cwilliams@durrettecrump.com

Gregory E. Lucyk, Esquire (VSB #19754)
Attorney at Law
300 Seneca Road
Richmond, Virginia 23219
Telephone:    (804) 920-7031
gglucy@comcast.net

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of April 2017, I will electronically file the foregoing with the Clerk of Court using the Court's CM/ECF system, which will then send a notification of such filing (NEF) to the parties in the case.

    /s/   Wyatt B. Durrette, Jr.
Wyatt B. Durrette, Jr., Esquire (VSB #04719)
DurretteCrump PLC
1111 East Main Street, 16th Floor
Richmond, Virginia  23219
Telephone:     (804) 775-6900
Facsimile:      (804) 775-6911
wdurrette@durrettecrump.com