IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| GOLDEN BETHUNE-HILL, et al, <br><br> Plaintiffs, <br><br> v. <br><br> VIRGINIA STATE BOARD OF ELECTIONS, et al., <br><br> Defendants, | Civil Action No. 3:14-cv-852-REP-AWA-BMK |

**PLAINTIFFS' BRIEF IN SUPPORT OF HIGHLIGHTED TEXT**

Pursuant to this Court's Order of April 21, ECF No. 149, Plaintiffs submit the attached highlighted version of the Memorandum Opinion, *see* Appendix A, along with this brief setting out the authority on which they rely to support their view that the highlighted text of the Memorandum Opinion "remains in effect on remand." Order, ECF No. 154. As set forth in Plaintiffs' Statement of Position Regarding Further Proceedings, ECF No. 148, certain factual findings are now law of the case and thus remain in effect. All other factual findings are subject to reconsideration in light of the appropriate legal standard, and the Court may find it appropriate to make additional factual findings from the existing record. As to legal conclusions, the Supreme Court explicitly affirmed some of the Court's legal conclusions and explicitly overturned others. Plaintiffs have highlighted the Memorandum Opinion accordingly, consistent with these principles, and as further explained below.

First, Plaintiffs have highlighted in yellow certain portions of Section III of the Memorandum Opinion. *See* Appendix A at 19-31. This "factual background," expressly discussed in Part I of the Supreme Court's opinion and "[a]gainst" which the Supreme Court

"consider[ed] the controlling legal principles in this case," Slip. Op. at 6, remains in effect as law of the case. *See State Indus., Inc. v. Mor-Flo Indus., Inc.*, 948 F.2d 1573, 1576 (Fed. Cir. 1991) ("[F]indings of fact reviewed in and relied upon in an appellate court's decision become the law of the case and, absent certain exceptional circumstances, may not be disturbed by a trial court on remand."); *see also* Pls.' Statement of Position Regarding Further Proceedings, ECF No. 148 at 1-3.

Second, Plaintiffs have highlighted in yellow the factual findings in Section IV.C.2 of the Memorandum Opinion underlying this Court's conclusion that "race was the predominate criterion driving the formation and configuration of HD 75," Mem. Op., ECF No. 108 at 120. *See* Appendix A at 113-20. While these factual findings were not "reviewed in and relied upon" by the Supreme Court opinion, *State Indus.*, 948 F.2d at 1576, the Supreme Court did not instruct this Court to revisit its analysis of racial predominance in District 75 on remand—only to do so with regard to the other 11 Challenged Districts. *See* Slip Op. at 12-13 (directing the District Court to determine "the extent to which, under the proper standard, race directed the shape of the[] 11 districts" "where the District Court held that it did not"). Thus, these findings "remain in effect" in the sense that they are outside the scope of remand.

Third, Plaintiffs have highlighted in pink the conclusion (found in the Introduction and Section IV.C.2 of the Memorandum Opinion) that race predominated in the formation of District 75. *See* Appendix A at 2, 118-20. It is unclear whether this specific finding is best characterized as a "conclusion of law," *see* Black's Law Dictionary (10th ed. 2014) (defining "conclusion of law" as "[a]n inference on a question of law, made as a result of a factual showing, no further evidence being required; a legal inference"), or a mixed question of law and fact, *see Pullman-Standard v. Swint*, 456 U.S. 273, 290 n.19 (1982) (defining "mixed questions of law and fact" as "whether the rule of law as applied to the established facts is or is not violated"); 9C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2589 (3d ed. 2008) (noting that "[m]any issues in a lawsuit involve elements of both law and

fact," which can be referred to as "mixed questions of law and fact, or legal inferences to be drawn from the facts, or the application of law to the facts"). Regardless, this Court's conclusion that race predominated in District 75 was accepted in and definitively resolved by the Supreme Court's opinion, *see* Slip Op. at 14 (finding "no error in the District Court's conclusion that the State had sufficient grounds to determine that the *race-based calculus it employed in District 75* was necessary to avoid violating §5") (emphasis added), and therefore remains in effect on remand.

Fourth, Plaintiffs have highlighted in yellow certain factual findings in Section IV.C.2 of the Memorandum Opinion regarding the "functional analysis of District 75" the legislature performed "when deciding upon the 55% BVAP target." Slip Op. at 14; *see* Appendix A at 120-25. In affirming the Court's narrow tailoring analysis, the Supreme Court expressly "reviewed . . . and relied upon" this Court's factual findings about how the decision-making process in 2011 led the legislature to set a 55% BVAP floor in drawing District 75. *State Indus.*, 948 F.2d at 1575; *see* Slip Op. at 14-15; *id.* at 15 ("The findings regarding how the legislature arrived at the 55% BVAP target are well supported[.]"). The highlighted factual findings are those discussed and relied upon by the Supreme Court in reaching its conclusion that "the State had a strong basis in evidence to believe a 55% BVAP floor was required to avoid retrogression" in District 75. Slip Op. at 15.

Finally, Plaintiffs have highlighted in pink the conclusion (found in the Introduction and Section IV.C.2 of the Memorandum Opinion) that District 75 survives strict scrutiny. *See* Appendix A at 2, 120, 125. This conclusion of law was specifically affirmed by the Supreme Court and thus remains in effect on remand as law of the case.

Plaintiffs maintain that the Memorandum Opinion's remaining factual findings and legal conclusions no longer "remain in effect," Order, ECF No. 154, but rather are subject to reconsideration, revision, and/or supplementation on remand as the Court considers the existing factual record in light of the proper legal standard. *See* Pls.' Statement of Position

Regarding Further Proceedings, ECF No. 148 at 2-5; Pls.' Response to Defendant-Intervenors' Statement of Position Regarding Further Proceedings, ECF No. 153 at 3-4.

To the extent Defendants or Defendant-Intervenors contend otherwise, they are wrong. First, this Court's "subsidiary findings" on racial predominance in the 11 remaining Challenged Districts "can hardly be the law of the case when the judgment based on those findings was 'vacated,'" *State Indus.*, 948 F.2d at 1577, and this Court was explicitly directed to "determine in the first instance the extent to which, under the proper standard, race directed the shape of these 11 districts," Slip Op. at 13. Second, any findings or conclusions that apply to districts other than District 75 (even if located in the section of the Memorandum Opinion devoted to District 75) had no bearing on the Supreme Court's opinion as to District 75 and can hardly be cast in stone where the Supreme Court failed to discuss such findings or reach any conclusions regarding the remaining Challenged Districts. Finally, other than the portions highlighted in Appendix A, none of the factual findings or conclusions of law in the Memorandum Opinion were "examined in, relied on, or otherwise necessary to" the Supreme Court's opinion, and thus "law of the case does not prevent the trial court on remand from reexamining those findings, with no more deference than if the decision had never been appealed at all," and this Court "remain[s] free to amend its earlier finding[s] of fact." *Exxon Corp. v. United States*, 931 F.2d 874, 878 (Fed. Cir. 1991); *see also United States v. Lentz*, 524 F.3d 501, 528 (4th Cir. 2008) (law of the case doctrine "does not reach questions which might have been decided but were not") (quoting *Sejman v. Warner-Lambert Co.*, 845 F.2d 66, 69 (4th Cir. 1988)); *Sejman*, 845 F.2d at 69 (law of the case doctrine does not apply where trial court's ruling on an issue "was neither directly nor implicitly required in order for th[e] [appellate] [c]ourt to resolve" the case). As a result, the non-highlighted portions in Appendix A do not "remain in effect on remand," Order, ECF No. 154, but rather must be revisited and may be deleted, elaborated, and/or altered on remand.

In sum, the only findings of fact and conclusions of law that remain in effect are those highlighted in Appendix A. This Court is in no way bound by the remainder of the Memorandum Opinion on remand.

Dated: May 16, 2017

                Respectfully submitted,

                By /s/ Aria C. Branch
                  Aria Branch (VSB #1014541)
                  Marc Erik Elias (admitted *pro hac vice*)
                  Bruce Spiva (admitted *pro hac vice*)
                  Perkins Coie LLP
                  700 13th St. N.W., Suite 600
                  Washington, D.C. 20005-3960
                  Phone: (202) 434-1627
                  Fax: (202) 654-9106
                  Email: ABranch@perkinscoie.com
                  Email: MElias@perkinscoie.com
                  Email: BSpiva@perkinscoie.com

                  Kevin J. Hamilton (admitted *pro hac vice*)
                  Abha Khanna (admitted *pro hac vice*)
                  Ryan Spear (admitted *pro hac vice*)
                  William B. Stafford (admitted *pro hac vice*)
                  Perkins Coie LLP
                  1201 Third Avenue, Ste. 4900
                  Seattle, WA 98101-3099
                  Phone: (206) 359-8000
                  Fax: (206) 359-9000
                  Email: KHamilton@perkinscoie.com
                  Email: AKhanna@perkinscoie.com
                  Email: RSpear@perkinscoie.com
                  Email: BStafford@perkinscoie.com

                *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 16th day of May, 2017, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the counsel of record in this case.

      Respectfully submitted,

By <u>/s/  Aria C. Branch</u>
   Aria C. Branch (VSB #1014541)
   Perkins Coie LLP
   700 13th St. N.W., Suite 600
   Washington, D.C. 20005-3960
   Phone:  (202) 434-1627
   Fax:  (202) 654-9106
   Email: ABranch@perkinscoie.com

   *Attorneys for Plaintiffs*