IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| Golden Bethune-Hill, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Virginia State Board of Elections, *et al*. <br> Defendants. | Civil Action No. 3:14-cv-00852-REP-AWA-BMK |

**Defendant-Intervenors' Memorandum in Support of Their Motion
To Amend the Scheduling Order**

When the Court scheduled this case for a three-day evidentiary hearing on October 10, 11, and 12, 2017, ECF No. 160 at 4, it did so, in part, on the basis of Plaintiffs' representations that they needed no further evidence to prove their racial-gerrymandering claim, ECF No. 153 at 10–11, and, in part, on the basis of Defendant-Intervenors' representation that they would be prepared to offer testimony from Delegate Chris Jones and possibly a few other Delegates in defense of the 2011 House redistricting plan, ECF No. 146 at 5–6.

But, as the Parties have developed their positions on remand, the circumstances have changed. Plaintiffs now represent that they intend to call 16 fact witnesses and 3 new expert witnesses, ECF No 163, ECF No. 167, and Defendant-Intervenors have identified 20 fact witnesses and 3 expert witnesses,

ECF No. 166.[1] These designations will significantly expand the scope of discovery and the evidentiary hearing, and the current schedule will result in substantial hardship for many witnesses, given that 16 Delegates listed as witnesses will be in the final stretch of campaigns for reelection during discovery and trial.

Thus, Defendant-Intervenors respectfully request that the Court reconsider the scheduling of this case. Due to the developments, Defendant-Intervenors propose that five days be set aside for an evidentiary hearing in December 2017 or January or February 2018 or, alternatively, that the Court postpone its decision of a trial date and set a status conference for late September or October to assess the progress of discovery and set a trial date at that time.

## Argument

A scheduling order may be modified on a showing of "good cause." Fed. R. Civ. P. 16(b)(4). In making this determination, courts consider whether the deadlines of the current order can reasonably be met with due diligence, *see, e.g.*, *Stewart v. Coyne Textile Servs.*, 212 F.R.D. 494, 496 (S.D.W. Va. 2003), and whether the opposing party will be prejudiced by an amendment, *see, e.g.*, *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1255 (10th Cir. 2011). "What constitutes good cause sufficient to justify the modification of a scheduling order necessarily varies with the circumstances of each case." 6A Fed. Prac. & Proc. Civ. § 1522.2 (3d ed.).

---

[1] Defendant-Intervenors have until July 14 to identify additional expert witnesses in response to Plaintiffs' supplemental expert list. *See* ECF No. 164.

The facts of this case are more than sufficient to meet the good-cause standard. It will be difficult, if not impossible, to adhere to the current schedule, even with reasonable diligence by both parties. The Parties' witness submissions will require over 40 depositions, and the current order requires that these be conducted by the end of September, requiring a pace of approximately 4 depositions a week even under the optimistic assumption that depositions could begin on July 10. A more likely scenario would require a deposition each weekday once depositions begin. The current schedule also cannot be met because it provides only 3 days for the evidentiary hearing, which could not be met even if the Parties determined to call only *half* of their designated witnesses.

These problems are exacerbated by Virginia's elections schedule, given that 16 witnesses are General Assembly Members seeking reelection. Maintaining the current schedule would be invasive to the elections process and create an unfair hardship on the candidates for office as the time required for depositions, trial testimony, preparation, and any concomitant document production would deprive them of time and resources in the final critical weeks before the 2017 elections. Members serve in the General Assembly on a part-time basis, so almost all members also work in other full-time positions or professions. Although General Assembly Members have recourse to claims of privilege, this Court has already held that a claim of privilege is qualified and is unlikely to provide full protection and, besides, requires time and resources even to raise the privilege given that the House

does not have standing to raise privilege claims on the Members' behalf. *Bethune-Hill v. Virginia State Bd. of Elections*, 114 F. Supp. 3d 323, 334, 347 (E.D. Va. 2015).

Finally, this hardship would be incurred for no reason because Plaintiffs would suffer no prejudice from a modification to the scheduling order. Under the current schedule, a decision in Plaintiffs' favor would not be issued in time to impact the 2017 elections, and no additional elections will occur under the House plan until 2019. A decision in Plaintiffs' favor following an October trial would provide no benefit to Plaintiffs as compared with a decision in their favor following a January or February trial. There is, therefore, no prejudice to amending the scheduling order to delay trial for a few months.

## Conclusion

Good cause exists for the Court to amend its scheduling order and set a five-day trial for December 2017 or January or February of 2018. Alternatively, the Court should postpone its decision of a trial date and set a status conference for late September or October to assess the progress of discovery and set a trial date at that time.

Dated: July 5, 2017

Respectfully Submitted,

*/s/ Katherine L. McKnight*
Katherine L. McKnight (VSB No. 81482)
Richard B. Raile (VSB No. 84340)
E. Mark Braden (*pro hac vice*)
BAKER & HOSTETLER LLP
1050 Connecticut Ave NW, Suite 1100
Washington, DC 20036
Tel: (202) 861-1500
Fax: (202) 861-1783
kmcknight@bakerlaw.com
rraile@bakerlaw.com
mbraden@bakerlaw.com

*Attorneys for the Virginia House of Delegates and Virginia House of Delegates Speaker William J. Howell*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of July, 2017, a copy of the foregoing was filed and served on all counsel of record pursuant to the Court's electronic filing procedures using the Court's CM/ECF system.

*/s/  Katherine L. McKnight*
Katherine L. McKnight (VSB No. 81482)
Richard B. Raile (VSB No. 84340)
E. Mark Braden (*pro hac vice*)
BAKER & HOSTETLER LLP
1050 Connecticut Ave NW, Suite 1100
Washington, DC 20036
Tel: (202) 861-1500
Fax: (202) 861-1783
kmcknight@bakerlaw.com
rraile@bakerlaw.com
mbraden@bakerlaw.com

*Attorneys for the Virginia House of Delegates and Virginia House of Delegates Speaker William J. Howell*