IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



GOLDEN BETHUNE-HILL,
et al.,

    Plaintiffs,

v.                          Civil Action No. 3:14cv852

VIRGINIA STATE BOARD OF
ELECTIONS, et al.,

    Defendants.

## MEMORANDUM ORDER

Having considered the Defendant-Intervenors' Motion To Amend the Scheduling Order (ECF No. 168), the supporting and opposing memoranda, and the argument of counsel in a telephone conference on July 12, 2017, and having considered the [PROPOSED] JOINT DISCOVERY PLAN (ECF No. 171), the Court finds that:

(1) the fact that some of the Intervenor-Defendants' witnesses are running for re-election is an insufficient reason to continue the trial because any pretrial depositions can be scheduled sufficiently ahead of the election to avoid inconvenience to the candidates or disruption of the election; and

(2) the testimony of the legislators to be called by the Intervenor-Defendants, as forecast by counsel for the

1

Intervenor-Defendants during the telephone conference, and the cross-examination of those witnesses, as forecast therein by counsel for the Plaintiffs, may not be subject to the legislative privilege; but, in any event, any claims of legislative privilege (if the privilege is available in these proceedings) are premature, and must be addressed, if made, on a question by question basis either during any deposition or at trial; and

(3) the testimony of the witnesses listed by the parties in PLAINTIFFS' WITNESS LIST (ECF No. 163) and the PLAINTIFFS' SUPPLEMENTAL EXPERT WITNESS LIST (ECF No. 167), and the DEFENDANTS' WITNESS LIST (ECF No. 165) and the DEFENDANT-INTERVENORS' WITNESS LIST (ECF No. 166) likely can be presented at trial in the time currently allocated for trial if counsel confer with a view to: (a) streamlining the direct testimony and confining it to relevant topics; (b) avoiding duplication of the existing record; and (c) avoiding unnecessary cross-examination; and

(4) the testimony of any witness who cannot attend trial can be presented by video deposition, upon proper notice that such testimony is to be so presented at trial; and

(5) there is not good cause to continue the trial, or at this time, to expand the number of trial days; and

Having so found the Court has denied the Defendant-Intervenors' Motion To Amend the Scheduling Order (ECF No. 168) by ORDER (ECF No. 172) entered on July 12, 2017.

The Court further finds that it is appropriate to approve, with modifications, the pretrial schedule as proposed in the [PROPOSED] JOINT DISCOVERY PLAN (ECF No. 171) and it is, therefore, further ORDERED that:

(6) **Expert Reports**

Plaintiffs shall serve expert report(s) no later than **August 2, 2017**, Defendants and Defendant-Intervenors shall serve their expert report(s) no later than **August 15, 2017**, and Plaintiffs may serve any expert reply report(s) no later than **August 29, 2017**;

(7) **Expert Data**

The underlying data used for any analysis relied upon in the expert's report shall be served no later than the date on which the related report is due. This data shall be produced in an electronic format that is capable of being used as input to a variety of standardized software packages without conversion. Such formats may include: a) CSV (comma/character separated values); b) SDF (system default format, i.e., flat ASCII fixed column); and c) DBF (database file).

Each data file must contain a) a header record with field names or b) a data dictionary, internal or external, that

3

defines the name, type, and length of each data field in the record.

Each data file must also be accompanied by an identification of the sources and vintage of the information contained therein as well as a count of records. Data files must be in ASCII format with carriage return/line feeds but may be compressed via a standard compression utility; and

(8) **Written Discovery**

Written discovery shall be served no later than **July 19, 2017**. Objections and responses (including the delivery of requested documents to which no objection is made) shall be served by **July 26, 2017**. Privilege logs, if necessary, shall be submitted no later than **August 4, 2017**, and

(9) **Discovery Completion Date**

The discovery cutoff shall be **September 1, 2017** for fact discovery and **September 15, 2017** for expert depositions; and

(10) **Discovery Designations and Summaries**

(a) No later than **September 18, 2017**, all Parties shall serve on all other counsel a list of all discovery materials, specifying the appropriate portions thereof, that the Party intends to offer at the hearing;

(b) No later than **September 14, 2017**, all Parties shall serve on all counsel a list of all "fairness" or rebuttal designations and amended summaries, as appropriate;

4

   (c) No later than **September 18, 2017**, each of the Parties shall file any objection to the introduction of any designation or parts thereof or any summary;

   (d) No later than **September 21, 2017**, counsel shall confer to resolve objections to discovery designations. Any objections not resolved shall be determined at the Final Pretrial Conference, which is scheduled for 9:30 AM September 29, 2017 (ORDER, ECF No. 160, ¶8). The Parties shall brief the objections and file those briefs by **September 25, 2017** (opening briefs) and shall file reply briefs by **September 27, 2017**;

   (e) No later than **October 5, 2017**, the Party offering designated discovery shall file a conformed set of all designated discovery; and

  (11) **Witness and Exhibit Lists**

   (a) No later than **September 8, 2017**, Plaintiffs shall file a list of all witnesses intended to be called at trial, as well as a list of proposed exhibits;

   (b) No later than **September 14, 2017**, Defendants and Defendant-Intervenors shall file a list of all witnesses intended to be called at trial, as well as a list of proposed exhibits;

   (c) No later than **September 18, 2017**, any objections to exhibits shall be filed;

5

(d) On the day of trial, each Party shall deliver to the Clerk seven sets of pre-marked, indexed exhibits (one for the record [witness], two for each judge; and

(12) **Pre-Trial Briefs**

No later than **September 26, 2017**, each Party shall file a pre-trial brief; and

(13) **Motions *In Limine***

Motions *in limine*, if any, shall be filed so that the briefing is completed by **September 25, 2017** and shall be considered at the Final Pretrial Conference; and

(14) **Stipulations of Fact**

The Parties shall confer to attempt to reach stipulations of fact and shall file the resulting Stipulations of Fact by **September 27, 2017**; and

(15) **Copies of Expert Reports to the Court**

If, as was the case in the first trial, the Parties agree that expert reports are admissible in evidence, each side shall supply each Judge two copies of their respective expert reports by **September 27, 2017**; and

(16) **Trial Date**

The trial is scheduled to commence on **October 10, 11, and 12, 2017** at 10:00 a.m. at a location later specified; and

(17) **Post-Trial Briefs**

At the Court's discretion and direction, the Parties will file any requested briefs following the hearing.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge
For the Court

Richmond, Virginia
Date: July 13, 2017

.