# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | |
|---|---|
| GOLDEN BETHUNE-HILL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> VIRGINIA STATE BOARD OF ELECTIONS, *et al.*, <br><br> Defendants, <br><br> v. <br><br> VIRGINIA HOUSE OF DELEGATES, *et al.*, <br> Intervenor-Defendants. | Civil Action No. 3:14-cv-00852-REP-AWA-BMK |

**UNOPPOSED MOTION TO ALLOW FILING OF SECOND AMENDED COMPLAINT**

Plaintiffs respectfully move this Court to permit Plaintiffs to file a Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15. Rule 15 instructs that leave to amend "shall be freely given when justice so requires." Plaintiffs submit that this motion easily meets that standard. Indeed, this Court has previously granted a motion to allow the filing of an amended complaint under similar circumstances in this very litigation.

Plaintiffs filed the original Complaint in this matter on December 22, 2014. On June 12, 2015, the parties jointly filed a Motion to Allow Filing of Amended Complaint to add a new plaintiff because a former plaintiff had changed his place of residence. Dkt. No. 66. The Amended Complaint did not differ from the original complaint other than the change of plaintiffs. On June 15, 2015, the Court granted the parties' motion. Dkt. No. 67.

The Amended Complaint identified Davinda Davis as a Plaintiff residing in District 80. Plaintiffs have determined the need to replace Ms. Davis with Plaintiff Wayne Dawkins because Ms. Davis has changed her place of residence and moved out of the district as of July 29, 2017. Plaintiff Wayne Dawkins, a resident of District 80, is a United States citizen and registered voter in the Commonwealth of Virginia. Defendant-Intervenors consent to this proposed amendment, while Defendants take no position on this proposed amendment.

The Amended Complaint also identified Dr. Vivian Williamson as a Plaintiff residing in District 63. Plaintiffs have determined the need to replace Dr. Williamson with Plaintiffs Nancy Ross and Atiba Muse because Dr. Williamson has passed away. Plaintiff Nancy Ross, a resident of District 63, is a United States citizen and registered voter in the Commonwealth of Virginia. Ms. Ross is also the executrix of Dr. Williamson's estate. Plaintiff Atiba Muse, also a resident of District 63, is a United States citizen and registered voter in the Commonwealth of Virginia. Defendant-Intervenors do not oppose this proposed amendment, while Defendants take no position on this proposed amendment.

With the exception of these substitutions, the proposed Second Amended Complaint does not differ from the Amended Complaint in any respect. *See* Ex. A.

## DISCUSSION

Plaintiffs respectfully submit that, as with the earlier motion to amend, this Court should grant the present motion and allow Plaintiffs to file a Second Amended Complaint. *See*, *e.g.*, *Pittston Co. v. U.S.*, 199 F.3d 694, 705 (4th Cir. 1999) ("Rule 15(a) declares leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded.") (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Defendant-Intervenors consent to the proposed amendment to replace Plaintiff Davinda Davis with Plaintiff Wayne Dawkins, and doing so will neither delay nor complicate this litigation. Accordingly, that portion of this motion is undisputed and stipulated.

Defendant-Intervenors do not oppose the proposed amendment to replace Plaintiff Vivian Williamson with Plaintiffs Nancy Ross and Atiba Muse, provided that this motion notes that Dr. Williamson passed away on April 14, 2016, while this matter was pending before the United States Supreme Court. The timing of Dr. Williamson's death is unfortunate, to be sure, but has no material impact on this motion: Rule 15's liberal amendment standard provides clear direction to allow amendment of the complaint to add a competent plaintiff.

Plaintiffs' counsel raised the issue of amendment and substitution promptly upon learning of Dr. Williamson's death. Plaintiffs' counsel first learned of Dr. Williamson's passing on Thursday, July 20, 2017, after a series of unreturned telephone calls prompted an investigation revealing that Dr. Williamson had passed away. On Tuesday, July 25, 2017, Plaintiffs' counsel informed opposing counsel of Ms. Davis's pending move, Dr. Williamson's passing, and the need to replace both plaintiffs by way of a Second Amended Complaint. Plaintiffs' counsel have regularly relayed case-related information to Plaintiffs, including Dr. Williamson, and communicated with Plaintiffs in response to their questions about the case, but counsel did not learn of Dr. Williamson's passing until recently.

Moreover, despite the timing of Dr. Williamson's death, none of the parties raised issues of standing before the Supreme Court, and the Supreme Court's opinion in no way turned on standing. The Supreme Court used the same legal standard to rule on all of the challenged districts. That is, its opinion reversing this Court as to the remaining challenged districts turned on its articulation of the racial predominance standard as applied to *all* challenged districts,

rather than some issue peculiar to District 63 (or any other district). The wisdom of that decision should not now be revisited. *See Bank of the U.S. v. Moss*, 47 U.S. 31, 36 (1848) ("Judgment having been rendered for the plaintiffs, it was not competent for the court below to strike out the judgment at the next term, on the ground of supposed want of jurisdiction."). In any event, Plaintiffs are not aware of any authority supporting the proposition that this Court can or should revisit the issue of standing on appeal before a separate court.

Finally, Plaintiffs submit that resolving the matter through some mechanism other than the present motion would elevate form over substance. Any aggrieved individual residing in District 63 would unquestionably have standing to challenge the district in a separate litigation. Should this Court deny this motion, then such an individual could pursue the same claim that Ms. Ross and Mr. Muse seek to pursue in this lawsuit by filing a new racial gerrymandering complaint with respect to District 63 and having it consolidated with this matter—essentially achieving the same goal Plaintiffs seek to achieve today but with far more transaction costs and use of judicial resources.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request, pursuant to Rule 15, that this Court permit Plaintiffs to file a Second Amended Complaint to add Plaintiffs Wayne Dawkins, Nancy Ross, and Atiba Muse.

Pursuant to this Court's ECF Policies and Procedures, a consent order reflecting this proposed modification will be filed with the clerk's office.

Respectfully submitted,

By: */s/ Aria C. Branch*
Aria C. Branch (VSB No. 83682)
Marc E. Elias
Bruce V. Spiva (*pro hac vice*)
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 600
Washington, D.C. 20005-3960
Telephone: 202.654.6338
Facsimile: 202.654.9106
Email: ABranch@perkinscoie.com
Email: MElias@perkinscoie.com
Email: BSpiva@perkinscoie.com

Kevin J. Hamilton
Abha Khanna (*pro hac vice*)
Ryan Spear (*pro hac vice*)
William B. Stafford (*pro hac vice*)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: KHamilton@perkinscoie.com
Email: AKhanna@perkinscoie.com
Email: BStafford@perkinscoie.com
Email: RSpear@perkinscoie.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

On August 8, 2017, I caused to be served upon counsel of record, at the address stated below, via the method of service indicated, a true and correct copy of the above discovery requests.

VIA ELECTRONIC MAIL

Katherine L. McKnight (VSB No. 81482)
E. Mark Braden (*pro hac vice*)
Richard B. Raile (VSB No. 84340)
Baker & Hostetler LLP
1050 Connecticut Avenue NW, Ste. 1100
Washington, DC 20036
Phone: (202) 861-1500
Fax: (202) 861-1783
Email: kmcknight@bakerlaw.com
Email: mbraden@bakerlaw.com
Email: rraile@bakerlaw.com

Of counsel:
Dale Oldham, Esq.
1119 Susan Street
Columbia, SC 29210
Phone: 803-772-7729
Email: dloesq@aol.com

*Attorneys for Defendant-Intervenors*

Stuart A. Raphael (VSB No. 30380)
Matthew R. McGuire (VSB No. 84194)
Trevor S. Cox (VSB No. 78396)
Office of the Attorney General
202 North 9th Street
Richmond, VA 23219
Phone: (804) 786-7240
Fax: (804) 371-0200
Email: sraphael@oag.state.va.us
Email: mmcguire@oag.state.va.us
Email: tcox@oag.state.va.us

*Attorneys for Defendants*