# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| GOLDEN BETHUNE-HILL, et al., | |
| Plaintiffs, | Civil Action No. 3:14-cv-852-REP-GBL-BMK |
| v. | |
| VIRGINIA STATE BOARD OF ELECTIONS, et al., | |
| Defendants, | |
| v. | |
| VIRGINIA HOUSE OF DELEGATES, et al. | |
| Intervenor-Defendants. | |

## PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO INTERVENOR-DEFENDANTS

**TO:**       VIRGINIA HOUSE OF DELEGATES AND SPEAKER WILLIAM J. HOWELL
**AND TO:**   Katherine Lea McKnight, Effrem Mark Braden, and Jennifer Marie Walrath,

attorneys for Intervenor-Defendants

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiffs hereby request that

Intervenor-Defendants produce the documents described below at the offices of 700 13th St NW

#600, Washington, DC 20005, on or before March 20, 2015.

## DEFINITIONS AND INSTRUCTIONS

1.      Except as specifically defined below, the terms used in these Requests for Production shall be construed and defined in accordance with the Federal Rules of Civil Procedure, wherever applicable.  Any terms not defined shall be given their ordinary meaning.

2.      The singular includes the plural and vice versa.  The masculine includes the feminine and neuter genders.  The past tense includes the present tense where the clear meaning is not distorted by change of tense.

3.      "2011 Virginia Redistricting" means any activity relating to the Virginia General Assembly's efforts to draw and adopt Virginia House of Delegates districts in 2010 and 2011.

4.      "2011 Virginia House of Delegates Plan" means the redistricting plan passed by the General Assembly in 2011 that proposed new House of Delegates districts for the Commonwealth of Virginia, codified as Va. Code Ann. § 24.2-304.03.

5.      "General Assembly" means any current or former member of the Virginia General Assembly, the Virginia House of Delegates, the Senate of Virginia, and their current and former staff members, agents, employees, consultants, experts, and personnel, and including but not limited to employees of the Virginia Division of Legislative Services and their agents, consultants, experts, and personnel.

6.      "Virginia House of Delegates" means any current or former member of the Virginia House of Delegates, and their current and former staff members, agents, employees, consultants, experts, and personnel, and including but not limited to employees of the Virginia Division of Legislative Services and their agents, consultants, experts, and personnel.

7.      "Section 5 Submission" means the submission Virginia sent to the U.S. Department of Justice, pursuant to Section 5 of the Voting Rights Act of 1965, 42 U.S.C.

70916-0026/LEGAL125221475.4

§ 1973c, relating to the redistricting of Virginia's House of Delegates districts that occurred in 2011.

8.   "Map" includes all drawings of partial or whole maps or of individual districts or portions thereof, as well as associated data and shape files for partial or whole maps or for individual districts or portions thereof and the underlying demographic, political, and geographic data related to the maps.

9.   "Meeting" includes any public or private, official or unofficial, transcribed or non-transcribed gathering, conference, or communication of or between two or more individuals.

10.   The word "documents" is used in its customary broad sense and includes all written, typed, printed, recorded or graphic statements, emails, communications or other matter, however produced or reproduced, and whether or not now in existence, in your possession, custody or control, including: writings; emails; bulletins; notices; maps; draft maps; Word documents; PDFs; spreadsheets; studies; analyses; tabulations; reports; reviews; agreements; contracts; communications, including intracompany communications, letters or other correspondence; messages; telegrams; telexes; cables; electronically stored information; memoranda; records; notes; reports; summaries; sound recordings or transcripts of personal or telephone conversations; meetings; conferences or interviews; telephone toll records; diaries; desk calendars; appointment books; forecasts; accountants' work papers; drawings; graphs; charts; diagrams; blueprints; tables; indices; pictures; photographs; films; phonograph records; tapes; microfilm; microfiche; charges; ledgers; accounts; cost sheets; financial statements or reports; statistical or analytical records; minutes or records of board of directors, committee or other meetings or conferences; reports or summaries of investigations; opinions or reports or summaries of investigations; opinions or reports of consultants; appraisals; reports or summaries

of negotiations; books; brochures; pamphlets; circulars; trade letters; press releases; newspaper and magazine clippings; stenographic, handwritten or any other notes; notebooks; projections; working papers; checks, front and back; check stubs or receipts; invoice vouchers; tape data sheets or data processing cards and discs or any other written, recorded, transcribed, punched, taped, filed or graphic matter, however produced or reproduced; and any other document, writing or other data compilation of whatever description, including but not limited to any information contained in any computer although not yet printed out or the memory units containing such data from which information can be obtained or translated into reasonable usable form, and all drafts and non-identical copies of the foregoing.

11.     The term "electronically stored information" means information stored in or on any electronic medium or device, including computers, network servers, computer hard drives, e-mails, voicemails, CDs, DVDs, tapes, websites, intranet, extranet, databases, Personal Digital Assistants (PDAs), mobile phones, smart phones, flash drives, thumb drives and USB drives, whether portable or not, regardless of the software or application used to generate or store the document, data, information or item.

12.     The word "communication" means any transmission or exchange of information between two or more persons orally or in writing and includes, without limitation, any conversation or discussion, whether face-to-face or by means of any telephone, telegraph, telecopies, electronic, or other media, and any exchange of information or words by any electronic or written means.

13.     The phrase "related to" shall mean, without limitation, directly or indirectly constituting, evidencing, concerning, regarding, mentioning, discussing, describing, commenting

70916-0026/LEGAL125221475.4

upon, referring to, pertaining to, being connected with or reflecting upon the stated subject matter.

14.     "And" and "or" shall be construed conjunctively or disjunctively as necessary to bring within the scope of these requests information that might otherwise be construed as being outside their scope.  The use of the words "including" shall be construed to mean "without limitations."

15.     "You," "your" or any similar word or phrase includes each individual or entity responding to these discovery requests and, where applicable, each affiliated entity of each such person or entity and all persons acting on its or their behalf.

16.     These discovery requests shall be deemed continuing so as to require supplemental responses if you obtain further documents or information after the time your responses are served.

17.     File folders with tabs or labels identifying documents responsive to these requests should be produced intact with the documents.

18.     Documents attached to each other should not be separated.

19.     Documents shall be produced in Tagged Image File Format ("TIFF"), single page, black and white (or in color, if necessary for any given document or its content to be readable), dithered (if appropriate), at 300 x 300 dpi resolution and 8½ x 11 inch page size, except for documents requiring different resolution or page size to make them readable.  Each TIFF document shall be produced with an image load file in standard Opticon (*.log) format that reflects the parent / child relationship.  In addition, each TIFF document shall also be produced with a data load file in Concordance delimited format (*.dat), indicating (at a minimum) appropriate unitization of the documents, including beginning and ending production numbers

- 5 -

for (a) each document set, and (b) each attachment within each document set.  The TIFF images shall also be accompanied by extracted text or, for those files that do not have extracted text upon being processed (such as hard copy documents), optical character recognition ("OCR") text data; such extracted text or OCR text data shall be provided in document level form and named after the TIFF image.  Documents that contain redactions shall be OCR'd after the redaction is applied to the image, and the OCR will be produced in place of extracted text at the document level.  Notwithstanding the foregoing, the parties may negotiate a separate production format (including native format) for any documents that are not reasonably producible or readable as standard image files, such as audio files or large spreadsheets.

20.    For documents produced in TIFF format that originated in electronic form, metadata shall be included with the data load files described above, and shall include (at a minimum) the following information:  file name (including extension); original file path; page count; creation date and time; last saved date and time; last modified date and time; author; custodian of the document (that is, the custodian from whom the document was collected or, if collected from a shared drive or server, the name of the shared driver or server); and MD5 hash value.  In addition, for email documents, the data load files shall also include the following metadata:  sent date; sent time; received date; received time; "to" name(s) and address(es); "from" name and address; "cc" name(s) and address(es); "bcc" name(s) and address(es); subject; names of attachment(s); and attachment(s) count.  All images and load files must be named or put in folders in such a manner that all records can be imported without modification of any path or file name information.

21.    If you contend that it would be unreasonably burdensome to obtain and provide all of the documents called for, then:

a.     Produce all such documents as are available to you without undertaking what you contend to be an unreasonable request;

b.     Describe with particularity the efforts made by you or on your behalf to produce such documents, including, without limitation, identification of persons consulted, description of files, records and documents reviewed, and identification of each person who participated in the gathering of such documents, with specification of the amount of time spent and the nature of work done by such person; and

c.     State with particularity the grounds upon which you contend that additional efforts to produce such documents would be unreasonable.

22.     With respect to any document withheld from production on a claim of privilege or work product protection, please provide a written privilege log identifying each document individually and containing all information required by Rule 26(b)(5) of the Federal Rules of Civil Procedure.

23.     Unless otherwise provided in an individual Request, the date range for all document should be from January 1, 2010 to the present.

24.     Please produce all documents requested below to the extent not already produced by you in response to the FOIA request of Marc. E. Elias sent in or around January 2015.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**  Please produce all maps and draft maps related to the 2011 Virginia Redistricting, including but not limited to all maps, draft maps, and alternative iterations of Districts 63, 69, 70, 71, 74, 75, 77, 80, 89, 90, 92, and 95 in the 2011 Virginia House of Delegates Plan.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**  Please produce all communications between or among the Virginia House of Delegates, including but not limited to those members who represent or represented Districts 63, 69, 70, 71, 74, 75, 77, 80, 89, 90, 92, and 95, related to the 2011 Virginia Redistricting.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**  Please produce all communications between, among, or with the Virginia House of Delegates and any other individual or entity, including, without limitation, political organizations, lobbyists, political operatives, consultants, constituents, voters, and government officials, related to the 2011 Virginia Redistricting.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**  Please produce all documents and communications related to the black or African-American population, including but not limited to the Black Voting Age Population, of current, former, or proposed Virginia House of Delegates districts or any single current, former, or proposed Virginia House of Delegates district, between January 1, 2010, and April 28, 2011.

- 8 -

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 5:**  Please produce all documents and communications that reference, refer or relate to a minimum black population or Black Voting Age population in one or more current, former, or proposed Virginia House of Delegates districts between January 1, 2010, and April 28, 2011, including but not limited to all documents regarding the necessity, requirement or advisability of a baseline or minimum Black Voting Age population in individual districts.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 6:**  Please produce all documents and communications that reference, refer or relate to race or ethnicity as a consideration, factor, or criterion, with regard to the 2011 Virginia Redistricting.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 7:**  Please produce all documents, records, and information related to the Section 5 Submission, including without limitation communications by or to current or former Virginia House of Delegates members, and their staff members, agents, employees, consultants, advisors, experts, and personnel and communications by or to the U.S. Department of Justice.

**RESPONSE:**

70916-0026/LEGAL125221475.4

**REQUEST FOR PRODUCTION NO. 8:**  Please produce all communications between the Virginia House of Delegates and any and all local, statewide, or national Republican groups, including without limitation the Republican National Committee, National Republican Congressional Committee, Republican State Leadership Committee, Republican Legislative Campaign Committee, current or former members of the local, state, or national Republican group, their staff members, agents, employees, consultants, advisors, experts, and personnel, related to the 2011 Virginia Redistricting.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**  Please produce all public statements made by the Virginia House of Delegates related to the 2011 Virginia Redistricting.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**  Please produce all documents related to the 2011 Virginia Redistricting, including without limitation all emails, letters, notes, press releases, and other documents.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**  Please produce all documents related to the 2011 Virginia House of Delegates Plan, or any alternate House of Delegates Plan considered by the Virginia House of Delegates, including without limitation all emails, letters, notes, press releases, and other documents.

70916-0026/LEGAL125221475.4

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**  Please produce all documents used in preparation of, referenced or identified in, related to, reviewed, or otherwise forming the foundation of each and every answer to the interrogatories served concurrently with this discovery request.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**  Please produce all documents regarding redistricting criteria, factors, or considerations that were used, considered, or applied in drawing the 2011 Virginia House of Delegates Plan and/or any individual district.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**  Please produce all document related to or reflecting an analysis of racial voting patterns with respect to the 2011 Virginia House of Delegates Plan, including without limitation any documents related to or reflecting a racial polarized voting analysis and any documents related to or reflecting an analysis of retrogression under or in relation to Section 5 of the Voting Rights Act.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**  Please produce all documents (including without limitation transcripts, minutes, video recordings, and notes) related to any meeting held regarding the 2011 Virginia Redistricting.

- 11 -

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**  Please produce all documents related to any testimony you expect from any individual identified in response to Interrogatory No. 14.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**  Please produce all communications with any expert witness identified in Interrogatory No. 14 with respect to the 2011 Virginia Redistricting, the 2011 Virginia House of Delegates Plan, *Page v. Virginia State Board of Elections*, No. 3:13-cv-678, or the present case (Civil Action No. 3:14-cv-852-REP-GBL-BMK), including, without limitation, communications involving current or former members of the Virginia House of Delegates, their staff members, agents, employees, consultants, advisors, experts, attorneys, and personnel before or after the present case was filed.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**  Please produce all documents listed or referenced in your Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1), including all documents listed or referred to in any supplement to your Initial Disclosures pursuant to Fed. R. Civ. P. 26(e)(1).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**  Please produce all documents that allegedly support any of the affirmative defenses listed in Intervenor-Defendants' Answer in in this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**  Please produce all documents related to any potential testimony from any person who you may call, plan to call, or expect to call as a witness at the trial of this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:**  Please produce any documents relating to, referencing, or explaining the political goals of the 2011 Virginia Redistricting, including without limitation any documents relating to, referencing, or explaining any goal to disadvantage Democratic officeholders or candidates or advantage Republican candidates or incumbents and any documents relating to, referencing, or explaining that the goal was *not* to disadvantage Democratic officeholders or otherwise provide more advantageous districts for Republican candidates or incumbents.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:**  Please produce any documents and communications relating to, referencing, analyzing, or explaining the political performance of one or more current, former, or proposed Virginia House of Delegates districts.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:**  Please produce any documents explaining, discussing, or referencing the Voting Rights Act as applied to one or more current, former, or proposed Virginia House of Delegates districts or any part of the 2011 Virginia House of Delegates Plan.

- 13 -

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:**  Please produce all documents relating to, referencing, or explaining the potential for retrogression with respect to one or more current, former, or proposed Virginia House of Delegates districts, including all documents relating to, referencing, or explaining what, if anything, was done to prevent retrogression.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:**  Please produce all documents produced or other materials provided by Intervenor-Defendants to Defendants in or related to the present case.

**RESPONSE:**

DATED: March 5, 2015

By: */s/ John K. Roche*
    John K. Roche (VSB# 68594)
    Marc Erik Elias (admitted *pro hac vice*)
    Elisabeth C. Frost (admitted *pro hac vice*)
    **PERKINS COIE** LLP
    700 Thirteenth Street, N.W., Suite 600
    Washington, D.C.  20005-3960
    Telephone: 202.654.6200
    Facsimile: 202.654-6211

- 14 -

Kevin J. Hamilton (admitted *pro hac vice*)
Abha Khanna (admitted *pro hac vice*)
**PERKINS COIE** LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000


Attorneys for Plaintiffs

70916-0026/LEGAL125221475.4

## RULE 26(g) CERTIFICATION

I have read the foregoing responses and objections to these requests for production and certify that, to the best of my knowledge, information and belief, formed after a reasonably inquiry, they comply with the requirements of Federal Rule of Civil Procedure 26(g)(1)(B).

DATED this _____ day of _____, 20___.

By: _____

70916-0026/LEGAL125221475.4

**CERTIFICATE OF SERVICE**

On March 5, 2015, I caused to be served upon counsel of record, at the address stated

below, via the method of service indicated, a true and correct copy of the above discovery

requests.

VIA ELECTRONIC MAIL

Jennifer Marie Walrath
Katherine Lea McKnight
Baker & Hostetler LLP (DC)
1050 Connecticut Ave NW
Suite 1100
Washington, DC 20036
202-861-1702
Fax: 202-861-1783
jwalrath@bakerlaw.com
kmcknight@bakerlaw.com

Efrem Mark Braden
Baker & Hostetler LLP (DC-NA)
Washington Square
Suite 1100
Washington, DC 20036
202-861-1504
Fax: 202-861-1783
mbraden@bakerlaw.com

Of counsel:
Dale Oldham, Esq.
1119 Susan St.
Columbia, SC 29210
Telephone: 803-772-7729
dloesq@aol.com

*Attorneys for Intervenor-Defendants*

Jeffrey P. Brundage
Daniel Ari Glass
Kathleen Angell Gallagher
Eckert Seamans Cherin & Mellott LLC
1717 Pennsylvania Ave NW, Suite 1200
Washington, D.C. 20006
(202) 659-6600
Fax:  (202) 659-6699
jbrundage@eckertseamans.com
dglass@eckertseamans.com
kgallagher@eckertseamans.com

Godfrey T. Pinn, Jr.
Harrell & Chambliss LLP
Eighth and Main Building
707 East Main Street
Suite 1000
Richmond, VA 23219
gpinn@hclawfirm.com

Anthony F. Troy
Eckert Seamans Cherin & Mellott LLC
707 East Main Street
Suite 1450
Richmond, Virginia  23219
(804) 788-7751
Fax:  (804) 698-2950
ttroy@eckertseamans.com

*Attorneys for Defendants*

**I certify under penalty of perjury that the foregoing is true and correct.**

DATED this 5th day of March, 2015.

*/s/ John K. Roche*_____