```
 1            IN THE UNITED STATES DISTRICT COURT

 2          FOR THE EASTERN DISTRICT OF VIRGINIA

 3                    RICHMOND DIVISION

 4

 5      ---------------------------------------
                                          :
 6    GOLDEN BETHUNE-HILL, et al.          :
                                          :    Civil Action No.
 7    vs.                                  :    3:14cv852
                                          :
 8    VIRGINIA STATE BOARD OF ELECTIONS,   :    September 22, 2017
      et al.                               :
 9    ---------------------------------------

10

11

12          COMPLETE TRANSCRIPT OF THE CONFERENCE CALL

13          BEFORE THE HONORABLE ROBERT E. PAYNE

14                UNITED STATES DISTRICT JUDGE

15    APPEARANCES:

16    Kevin J. Hamilton, Esquire
      Abha Khanna, Esquire
17    Perkins Coie, LLP
      1201 Third Avenue
18    Suite 4800
      Seattle, Washington  98101
19    Counsel for the plaintiffs

20    Trevor S. Cox, Esquire
      Office of the Attorney General
21    202 North 9th Street
      Richmond, Virginia  23219
22    Counsel for the defendants

23

24                 Peppy Peterson, RPR
                 Official Court Reporter
25              United States District Court
```

1  <u>APPEARANCES:</u>  (cont'g)

2  Katherine L. McKnight, Esquire
   E. Mark Braden, Esquire
3  Baker & Hostetler, LLP
   Washington Square
4  Suite 1100
   1050 Connecticut Avenue NW
5  Washington, D.C.  20036
   Counsel for intervenor defendants

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                            P R O C E E D I N G S

2

3          THE COURT:  Hello.  This is Golden Bethune-Hill

4    against Virginia State Board of Elections, et al., civil

5    3:14CV852.  Who is here for whom starting with counsel for the

6    plaintiffs, and when you speak, please give your name.

7          MR. HAMILTON:  Good morning, Your Honor.  It's Kevin

8    Hamilton and Abha Khanna for the plaintiff.

9          THE COURT:  All right.

10         MR. COX:  Your Honor, for the defendant, this is

11   Trevor Cox.

12         MS. McKNIGHT:  Yes, Your Honor, good afternoon, Your

13   Honor.  This is Kate McKnight, and I have with me Mark Braden

14   for defendant intervenors.

15         THE COURT:  All right, thank you.  Thank you for

16   being available.  I have received this joint proposed agenda

17   for final pretrial conference, and, administratively, I'm a

18   little confused about it.  Item two says any motions *in limine*

19   that the Court would like to discuss and potentially resolve

20   before trial.

21         The order that was entered in the case requires that

22   the motions *in limine* to have been filed by now, but there are

23   no motions *in limine*, so I don't understand what item two is.

24   Can somebody help me with that?

25         MS. McKNIGHT:  Your Honor, this is Kate McKnight with

1    the defendant intervenors, and pardon us if this is confusion

2    on the parties' part, but we had understood the Court's order

3    to read that motions *in limine* would be due this coming Monday.

4            THE COURT:  Why would that be so, because they were

5    due so they would be ripe, that is fully briefed and completed

6    by the 25th which is Monday.

7            MS. McKNIGHT:  Right, Your Honor.  We were trying to

8    comply with the court order that noted that any motions *in*

9    *limine* would be due by Monday, the 25th.

10           THE COURT:  Where does it say that?  Maybe I'm

11   misreading it.

12           MS. McKNIGHT:  Pardon me, Your Honor.  I do not have

13   that order in front of me right now.  I believe it was an order

14   dated July 13th.

15           THE COURT:  Let me look.

16           MS. McKNIGHT:  I'd ask plaintiffs' counsel or

17   defendants' counsel to step in if they had a different

18   understanding of the due date.

19           MR. HAMILTON:  This is Mr. Hamilton.  I don't know.

20   We don't intend to file any motions *in limine*, so I haven't

21   studied what the deadline is for the motions, so I apologize

22   for not having that.

23           THE COURT:  I've got the order right here.  It's

24   docket number 173, paragraph 13, page six.  It says, "Motions

25   *in limine*, if any, shall be filed so that the briefing is

1    completed by September 25th and shall be considered at the

2    pretrial conference."  So that briefing contemplates an opening

3    brief, a response brief, and a reply brief, and if you don't

4    file them until the 25th, you can't comply with paragraph 13.

5         MS. McKNIGHT:  Your Honor, we may be able to cut this

6    conversation to the quick which is, you know, I just heard what

7    plaintiffs said, and, to be frank, the defendant intervenors do

8    not intend to file any motions *in limine* either.  That was our

9    reading of the order, so that's why we included it, to make

10   sure it captured anything that would be filed, but it sounds

11   like no parties, as long as defendants agree, intend to file

12   any motions *in limine* on Monday.

13        MR. COX:  This is Trevor Cox.  Defendants also agree.

14   We have no motions *in limine* to file.

15        THE COURT:  So there won't be any motions *in limine*

16   to be considered.  All right.  Now, are you all going to

17   propose, before the final pretrial conference, a schedule

18   for -- I don't know what item number one means, schedule for

19   trial considering final trial witness list.  What does that

20   mean?  Is somebody going to eliminate witnesses, or are the

21   lists of witnesses that we have now complete and you want to

22   know, taking into account those lives that we have now, how the

23   trial will proceed, or what do we want to address here?

24        MS. McKNIGHT:  Yes, Your Honor.  As I understood it,

25   defendant intervenors understood it, the latter which is final

1  trial witnesses have been filed, and I believe there may be

2  upwards of 17 witnesses.  So I ask plaintiffs to correct my

3  understanding if they have a different understanding, and we

4  have three days set for trial.  So we had not discussed filing

5  a proposed trial schedule, though if that's what the Court

6  would like, we can certainly do that.

7           THE COURT:  It looks to me like, Mr. Hamilton, that

8  she's roughly correct about the number of witnesses, but I

9  haven't really counted them.  You have filed how many?

10          MR. HAMILTON:  Well, we have two experts, Your Honor,

11 and then several fact witnesses, I think five or six delegates

12 who are going to testify.  The delegate testimony is going to

13 be relatively brief.  I don't anticipate they will be very long

14 at all, and of the two experts.  Jonathan Rodden from Stanford

15 will be the one who will be testifying for the longer part.  So

16 the bulk of our case in chief is going to be two expert

17 witnesses and six very rapid-succession delegates.

18          THE COURT:  Palmer and Rodden are the experts; right?

19          MR. HAMILTON:  That's correct, Your Honor.

20          THE COURT:  And then the other witnesses, one, two,

21 three, four, five, six are all delegates.  Now, how long do you

22 anticipate the delegates' testimony to be each?

23          MR. HAMILTON:  Probably from -- on the short end

24 20 minutes to, on the long end, 30, maybe 40.  But that's

25 probably only Delegate McClellan.  Several of these have never

1    testified before, but they're going -- the subject covered is

2    relatively discrete and will happen very quickly.  Delegate

3    McClellan has already testified.  We do not intend to have her,

4    or anyone else, repeat the testimony from the first trial other

5    than maybe to get a couple of quick highlights unless the Court

6    would like us to walk it through again for the benefit of the

7    new member of the panel that didn't hear the trial the first

8    time.

9         THE COURT:  I'll raise that with the other judges,

10   and we'll deal with it at the final pretrial.  How long do you

11   expect Palmer to be, and how long do you expect Rodden to be?

12        MR. HAMILTON:  Palmer, we think probably about two

13   hours.  The parties, again, Your Honor, like we did last time,

14   have stipulated to the admission of all of the expert reports,

15   and pursuant to the Court's order, those will be delivered to

16   chambers prior to the commencement of the trial.  I don't have

17   the scheduling order in front of me, so I don't remember the

18   exact dates.

19        THE COURT:  That's fine.

20        MR. HAMILTON:  Because of that, the Court will have

21   had the opportunity to review the expert witness reports, and

22   I'm hoping that can help us streamline.  I certainly don't want

23   to go through, in excruciating detail, the calculation of a

24   Reock or other factor that we're presenting in the expert

25   testimony, so we'll try to keep that relatively moving.  But

1    Max Palmer, Professor Palmer, we expect to be about two hours.

2              THE COURT:  How about Rodden?

3              MR. HAMILTON:  Rodden we expect to last about three

4    including -- in both of those cases, that's including cross,

5    but, obviously, I don't control the time that intervenors spend

6    cross-examining these witnesses.

7              THE COURT:  I understand.  I'm just trying to get a

8    feel so we can talk about it further and decide a couple of

9    things.

10             Now, how about the defendants?  Let me see.  Your

11   witness list is -- just a minute here.  Is document number 188.

12   You have, what, three experts it says?  How long will Hofeller

13   be?

14             MR. BRADEN:  This is Mark Braden.  I would assume all

15   the expert witnesses, their direct testimony would be a half an

16   hour each.

17             THE COURT:  All right.  And you have seven -- well,

18   Morgan, is he testifying as a fact witness by virtue of the

19   work he did as a demographer?

20             MR. BRADEN:  That is correct.  He is the individual

21   who sat at the computer with Jones and actually drew

22   significant portions of the plan.  So, yes, he's testifying as

23   a fact witness.

24             THE COURT:  What about Loewen who testified in *West*

25   *against Gilmore*?  You're just talking about --

1          MR. BRADEN:  It is our assumption, and I think we're

2    very close, and the plaintiffs' counsel can inform me, but I

3    think that's going to be stipulated to.  I would not anticipate

4    Dr. Loewen would be a witness in this case.  I think his

5    testimony is going to be stipulated to where he authenticates

6    the report.

7          THE COURT:  All right, and then Jones, how long do

8    you expect him to be?

9          MR. BRADEN:  I would expect Jones to run two to three

10   hours, and I would expect Morgan to run two to three hours.

11         THE COURT:  How about the others?  You've got

12   Peace --

13         MR. BRADEN:  Yes.  I would expect that these -- much

14   like the other delegates, they have a fairly narrow window of

15   testimony on which they would be talking about.  I would guess

16   that their direct testimony would be 15 to 20 minutes each.

17         THE COURT:  For all of them -- for each one of them.

18         MR. BRADEN:  Yes.  I expect each one, we could do the

19   direct testimony in 15 to 20 minutes.

20         THE COURT:  All right.  I would like for you all to

21   submit, to talk further about timing, but it looks to me like

22   the plaintiffs' case is shorter than the defendants' case, and

23   we have not addressed the defendants' rebuttal case.  Have you

24   thought about that, Mr. Hamilton, what your rebuttal case may

25   consist of?

1        MR. HAMILTON:  I am, Your Honor.  I think that --

2  obviously it will depend on -- we won't be able to make a final

3  decision until the end, but I would expect that it may be

4  Professor Rodden responding to whatever points were made in the

5  defendants' case, and then we may have a handful of delegates

6  to respond to statements made by intervenor's witnesses.

7        THE COURT:  All right.  Now, have you all -- in item

8  three, have you resolved the outstanding objections to

9  discovery designations, or will there actually be discovery

10  designations that we need to actually rule on?

11        MS. McKNIGHT:  Your Honor, this is Kate McKnight for

12  the defendant intervenors.  The Court required that we meet and

13  confer by yesterday, and we were able to do that with

14  plaintiffs' counsel.  We were able to make progress,

15  significant progress, frankly, but I think there will remain

16  some objections to deposition designations.

17        THE COURT:  All right.  Somebody is in school or at

18  home.

19        MS. McKNIGHT:  I'm sorry, Your Honor.  You caught me

20  at my daughter's soccer practice.

21        THE COURT:  I hope she's doing well.  That's a risk I

22  take when I call quick conference calls, isn't it, Ms.

23  McKnight?

24        MS. McKNIGHT:  Yes, 3:30 would have been a lot

25  quieter for me, but I wanted to make sure everybody was on, so

1    pardon me, Your Honor.

2         THE COURT:  That's no problem.  What I'd like for you

3    to do, then, is if you have -- you are continuing to work on

4    trying to resolve the objections; is that correct?

5         MS. McKNIGHT:  That is correct.  Frankly, we just

6    need to finalize an agreement I believe we came to last night

7    and yesterday, but that said, even if we come to agreement, I

8    think some objections will still remain for your consideration.

9         THE COURT:  As to the ones that remain, bring to the

10   pretrial conference -- excuse me.  Let me start again.  When do

11   you think you'll identify what it is that's left to be dealt

12   with?  When will you be finished with your process so you know

13   what we're going to have to confront?

14        MS. McKNIGHT:  Your Honor, we will be filing briefs

15   on Monday.  I believe your scheduling order requires -- the

16   objections have already been filed, and briefs will be filed on

17   Monday.

18        THE COURT:  As to the remaining; is that right?

19        MS. McKNIGHT:  That's correct, Your Honor.

20        THE COURT:  When you file the briefs on Monday,

21   please attach to them -- and remember, you need to address --

22   take a copy to each judge's chambers -- a copy of the cover

23   page of the deposition so we know who the deponent is, then the

24   page or pages of the testimony that is being proffered, and

25   mark it, mark the page or pages with highlighting that

1   indicates the testimony being offered that is objected to, and

2   in the margin, just note the basis for the objection such as

3   401, 403, et cetera, so we are highlighted to get quickly back

4   to your brief on the topic.  Do you all understand what I'm

5   trying to communicate?

6           MR. HAMILTON:  Yes, Your Honor.

7           MS. McKNIGHT:  Yes, Your Honor.  Thank you.

8           THE COURT:  Do you have other discovery designations

9   beyond depositions?

10          MS. McKNIGHT:  There are a few, but we don't have any

11  objections pending towards those designations.

12          THE COURT:  All right.  What are miscellaneous trial

13  administrative issues?  It's been my experience in the past

14  that those things strike like rattlesnakes out of the side of a

15  trail, and I'm particularly, and I know Judge Keenan and Judge

16  Allen are adverse to strikes of that sort.  So what do you have

17  in mind by putting in that general term?

18          MR. HAMILTON:  Your Honor --

19          MS. McKNIGHT:  Your Honor, this is Kate McKnight for

20  defendant intervenors, and pardon me, Kevin, I don't mean to

21  interrupt you.  I think, at least for the defendant

22  intervenor's part, we anticipated that that portion of the

23  agenda would cover items such as if we had any questions about

24  electronic use in the courtroom or types of copies, number of

25  copies you'd want.  I expected that to be just fairly benign

1    questions about admin procedures with trial proceedings.

2          THE COURT:  Mr. Hamilton, is that your view?

3          MR. HAMILTON:  I have a more specific list that I can

4    read the list of issues that we intended to raise; number one,

5    whether we could do the technology walk-through in the

6    courtroom on Friday, October 6th.  Monday immediately preceding

7    the trial is a holiday, so we were hoping that we would be able

8    to do the walk-through in the afternoon on Friday.  We've been

9    speaking with Kathy Hancock.

10          THE COURT:  The answer to that question is both sides

11    can do it.  You don't want to do it on Monday, so you can do it

12    on Friday, October 6th, and you can do it at any time during

13    that day.  And you work it out so -- are you going to have a

14    separate technology guru with you, Ms. McKnight, and the

15    defendants, or are we going to deal with only one guru or what?

16          MS. McKNIGHT:  Yes, Your Honor, we will have a few

17    people with us who will be able to -- I think she would

18    appreciate the label of technology guru, but she will be with

19    us.  She will be the one who will be working in the courtroom

20    to determine what technology is needed.

21          THE COURT:  You don't think she would appreciate it

22    or she would appreciate it?

23          MS. McKNIGHT:  I think she would appreciate it.

24          THE COURT:  Okay, because I didn't want to insult

25    anybody.

1          MS. McKNIGHT:  Not at all, Your Honor.

2          THE COURT:  You all both work with Ms. Hancock.  I

3    will reinforce with her that you will be doing that on

4    October 6th and that you'll get everything -- you can get your

5    equipment set up and leave it in there if you want to.

6          MR. HAMILTON:  Your Honor, the next item on my list

7    was whether both sides would be allowed to store exhibits and

8    attorney working materials on Friday in the courtroom or if

9    there's a separate conference area for the parties available in

10   that way.

11         THE COURT:  Each of you are going to be given a room,

12   and I, frankly, don't remember what I told Ms. Hancock about

13   what, but there is a working room that is sort of an attorney

14   conference room right off of the entrance to the courtroom, and

15   then there's another room just down the hall from the

16   elevators, and in the past, what the parties have done is kind

17   of assessed how many people they have, what they're going to

18   do, and decided on who needed which one based on their own

19   requirements.

20         You can put -- we've had people put copy machines in

21   there, and we've had people arrange to put telephones in there

22   and all kinds of different machines, things that will help you

23   with your case, but talk with Ms. Hancock about that and take a

24   look, and I don't see any reason why you can't bring your

25   exhibits in and have them ready.  Is that what you want to do,

1   Mr. Hamilton, instead of having to do it on the morning of

2   trial?

3            MR. HAMILTON:  That's exactly right, Your Honor.

4            THE COURT:  I think that makes sense.  So exhibits, I

5   don't know how many there are, but she'll work with you to work

6   something out.  You all contact her, and I'll be in touch with

7   her about that.

8            MR. HAMILTON:  Thank you, Your Honor.  The next item

9   on my list was whether the parties would be allowed to have

10  lunch brought into the courtroom during the trial; for example,

11  preordering lunch and meeting somebody and being able to bring

12  in and eat lunch in the conference room.

13           THE COURT:  You can eat in the conference room.  If

14  you eat in the courtroom, Judge Hudson will shoot me.

15           MR. HAMILTON:  We wouldn't want that, Your Honor.

16           THE COURT:  You might not yet.

17           MR. HAMILTON:  Do we need an order to allow those

18  lunches to be brought in?

19           THE COURT:  I will attend to that.

20           MR. HAMILTON:  Thank you, Your Honor.

21           THE COURT:  You all know that you need to submit your

22  application to bring your electronics in by description, and

23  whatever you want to bring in, you tell me, work with Ms.

24  Hancock, get the form filled out, and I'll endorse it.

25           MR. HAMILTON:  Thank you, Your Honor.  That was my

1  next item.  Then in the first trial in Alexandria, the Court

2  required the parties to buy bookshelves that were placed behind

3  each judge's area.  Is there a similar request this time

4  around?

5         THE COURT:  I don't know the answer to that.  Let me

6  ask the judges and get back to you.  What did you buy?  Did you

7  buy it or rent it or what?

8         MR. HAMILTON:  I believe we bought it, and we split

9  the costs with opposing counsel.

10         THE COURT:  Do you still have them?

11         MR. HAMILTON:  I don't think so, no.  I think they

12  were from Costco.  It wasn't a hugely expensive thing.

13         THE COURT:  I'll let you know.  I'll check with the

14  judges and be back in touch with you.

15         MR. HAMILTON:  Thank you, Your Honor.  Then the last

16  thing was whether we needed any kind of order or special

17  permission form to bring oversized poster boards into the

18  courtroom.

19         THE COURT:  Not into the courtroom, but to get them

20  in the courthouse, just make a list of what you are bringing

21  and let me have it, and I'll attend to having -- if you'll work

22  with Ms. Hancock on that, and -- just get a list.  You don't

23  need to bring them in here.  Just bring a list of what they are

24  and describe them as oversized poster boards and there are six

25  of them or four or whatever, and she'll have a letter order

 1    prepared to let them in without any fuss.

 2          MR. HAMILTON:  Perfect, Your Honor.  Those are the

 3    items that we had planned to raise under item number four on

 4    the agenda.

 5          THE COURT:  This gives us a pretty good feel, and I'm

 6    going to have this transcript prepared and given to Judge Allen

 7    and Judge Keenan, and then we may have other items we may want

 8    to talk with you about, but I'll get proposals for -- what I

 9    started to say and I don't think I finished, as to item number

10    one, I'd like for you to sort of sort out how you think the

11    allocation of trial time ought to go.

12          I'm not quite so sure that 50/50 is the right way to

13    go and I don't think hard and fast rules and counting minutes,

14    but keeping time is going to be your responsibility with an

15    effort to try to keep things under control, but make specific

16    proposals and have them in our hands by Thursday, if you would,

17    as to what you think.

18          If you find some agreement, great.  If you don't,

19    make your own proposals as to splitting of trial time, and then

20    we'll deal with them at the final pretrial conference.  That

21    will be on the 29th, and I've issued an order saying what that

22    room is, et cetera.  All right, is there anything else you all

23    need other than you want a copy of the transcript, I assume, of

24    this; do you not?

25          MS. McKNIGHT:  Yes.

1      MR. HAMILTON:  Yes, Your Honor.

2      MS. McKNIGHT:  Yes, Your Honor.  Thank you.

3      THE COURT:  Anything else you all have?  Nope.

4      MR. HAMILTON:  Nothing from the plaintiffs, Your

5    Honor.

6      MS. McKNIGHT:  Nothing from defendant intervenors,

7    Your Honor.  Thank you.

8      THE COURT:  Has she scored yet, Ms. McKnight?

9      MS. McKNIGHT:  Yes, there was a goal scored.

10      THE COURT:  You all take care.  Thank you very much.

11

12                  (End of proceedings.)

13

14

15      I certify that the foregoing is a correct transcript

16    from the record of proceedings in the above-entitled matter.

17

18

19    _____/s/_____              _____
20    P. E. Peterson, RPR                Date

21

22

23

24

25