IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(RICHMOND DIVISION)

| | |
|---|---|
| GOLDEN BETHUNE-HILL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> VIRGINIA STATE BOARD OF ELECTIONS, *et al.*, <br><br> Defendants. | Civil Action No. 3:14-cv-00852-REP-AWA-BMK |

**DEFENDANT-INTERVENORS' OBJECTIONS
TO PLAINTIFFS' DISCOVERY DESIGNATIONS**

Defendant-Intervenors, the Virginia House of Delegates and Virginia House of Delegates Speaker William J. Howell ("Defendant-Intervenors"), through counsel, and pursuant to this Court's Order dated July 13, 2017 (Dkt. 173), hereby brief their objections filed on September 18, 2017 (Dkt. 192), to certain of Plaintiffs' discovery designations.

**I.   Plaintiffs' Designations of the Deposition Transcript of Delegate Roslyn Tyler are inadmissible under the federal rules of evidence.**

Plaintiffs designate for admission into evidence deposition testimony by Delegate Roslyn Tyler that is inadmissible under Federal Rules of Evidence 602, 701 and the rules against hearsay. Plaintiffs' designations, with related counter-designations, subject to these objections are: 63:24-66:16; 67:2-15; 70:16-76:17; 81:20-82:16; 84:6-10 (attached as Exhibit A, "Tyler Tr."[1]). For each of these designations, Delegate Tyler lacks personal knowledge of the subject examined and the only testimony elicited is inadmissible hearsay. "The Federal Rules of

---

[1] In Exhibit A, text highlighted in green was designated by Plaintiffs, text highlighted in yellow was counter-designated by Defendant-Intervenors, and text highlighted in pink is subject to an objection detailed herein. Line numbers for text subject to an objection maintains the green or yellow highlighting to indicate the designating party.

Evidence teach that personal knowledge is the predicate of reliability." *Soutter v. Equifax Info. Servs. LLC*, 299 F.R.D. 126, 131 (E.D. Va. 2014) (Payne, J.) (citing Fed. R. Evid. 602). "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. Rule 602 allows that "[e]vidence to prove personal knowledge may consist of the witness's own testimony," Fed. R. Evid. 602, but not even this allowance saves Plaintiffs' designations as Delegate Tyler's testimony about her knowledge of these topics is clear: she has none. Federal Rule of Evidence 701 requires that testimony by fact witnesses is limited to opinions that are "(a) rationally based on the witness's perception" and "(b) helpful to clearly understanding the witness's testimony or to determining a fact in issue." Fed. R. Evid. 701. "Limitation (a) is the familiar requirement of first-hand knowledge or observation," Fed. R. Evid. 701 Notes of Advisory Committee on Proposed Rules, a requirement that Delegate Tyler's testimony in these designations cannot possibly satisfy because, again, she has no first-hand knowledge or observation from which to draw admissible testimony. The rule against hearsay and its exceptions do no provide a path to admissibility for these Tyler designations: the statements about which Delegate Tyler testifies in these designations were made by declarants other than Delegate Tyler and those statements are offered by Plaintiffs, through Delegate Tyler, to prove the truth of the matter asserted. Federal Rules of Evidence 801 and 802 prohibit admission of this testimony. Fed. Rs. Evid. 801 & 802.

      **a. Designations 63:24-66:16 & 67:2-15**

Plaintiffs' designations 63:24-66:16 and 67:2-15 include testimony by Delegate Tyler about an e-mail–Exhibit 9 to the deposition–which Delegate Tyler did not send or receive. Tyler Tr. 63:24-64:22; Tyler Tr. Ex. 9 ("Tyler's Exhibit 9" attached as Exhibit B). There is no indication Delegate Tyler had ever seen the e-mail before. *Id.* Plaintiffs seek to have admitted into evidence answers to questions about what an author of that unknown e-mail, Delegate Jones,

was "referring to" or thought (Tyler Tr. 66:2-16), or was "talking about" (Tyler Tr. 67:2-15). Delegate Tyler lacks all personal knowledge of what Delegate Jones referred to, thought, or was talking about.  Even if she had been a recipient of the e-mail—which she was not—the most that she could have testified to in order to provide admissible evidence was her own understanding having received the e-mail.  Fed. Rs. Evid. 602 and 701.

Considering the good faith efforts by all parties to narrow pretrial disputes, it bears asking: why are Plaintiffs fighting to admit this type of clearly inadmissible evidence?  First, Plaintiffs have an opportunity to submit Tyler's Exhibit 9 into evidence in this case and ask Delegate Jones about it directly.  Second, Plaintiffs elicited and have designated elsewhere in Delegate Tyler's deposition testimony about the 55 BVAP figure.  *See, e.g.*, Tyler Tr. 55:21-56:21; 57:2-59:3.  Delegate Tyler's testimony shows her repeated belief that the 55% figure was related to "Democratic performance" not black voting age population (Tyler Tr. 57:19-58:1; *see also*, 62:11-62:16); that Delegate Jones never said anything to her about a "55 percent BVAP threshold" (Tyler Tr. 57:9-11); and that she did not understand "the 55 percent figure" to be "a criteria or a requirement to apply to all the majority-minority districts," (Tyler Tr. 58:6-11).  It seems the answer to the question of why Plaintiffs are fighting to admit this inadmissible testimony is because the testimony provided by Delegate Tyler based on her own perception does not favor Plaintiffs' story that race predominated Delegate Jones' redrawing effort or that he dictated to minority delegates a fixed BVAP figure for their districts.  Tyler Tr. 57:2-59:3. But that is no reason for this Court to admit clearly inadmissible evidence and designations 63:24-66:16 and 67:2-15 should be excluded.  Fed. R. Evid. 701 Notes of Advisory Committee on Proposed Rules ("If, despite these considerations, attempts are made to introduce meaningless

3

assertions which amount to little more than choosing up sides, exclusion for lack of helpfulness is called for by the rule.").

### b. Designation 70:16-76:17

Plaintiffs' designations, and the related counter-designations, on pages 70 through 76 of Delegate Tyler's deposition transcript include testimony about a transcript from a Virginia House of Delegates Redistricting Public Hearing that lasted some 30 minutes and was conducted over four years prior to the deposition. Tyler Tr. 69:13-25; Tyler Tr. Ex. 10 (attached as Exhibit C). Delegate Tyler did not remember this hearing ("Q. Do you remember this hearing? A. No." Tyler Tr. 70:3-4), and did not remember attending ("Q. Do you know if you attended this hearing? A. No, I don't." Tyler Tr. 70:5-6). Plaintiffs seek to admit as evidence testimony from Delegate Tyler about statements made by *other* delegates—Delegates Dance and Jones—at this hearing (Tyler Tr. 70:16-71:15; 72:23-73:23; 76:11-76:17). Incredibly, Plaintiffs also seek to submit to this Court testimony from Delegate Tyler to a question posed about what was in Delegate Jones' *mind* during this public hearing Delegate Tyler has no recollection of occurring or attending. (Tyler Tr. 76:11-17) (Q. "do you think it's pretty fair to say that there was, at least in Delegate Jones' mind, . . ."). Nothing in the record indicates Delegate Tyler has personal knowledge of what was in the mind of other people when those people made statements at a short hearing some four years ago. Indeed, even if she thought she had personal knowledge about these topics, her testimony likely would be inadmissible hearsay. Fed. Rs. Evid. 801, 802 (prohibiting the admission of testimony about other declarant's statements offered to prove the truth of the matter asserted).

Remarkably, the two delegates at issue—Delegates Dance and Jones—are scheduled to be witnesses at trial in this matter. Dkt. 185 & 188. It is unclear why Plaintiffs are fighting to admit this type of testimony when the targets of their inquiry have been deposed multiple times

in this matter and are scheduled to appear live before this Court at trial.

### c. Designations 81:20-82:16 & 84:6-10

Plaintiffs' designations 81:20-82:16 and 84:6-10 include testimony about a transcript from a Privileges and Elections Redistricting Senate Hearing that was conducted over four years prior to the deposition. Tyler Tr. 81:1-14; Tyler Ex. 11 (attached as Exhibit D). There is no evidence that Delegate Tyler attended this hearing, Tyler Ex. 11, and Delegate Tyler testified that she had no recollection of ever seeing the transcript or of attending (81:10-19). Despite Delegate Tyler's clearly stated lack of any personal recollection, Plaintiffs seek to submit to this Court testimony from her about whether the deposing attorney accurately read words from the transcript of that hearing (81:20-82:16), and about what Delegate Jones *meant* when he said something transcribed (84:6-10). Federal Rules of Evidence 602, 801 and 802 deem this testimony inadmissible. Fed. Rs. Evid. 602, 801 & 802.

Again, it is difficult to understand why Plaintiffs are fighting to include this type of inadmissible testimony; the substance of the inadmissible testimony is included elsewhere in the deposition in testimony elicited directly from Delegate Tyler's own perception. *E.g.*, Tyler Tr. 82:17-84:3; 84:11-85:25.

While prodding and shaping witness memory with unknown communications by third-parties may be a clever deposition tactic, it rarely generates admissible evidence. "The rule requiring that a witness who testifies to a fact which can be perceived by the senses must have had an opportunity to observe, and must have actually observed the fact is a most pervasive manifestation of the common law insistence upon the most reliable sources of information." Fed. R. Evid. 602 Notes of Advisory Committee on Proposed Rules (internal citations removed). Delegate Tyler cannot provide admissible testimony on subjects about which she herself states she has no personal knowledge. *Cooper v. City of Virginia Beach, Va.*, 817 F. Supp. 1310, 1316

5

(E.D. Va. 1993), *aff'd sub nom. Cooper v. City of Virginia Beach*, 21 F.3d 421 (4th Cir. 1994) (excluding testimony on whether a car tail light was shining at the time the witness was driving the car because, due to the limits of human sight, the witness could have no personal knowledge, and could not "testify at all, let alone credibly," about the topic); *see also Brach v. Conflict Kinetics Corp.*, No. 1:16-CV-978, 2017 WL 3267961, at *6 (E.D. Va. July 31, 2017) (Ellis, J.) (excluding testimony because witness did not testify based on her personal knowledge and therefore her belief was not competent evidence); *Latimer v. Washington Gas Light Co.*, No. 1:11CV571 GBL/TRJ, 2012 WL 2087783, at *17 (E.D. Va. June 7, 2012) (Lee, J.) (requiring witnesses to testify only to matters of which their personal knowledge is supported by evidence). Plaintiffs' designations and related counter-designations in Delegate Tyler's deposition testimony, 63:24-66:16; 67:2-15; 70:16-76:17; 81:20-82:16; and 84:6-10, are inadmissible under Federal Rules of Evidence 602, 701, and the rules against hearsay, and should be excluded from evidence in this matter.

## II. Plaintiffs' Designations of the Deposition Transcript of Christopher Michael Marston violate federal rules of evidence.

Plaintiffs seek to designate testimony from Christopher M. Marston, a deponent not named on any witness list, who has not been deemed unavailable as a witness for the purpose of satisfying any exception to the rule against hearsay. Fed. Rs. Evid. 801-804; and Fed. R. Civ. P. 32. The applicable rules allow Plaintiffs to submit into evidence the testimony of Mr. Marston over Defendant-Intervenors' objections where Plaintiffs try "by process or other reasonable means, to procure" Mr. Marston's attendance. Fed. R. Evid. 804 (a)(5)(A); *see also* Fed. R. Civ. P. 32(a)(4)(D). Plaintiffs had the opportunity to identify Mr. Marston as a witness and serve him with a subpoena to testify at trial, but they did not. Designations of Mr. Marston's deposition transcript should be excluded from evidence.

Dated: September 25, 2017

Respectfully submitted,

VIRGINIA HOUSE OF DELEGATES
AND VIRGINIA HOUSE OF DELEGATES
SPEAKER WILLIAM J. HOWELL

By Counsel

*/s/ Katherine L. McKnight*
Katherine L. McKnight (VSB No. 81482)
E. Mark Braden (*pro hac vice*)
Richard B. Raile (VSB No. 84340)
BAKER HOSTETLER LLP
1050 Connecticut Avenue, NW Suite 1100
Washington, DC 20036
Telephone: 202.861.1500
Facsimile: 202.861.1783
kmcknight@bakerlaw.com
mbraden@bakerlaw.com
rraile@bakerlaw.com

Dalton L. Oldham, Esq. (*pro hac vice*)
1119 Susan St.
Columbia, SC 29210
Telephone: 803-772-7729
dloesq@aol.com

*Attorneys for the Virginia House of Delegates and*
*Virginia House of Delegates Speaker William J. Howell*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of September, 2017, the foregoing Defendant-Intervenors' Objections To Plaintiffs' Discovery Designations was filed and served on all counsel of record pursuant to the Court's electronic filing procedures using the Court's CM/ECF system.

    */s/ Katherine L. McKnight*
Katherine L. McKnight (VSB No. 81482)
E. Mark Braden (*pro hac vice*)
Richard B. Raile (VSB No. 84340)
BAKER HOSTETLER LLP
1050 Connecticut Avenue, NW Suite 1100
Washington, DC  20036
Telephone: 202.861.1500
Facsimile:  202.861.1783
kmcknight@bakerlaw.com
mbraden@bakerlaw.com
rraile@bakerlaw.com

*Attorneys for the Virginia House of Delegates and Virginia House of Delegates Speaker William J. Howell*