IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(RICHMOND DIVISION)

| | |
|---|---|
| GOLDEN BETHUNE-HILL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> VIRGINIA STATE BOARD OF ELECTIONS, *et al.*, <br><br> Defendants. | Civil Action No. 3:14-cv-00852-REP-AWA-BMK |

**DEFENDANT-INTERVENORS' REPLY TO PLAINTIFFS'
OBJECTIONS TO DEFENDANT-INTERVENORS' DISCOVERY DESIGNATIONS**

Defendant-Intervenors, the Virginia House of Delegates and Virginia House of Delegates Speaker William J. Howell ("Defendant-Intervenors"), through counsel, and pursuant to this Court's Order dated July 13, 2017 (Dkt. 173), hereby reply to Plaintiffs' Objections To Defendant-Intervenors' Discovery Designations filed on September 25, 2017 (Dkt. 200).

Plaintiffs' objections to the Court's consideration of roughly one page of deposition testimony of Christopher M. Marston, 47:16 to 48:15 ("Marston Designations"), are meritless. The testimony contains no legal advice, Defendant-Intervenors have not raised advice of counsel as a defense, and the Marston Designations therefore can be admitted as evidence without privilege waiver. The Court should deny Plaintiffs' objections.

I. **The Marston Designations do not divulge any advice of counsel.**

Privilege waiver occurs only where "a party claiming the privilege has voluntarily disclosed confidential information on a given subject matter to a party not covered by the privilege." *Hanson v. U.S. Agency for Intern. Dev.*, 372 F.3d 286, 293–94 (4th Cir. 2004). The challenged Marston Designations contain no privileged material and thus can neither waive

privilege nor place privilege at issue. The Marston Designations show the *fact* that Mr. Marston sought legal counsel, but reveal no *content* of communications to or from counsel. They do not even reveal whether or not counsel was provided or relied on.

  Q[1]: How did you determine whether a minority group or minority groups would have a lesser opportunity to elect a candidate of their choice?

  A: We didn't have a hard-and-fast rule to determine that. As with many things in the law, it's a bit of a judgment call. I don't recall how many court decisions I read, but I couldn't get the same answer out of all of them as to what I needed to do, so we did our best and **sought legal advice to see if what we were doing appeared to be compliant.

  Q: Did you do -- when I say did "you" do, I mean did you do or direct or interact with one of your consultants who was doing any data analysis to determine whether a proposed plan would cause retrogression?

  A: Yes.

  Q: Tell me about that.

  A: As we were preparing a plan and when we finished a plan, we would ask our attorneys for their opinion as to whether or not they thought that there was retrogression and, more importantly, whether it could be precleared.

  Q: I guess I'm asking more of a factual question, which is,

---

[1] The text that is subject to Plaintiffs' objection is bracketed by asterisks ("**"); introductory text that was designated by Plaintiffs is included for context.

2

> how did you use the data to determine whether or not there was retrogression?
>
> A: So we would prepare a list of the 100 districts and then racial composition and consult with our attorneys to see what they thought about whether or not we could successfully get the plan precleared.**

Mr. Marston's testimony that, in determining minority groups' electoral strength, House Members and their consultants sought legal counsel does not waive privilege. *Shaheen v. WellPoint Companies, Inc.*, 490 Fed. App'x 552, 557 (4th Cir. 2012) (unpublished) (quoting *Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 863 (3d Cir. 1994)) (finding no waiver where defendant did not indicate they relied on advice of counsel in making hiring decisions, and therefore had not asserted advice of counsel as an affirmative defense). For waiver to occur, Mr. Marston would, at minimum, have needed to disclose the substance of the privileged communications upon which Defendant-Intervenors purportedly rely. He did not.

In fact, Mr. Marston was legally obligated to reveal the fact that he sought legal advice in response to questions by Plaintiffs' counsel at his deposition. "Facts are discoverable, the legal conclusions regarding those facts are not." *Rhone* at 864 ("A litigant cannot shield from discovery the knowledge it possessed by claiming it has been communicated to a lawyer; nor can a litigant refuse to disclose facts simply because that information came from a lawyer."). Thus, it was *Plaintiffs'* choice to elicit this information, and it was Plaintiffs' choice to designate for use at trial Mr. Marston's testimony about how this work was done, thereby entitling Defendant-Intervenors to counter-designate this material. If Plaintiffs find this information damaging to their case, they have no one to blame but themselves. *See*, *Elat*, 2013 WL 1146205, at *6 (D. Md. Mar. 18, 2013) (finding no waiver where there was no evidence that plaintiff relied upon

3

communications with her counsel, and the communications only were raised as a result of questions by defendants' counsel during plaintiff's deposition).

## II. Defendant-Intervenors have not put this advice of counsel at issue in this case.

Advice of counsel is not an affirmative defense in this case. Answer of Defendant-Intervenors (Dkt. 27, Feb. 3, 2015). Nor could Defendant-Intervenors put any advice at issue, even if they wanted to, without knowing the substance of that advice. Waiver cannot occur in these circumstances. *See, e.g.*, *Shaheen v. WellPoint Companies, Inc.*, 490 Fed. App'x 552, 557 (4th Cir. 2012) (unpublished) ("[Defendant] never asserted advice of counsel as an affirmative defense. Indeed, neither Ingle nor Lohmeyer indicated that they relied on advice of counsel in terminating [Plaintiff], or in making the alleged defamatory statements. Thus, the "at issue" doctrine does not apply.").

Plaintiffs assert that Defendant-Intervenors somehow have "taken affirmative steps" to inject the advice of counsel into the case because Defendant-Intervenors "*have not denied*" intent to place it at issue. Pls' Obj. 5 (emphasis added). But an absence of action is by definition *not* an affirmative step. *Rhone–Poulenc Rorer v. Home Indem. Co.*, 32 F.3d 851, 863 (3d Cir. 1994) (cited by *Shaheen v. WellPoint Cos., Inc.*, 490 Fed. App'x 552, 557 (4th Cir. 2012); *U.S. v. Moazzeni*, 906 F. Supp. 2d 505, 510 (E.D. Va. Dec. 3, 2012)) ("The advice of counsel is placed in issue where the client asserts a claim or defense, and attempts to prove that claim or defense by disclosing or describing an attorney-client communication."). Again, Mr. Marston's testimony reveals no advice of counsel and no advice-of-counsel defense has been raised in this case. No waiver can be found. *See*, *Balt. Scrap Corp. v. David J. Joseph Co.*, 1996 WL 720785, at *26 (D. Md. Nov. 20, 1996) ("the principal inquiry should focus on whether or not the proponent of the privilege is relying upon the privileged communication to prove his or her case"); *Elat v. Emandopngoubene*, 2013 WL 1146205, at *6 (D. Md. Mar. 18, 2013) ("the central inquiry in

determining whether a party has impliedly waived the attorney-client privilege is whether that party affirmatively attempts to 'rely' on advice of counsel"); *Rhone*, 32 F.3d at 863 ("Advice is not in issue merely because it is relevant, and does not necessarily become in issue merely because the attorney's advice might affect the client's state of mind in a relevant manner.").

Plaintiffs' only other arguments amount to griping about the tight pre-trial schedule and the adversarial process of litigation. *E.g.*, Pls' Obj. nn.1 & 2. We feel their pain.

Dated: September 27, 2017    Respectfully submitted,

VIRGINIA HOUSE OF DELEGATES
AND VIRGINIA HOUSE OF DELEGATES
SPEAKER WILLIAM J. HOWELL

By Counsel

*/s/ Katherine L. McKnight*
Katherine L. McKnight (VSB No. 81482)
E. Mark Braden (*pro hac vice*)
Richard B. Raile (VSB No. 84340)
BAKER HOSTETLER LLP
1050 Connecticut Avenue, NW Suite 1100
Washington, DC  20036
Telephone:   202.861.1500
Facsimile:    202.861.1783
kmcknight@bakerlaw.com
mbraden@bakerlaw.com
rraile@bakerlaw.com

Dalton L. Oldham, Esq. (*pro hac vice*)
1119 Susan St.
Columbia, SC  29210
Telephone:  803-772-7729
dloesq@aol.com

*Attorneys for the Virginia House of Delegates and Virginia House of Delegates Speaker William J. Howell*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of September, 2017, the foregoing Defendant-Intervenors' Reply To Plaintiffs' Objections To Defendant-Intervenors' Discovery Designations was filed and served on all counsel of record pursuant to the Court's electronic filing procedures using the Court's CM/ECF system.

                               */s/ Katherine L. McKnight*
                               Katherine L. McKnight (VSB No. 81482)
                               E. Mark Braden (*pro hac vice*)
                               Richard B. Raile (VSB No. 84340)
                               BAKER HOSTETLER LLP
                               1050 Connecticut Avenue, NW Suite 1100
                               Washington, DC 20036
                               Telephone: 202.861.1500
                               Facsimile: 202.861.1783
                               kmcknight@bakerlaw.com
                               mbraden@bakerlaw.com
                               rraile@bakerlaw.com

                               *Attorneys for the Virginia House of Delegates and*
                               *Virginia House of Delegates Speaker William J. Howell*