## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| GOLDEN BETHUNE-HILL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> VIRGINIA STATE BOARD OF ELECTIONS, *et al.*, <br><br> Defendants. | Civil Action No. 3:14-cv-00852-REP-AWA-BMK |

**PLAINTIFFS' MEMORANDUM REGARDING DEPOSITION DESIGNATIONS**

At the Final Pretrial Conference on September 29, 2017, this Court directed the parties to submit additional briefing with respect to the dispute over the parties' designations, and counter-designations, of deposition testimony of Christopher M. Marston. *See* Transcript of the Final Pretrial Conference ("Tr.") at 43:3-19 (Dkt. 210) (attached as Ex. A).

Mr. Marston is a consultant who assisted with the House of Delegates redistricting effort in 2011. *See* Tr. at 35:7-42:19. Defendant-Intervenors ("Intervenors") objected to the designation of Mr. Marston's testimony "as a whole," *id.* at 35:16, on the ground that his deposition testimony is impermissible hearsay, *see id.* at 35:8-22 ("Your Honor, this is a fairly – we believe fairly simple objection to designations made in Delegate – pardon me, Mr. Marston's testimony which is . . . [o]n the basis that it is inadmissible hearsay, the point being that plaintiffs have not identified Mr. Marston as being unavailable for trial, and we believe that is the only exception to hearsay that they can rely on in admitting this testimony."). Plaintiffs argued that Mr. Marston's designated testimony was admissible as an "admission of a party opponent" under Federal Rule of Evidence 801(d)(2)(D). *See id.* at 37:12-42:2. The Court concluded that "neither [Plaintiffs

137148411.1

nor Intervenors] really confronted the key issues that we're dealing with right now very thoroughly. Why don't you file us a brief." *Id*. at 42:9-11.

Having examined that issue, and in light of the limited relevance of the material, Plaintiffs now concede the point and agree that all the Marston designations that were the subject of this dispute should be excluded. Further, Plaintiffs withdraw their designations of the deposition of Delegate Roslyn C. Tyler to which Intervenors have objected. *See* Dkt. 202 at 1.[1]

Plaintiffs respectfully submit that, as a result of these concessions, the parties' pending disputes regarding discovery designations are resolved. *See* Dkt. Nos. 192, 193, 200, 201, 202, 206, and 207. Plaintiffs attempted to agree on a stipulation to that effect with Intervenors but were unable to reach agreement.

DATED: October 2, 2017

By: /s/ *Aria C. Branch*
Aria C. Branch (VSB # 83682)
Marc Erik Elias (admitted *pro hac vice*)
Bruce V. Spiva (admitted *pro hac vice*)
Elisabeth C. Frost (admitted *pro hac vice*)
John K. Roche (VSB # 68594)
**PERKINS COIE LLP**
700 Thirteenth Street, N.W., Suite 600
Washington, D.C. 20005-3960
Telephone: 202.434.1627
Facsimile: 202.654.9106

---

[1] As discussed at the Final Pretrial Conference, portions of the Marston deposition and the Tyler deposition were designated by the parties and received into evidence during the 2015 trial. *See* Trial Transcript at 436:3 to 437:11 (July 9, 2015) ("MR. HAMILTON: . . . I neglected to point out to the Court and bring to the Court's attention the previously submitted deposition designations filed by both parties. It's been previously filed. That's docket entry number 90, and that, of course, is part of our case. JUDGE PAYNE: You mean as part of your case. MR. HAMILTON: Yes. JUDGE PAYNE: All right. I guess technically we'll reopen the case and allow those entries in. You have no objection, Mr. Braden? I take it you knew they were coming. MR. BRADEN: I have no objection, Your Honor. JUDGE PAYNE: All right, they're part of the case, and thank you very much, Mr. Hamilton, for catching that. Sometimes in the heat of these things, we overlook a few things. No harm, no foul."). Of course, that material is a part of the record before the Court for purposes of the second trial.

- 3 -

                Kevin J. Hamilton (admitted *pro hac vice*)
                Abha Khanna (admitted *pro hac vice*)
                Ryan Spear (admitted *pro hac vice*)
                William B. Stafford
                      (admitted *pro hac vice*)
                **PERKINS COIE LLP**
                1201 Third Avenue, Suite 4900
                Seattle, WA 98101-3099
                Telephone: 206.359.8000
                Facsimile: 206.359.9000

                *Attorneys for Plaintiffs*

137148411.1

CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of October, 2017, the foregoing was filed and served on all counsel of record pursuant to the Court's electronic filing procedures using the Court's CM/ECF system.

By: /s/ Aria C. Branch
Aria C. Branch (VSB # 83682)
Marc Erik Elias (admitted pro hac vice)
Bruce V. Spiva (admitted pro hac vice)
Elisabeth C. Frost (admitted pro hac vice)
John K. Roche (VSB # 68594)
Perkins Coie LLP
700 Thirteenth Street, N.W., Suite 600
Washington, D.C. 20005-3960
Telephone: 202.434.1627
Facsimile: 202.654.9106

*Attorneys for Plaintiffs*