IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| GOLDEN BETHUNE-HILL, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>VIRGINIA STATE BOARD OF ELECTIONS, et al.,<br><br>　　　　Defendants.<br><br>VIRGINIA HOUSE OF DELEGATES, et al.,<br><br>Intervenor-Defendants, | Civil Action No. 3:14-cv-00852-REP-GBL-BMK |

## DECLARATION OF KEVIN J. HAMILTON

I, Kevin J. Hamilton, state that I have personal knowledge of the matters set forth in this declaration and, if sworn as a witness, would testify as follows:

1.   I am an attorney practicing at the firm of Perkins Coie LLP and served as a lead counsel for the plaintiffs in this matter. I hereby submit this declaration in support of Plaintiffs' Motion for Attorneys' Fees and Litigation Expenses.

2.   Plaintiffs were represented in this matter by attorneys from the firm of Perkins Coie LLP.

3.   I have been a partner with Perkins Coie since 1994. I have significant election law experience in statewide recounts, election contests, campaign finance issues, and administering elections. I have been involved in redistricting and election related litigation around the country, including in Arizona, Florida, Ohio, Minnesota, Nevada, New York, North

- 2 -

Carolina, Texas, Washington, and Virginia. As a Fellow in the American College of Trial Lawyers and a member of the American Law Institute, I have extensive experience litigating civil rights actions in federal and state courts across the country, making my hourly rate reasonable. I was lead counsel in both of the trials held in this matter.

4. Marc Elias has been a partner with Perkins Coie since 2002. He is Chair of the Political Law Practice of Perkins Coie LLP and is recognized as a national expert in political and elections law. He has been involved in redistricting litigation in more than a half-dozen states regarding the 2010 census, including Florida, Texas, North Carolina, Minnesota, Nevada, New York, and Virginia, and has been involved in election related litigation in numerous other states as well. He is a member of the Bar of the District of Columbia and has been admitted *pro hac vice* in this matter. In addition, he has been admitted to the U.S. Supreme Court; the U.S. Court of Appeals for the Fifth Circuit; U.S. Court of Appeals for the Fourth Circuit; the U.S. Court of Appeals for the District of Columbia Circuit; and the U.S. District Court for the District of Columbia. Mr. Elias argued this case on appeal before the United States Supreme Court.

5. Bruce Spiva is a partner in Perkins Coie's political law group in the Washington, D.C. office. Mr. Spiva graduated from Harvard Law School in 1992, where he served as editor and treasurer of the Harvard Law Review. Mr. Spiva clerked for the Honorable Jerome Farris for the Ninth Circuit. Mr. Spiva has decades of litigation experience, representing clients in complex litigation in such areas as congressional redistricting, civil rights, and First Amendment law. Prior to joining Perkins Coie, Mr. Spiva headed his own firm, Spiva and Hartnett, and was a partner at Jenner & Block. Representative cases include *Vieth v. Jubelirer*, 541 U.S. 267 (2004). Along with myself and associate Aria Branch, Mr. Spiva served as trial counsel in the first trial held in this matter.

6. Abha Khanna is a partner with Perkins Coie in the Seattle office.[1] Ms. Khanna graduated from Yale Law School in 2007, where she was an editor on the Yale Law Review. Prior to joining Perkins Coie in 2010, Ms. Khanna served as a law clerk to Judge Judith W. Rogers of the United States Court of Appeals for the District of Columbia Circuit and Judge Robert S. Lasnik of the United States District Court for the Western District of Washington. Ms. Khanna focuses her practice on complex commercial and political law litigation. She has extensive experience litigating voting rights cases around the country, including challenges to congressional and legislative redistricting maps in all the matters set out above. Ms. Khanna's redistricting litigation experience includes trials in Florida and Texas. Ms. Khanna has also authored several briefs on redistricting before the United States Supreme Court.  Along with myself and associate Aria Branch, Ms. Khanna served as trial counsel in the second trial held in this matter.

7. Ryan Spear is a partner with Perkins Coie in the Seattle office.[2] Mr. Spear graduated from Harvard Law School in 2007, where he was an editor on the Harvard Law Review. Mr. Spear focuses his practice on complex privacy and political law litigation. Mr. Spear's extensive political law litigation experience includes the Florida and Virginia matters described above.

8. Ben Stafford is a partner with Perkins Coie in the Seattle office.[3] He graduated with high honors from the University of Washington School of Law, where he served as an executive editor for the Washington Law Review. Mr. Stafford's extensive redistricting litigation

---

[1] Ms. Khanna was promoted to partner in January 2017, and has been working on this case since its inception in late 2014.
[2] Mr. Spear was promoted to partner in January 2018, and has been working on this case since March 2015.
[3] Mr. Stafford was promoted to partner in January 2016, and has been working on this case since February 2015.

experience includes the Florida, Minnesota, North Carolina, and Virginia matters described above, as well as numerous other political litigation matters around the country.

9. We were assisted by several additional partners and associates, many of whom have been involved in redistricting and election related litigation in other states. Attached as Exhibit A is a copy of attorney biographies that summarize the attorneys' respective expertise and professional experience.

10. All attorneys involved in this matter on behalf of Plaintiffs recorded their time contemporaneously. All attorneys are instructed that they are legally and ethically obligated to accurately record their time. To the best of my knowledge, Perkins Coie billing records accurately reflect the time that their attorneys devoted to this matter. I have reviewed those records and they are consistent with my recollection of the work performed by each attorney. Plaintiffs have submitted detailed time entries as Appendix A to Plaintiffs' motion, which were compiled from contemporaneously created time records maintained by Plaintiffs' counsel, isolating the total number of hours for which Plaintiffs seek fees for each timekeeper through May 31, 2018, and reflecting both the actual rates charged and, as described in paragraph 11 below, the local "Richmond" rate per each timekeeper.

11. All timekeepers charged the usual rates charged by each individual for cases of similar complexity, which are consistent with prevailing market rate of individuals with their skills and levels of experience. For purposes of Plaintiffs' fee application, Plaintiffs seek recovery at "Richmond" rates rather than the actual rates charged. With respect to work performed in 2014 through 2016, Plaintiffs seek recovery at the rates set out in this Court's opinions in *Personhuballah v. Wittman*, No. 3:13-cv-00678, dated March 11, 2015, and March 3, 2017. The specific rates awarded by the Court are set out at Dkt. #139 at 14 and Dkt. #327 at 27

in that case.  To the extent additional timekeepers performed work, Plaintiffs have proposed rates based on the rate for comparable timekeepers identified in the *Wittman* court's opinions.  With respect to work performed in 2017 and 2018, Plaintiffs seek recovery at the same rates, with some upward adjustment to reflect some (but not all) of the increase in Plaintiffs' counsels' rates in 2017 and 2018.

12.     Plaintiffs also utilized the services of a team of "document review" attorneys employed by Perkins Coie to review the substantial number of records produced to Plaintiffs by the Commonwealth of Virginia and Defendant-Intervenors in response to discovery and public records requests.  Given the volume of records in question, Plaintiffs utilized document review attorneys for reasons of efficiency, as such attorneys bill at a reduced rate of $125 an hour. These attorneys are: Molly Foster, Lisa Grimm, Paul Harrison, Donald Hegstrom, Margret Lindstrom, Clinton Moore, Travis Nye, Jeanette Ramirez, Ariel Schneier, Alexandara Stemmler, and Nicole Wolfe.

13.     Plaintiffs are not seeking to recover all the fees incurred.  Rather, Plaintiffs are limiting their fee petition to the members of Plaintiffs' litigation team who billed a substantial number of hours on this matter, and thus are excluding, among other things, hours spent by other attorneys, paralegals, and other timekeepers who assisted in litigating this matter over the course of the more than three-and-a-half years this case has been pending.

14.     Moreover, although Plaintiffs' counsel strove at all times to (and did) efficiently try this complex lawsuit, in reviewing the time entries, I exercised billing judgment and eliminated time entries that appeared to me to be even arguably redundant or not essential to the litigation.

15. In total, I have eliminated time entries outright for 37 timekeepers, including attorneys and staff, who contributed substantive and administrative support for this matter. After exercising billing judgment, and eliminating these additional timekeepers' entries, I reduced Plaintiffs' fee request by $397,692.50, which is roughly 12% of Plaintiffs' total fee request.

16. The following table identifies the attorneys and staff members from Perkins Coie who worked on this case and for whom the recovery of fees is sought between the inception of the case and May 31, 2018. (Plaintiffs will submit a supplemental fee petition to encompass work performed on this matter since June 1, 2018). All timekeepers charged the usual rates charged by each individual for cases of similar complexity, which are consistent with prevailing market rate of individuals with their skills and levels of experience. For each of the timekeepers below, I have stated the "Richmond" hourly rate, the number of hours worked, and the total amount of fee:

| TIMEKEEPER | RATE | | | | TOTAL HOURS | TOTAL |
|---|---|---|---|---|---|---|
| | 2014 | 2015-2016 | 2017 | 2018 | | |
| Aria Branch | $300 | $345 | $410 | N/A | 1,269.50 | $466,621.25 |
| Amanda Callais | N/A | $345 | N/A | N/A | 164.20 | $56,649 |
| Ceridwen Cherry | N/A | $345 | N/A | N/A | 60.30 | $20,803.50 |
| Document Review Attorneys | N/A | $125 | N/A | N/A | 368.50 | $48,062.50 |
| Marc Elias | $575 | $575 | $675 | N/A | 108.70 | $63,252.50 |
| Elisabeth Frost | $390 | $390 | $490 | $530 | 125.50 | $49,263.50 |
| Kevin Hamilton | $575 | $575 | $675 | $715 | 1,392.10 | $864,272.50 |
| Abha Khanna | $410 | $410 | $510 | $550 | 1,247.90 | $572,133.00 |
| Ruthzee Louijeune | N/A | $320 | $420 | N/A | 220.70 | $87,804.00 |
| Patricia Marino | N/A | $190 | $230 | N/A | 887.65 | $181,723.50 |

| TIMEKEEPER | RATE | | | | TOTAL HOURS | TOTAL |
|---|---|---|---|---|---|---|
| | 2014 | 2015-2016 | 2017 | 2018 | | |
| Rachel Roberts | N/A | $125[4] | $180 | N/A | 199.50 | $25,482.00 |
| John Roche | N/A | $465 | $465 | N/A | 10.90 | $5,068.50 |
| Ryan Spear | N/A | $410 | $510 | N/A | 956.70 | $415,977.00 |
| Bruce Spiva | N/A | $575 | $675 | N/A | 417.00 | $244,065.00 |
| William Stafford | N/A | $405 | $505 | N/A | 437.50 | $201,737.50 |
| **Total** | | | | | 7,866.65 | $3,302,915.25 |

17. Through the date of this submission, Plaintiffs seek recovery of $558,384.96 in litigation expenses reasonably and necessarily incurred in the prosecution of the case. These expenses are customarily charged to and paid by hourly clients.

18. Plaintiffs retained three testifying expert witnesses to assist Plaintiffs in meeting their burden of establishing that race predominated in the construction of the challenged districts, and that the use of race was not narrowly tailored.

19. Dr. Stephen Ansolabehere received his Ph.D. in political science from Harvard University, where he has served as a Professor of Government at Harvard since 2008. Dr. Ansolabehere formerly served as a professor of Political Science at the Massachusetts Institute of Technology, where he was an Associate Department Head from 2001-2005, and served as Co-Director of the Caltech/MIT Voting Technology Project. Dr. Ansolabehere has received numerous accolades over his career. He is a member of the American Academy of Arts and Sciences and a Carnegie Scholar, and serves on numerous professional boards.

---

[4] Ms. Roberts' actual rate is less than the Richmond rate for Ms. Marino previously identified by the *Wittman* court.

20. Dr. Rodden is a professor in the political science department at Stanford University. Dr. Rodden received his PhD from Yale University and his BA from the University of Michigan, and was a Fulbright student at the University of Leipzig, Germany. Before joining the Stanford faculty in 2007, he was the Ford Associate Professor of Political Science at the Massachusetts Institute of Technology. He has also written a number of articles and books, including on redistricting.

21. Dr. Palmer became a professor at Boston University in 2014, after receiving his Ph.D. in Political Science at Harvard University. His research addresses various topics, including redistricting and election law. His research has been published in the American Political Science Review, the Journal of Politics, and the Journal of Empirical Legal Studies.

22. The following chart, which summarizes Plaintiffs' litigation expenses, is taken from contemporaneous, documented expense records regularly prepared and maintained by Perkins Coie in the regular course of business. Likewise, the detailed expense entries submitted as Appendix B to Plaintiffs' motion were compiled from expense records contemporaneously maintained by Perkins Coie.

| CATEGORY OF EXPENSE/COST | TOTAL |
|---|---|
| Shipping | $12,714.34 |
| Travel (Hotels, Transportation, Meals) | $65,532.91 |
| Research (Electronic) | $25,540.92 |
| Electronic Discovery Database Hosting | $20,966.40 |
| Admin (trial supplies, printing costs) | $101,781.96 |
| Expert Costs | $303,765.60 |
| Other Discovery | $30,603.09 |
| **Total** | $558,389.96 |

23.     The amount set out above and in Appendix B excludes all costs set out in Plaintiff's cost bill, filed on July 9, 2018.  Plaintiffs filed a separate cost bill to ensure the timeliness of that submission under the Court's Local Rules.  To the extent the Court denies Plaintiffs' cost bill in whole or part under 28 U.S.C. § 1920, Plaintiffs respectfully submit that *all* such costs are recoverable as reasonable litigation expenses under 42 U.S.C. § 1988.

24.     Appendices A and B were prepared based upon a review of the contemporaneous time and expense records maintained by Plaintiffs' counsel, the pleadings, correspondence, and the entire record, and I believe them to be true and correct.  I further certify that the work performed, and expenses and costs incurred, was reasonably necessary to the preparation and presentation of the case.

I declare under penalty of perjury that the foregoing statements are true and correct.

I declare under penalty of perjury that the foregoing statements are true and correct. Executed this 10th day of July, 2018 in Seattle, Washington

_____
Kevin J. Hamilton

CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of July, 2018, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, which will send a copy to counsel of record.


/s/ *Aria Branch*
ARIA BRANCH