IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| Golden Bethune-Hill, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 3:14-cv-00852-REP-AWA-BMK |
| | ) |
| Virginia State Board of Elections, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**Defendants' Opposition to Intervenor-Defendants' Motion to
Stay Injunction Pending Appeal Under 28 U.S.C. § 1253**

"[A] State must be able to designate agents to represent it in federal court," and "[t]hat agent is typically the State's attorney general." *Hollingsworth v. Perry*, 570 U.S. 693, 710 (2013). Like many States, Virginia law makes a broad designation, stating that its Attorney General "shall . . . render[ ] and perform[ ]" "*[a]ll legal service in civil matters for the Commonwealth* . . . and every state department, institution, division, commission, board, bureau, agency, entity, official, court, or judge, *including the conduct of all civil litigation in which any of them are interested.*" Va. Code Ann. § 2.2-507(A) (emphasis added).

For more than three years, the Attorney General of Virginia has defended against the Plaintiffs' challenge to the constitutionality of the state legislative districts at issue here. But having considered and carefully reviewed this Court's recent opinion, the Attorney General has determined that continued litigation would not be in the best interest of the Commonwealth or its citizens and that an appeal to the United States Supreme Court is thus unwarranted.

In making that determination, the Attorney General has considered the high bar to overcoming this Court's extensive factual findings, the significant time and expense that have

1

already gone into this case and that would only be further increased by an appeal, and the compelling interest in promptly remedying what this Court has concluded is an unconstitutional racial gerrymander. This case has already had two trials and made one trip to the Supreme Court. In its previous decision, the Supreme Court upheld one of the challenged districts and sent the other 11 districts back to this Court to determine whether they represented an unconstitutional racial gerrymander. After a full second trial—during which both sides had the opportunity to present evidence and argument under the correct legal standards—this Court issued a 93-page decision finding "[o]verwhelming evidence" that the current map "sort[s] voters into districts based on the color of their skin" in a manner "plainly . . . at odds with the guarantees of the Equal Protection Clause." Mem. Op. 92, ECF No. 234. Having considered the traditional "variety of factors" that go into the decision about whether to appeal, *United States v. Mendoza*, 464 U.S. 154, 161 (1984), the Attorney General has made the call that state law expressly authorizes him to make.

The Intervenor-Defendants seek to override the Attorney General's decision, both through their notice of appeal and the current motion asking this Court to stay its injunction pending that appeal. We anticipate that the Plaintiffs will respond to that stay motion on the merits. In this filing, however, we focus on a threshold problem: No stay should be granted because the Intervenor-Defendants lack standing to appeal.

1. "[I]t is not enough that the party invoking the power of the court have a keen interest in the issue." *Hollingsworth*, 570 U.S. at 699. Instead, the "party must also have standing." *Id.* (internal quotation marks omitted). Nor are questions of standing resolved once and for all when a case is first filed in a trial court. To the contrary, "Article III demands that an 'actual controversy' persist throughout *all* stages of litigation." *Id.* at 705 (emphasis added)

(quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013)). And that, in turn, means that "standing 'must be met by persons seeking appellate review, just as it must be met by persons appearing in courts of first instance.'" *Id.* (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 64 (1997)).

2.  There has been no standing problem until this point. The Plaintiffs were the "the party" who first "invok[ed] the power of" this Court, *Hollingsworth*, 570 U.S. at 700, and they had standing to seek relief from the harms that flowed from residing in what they claimed were unconstitutionally drawn districts. See, *e.g.*, *Shaw v. Reno*, 509 U.S. 630 (1993); accord *Hollingsworth*, 570 U.S. at 705 (noting absence of standing issue before the district court because the suit was initiated by private parties seeking a declaration that state law violated their personal constitutional rights).

There likewise was no standing issue when this case previously was appealed to the Supreme Court. Because this Court's previous ruling went against the Plaintiffs, it was still the Plaintiffs—not the Intervenor-Defendants—who were "invoking the power of" the Supreme Court. *Hollingsworth*, 570 U.S. at 700.[1] The same was true on remand to this Court: At that point, the Plaintiffs were still "[t]he challengers," *Bethune-Hill*, 137 S. Ct. at 801, and it was thus still the Plaintiffs' alleged injuries that supplied the necessary standing.

---

[1] To be sure, the Intervenor-Defendants defended the challenged districts when this case was previously before the Supreme Court. See *Bethune-Hill v. Virginia State Bd. of Elections*, 137 S. Ct. 788, 796 (2017). But a person or entity does not need standing to *defend* a judgment—a fact confirmed by the Supreme Court's practice of appointing a complete stranger to the litigation to defend a judgment when none of the parties is able or willing to do so. See, *e.g.*, *Lucia v. SEC*, 138 S. Ct. 2044, 2050-51 & n.2 (2018); *McLane Co. v. EEOC*, 137 S. Ct. 1159, 1166 (2017); *Mata v. Lynch*, 135 S. Ct. 2150, 2154 & n.2 (2015). Standing doctrine focuses on the person or entity "invoking the power of" the Court, *Hollingsworth*, 570 U.S. at 700, not the person or entity seeking to defend the current legal status quo.

3. Things have changed. Now that this Court has "declared [the challenged districts] unconstitutional," the Plaintiffs "no longer ha[ve] any injury to redress—they ha[ve] won." *Hollingsworth*, 570 U.S. at 705. As a result, the grounds on which Article III standing has existed to this point are no longer available—and thus cannot support—any subsequent appeal to the United States Supreme Court.

4. There is no question that the named Defendants in this case would have had standing to appeal. "[A] State has standing to defend the constitutionality of its statute," *Diamond v. Charles*, 476 U.S. 54, 62 (1986), and the Attorney General is the person who Virginia law specifically designates to represent both "the Commonwealth" as well the "department," the "board," and the state "official[s]" who are the named Defendants in this matter, Va. Code Ann. § 2.2-507(A). So if the Attorney General had "invoked [the Supreme] Court's appellate jurisdiction . . . and sought review of [this Court's] decision" on behalf of the named Defendants, "the 'case' or 'controversy' requirement would have been met." *Diamond*, 476 U.S. at 62.

But for the reasons already set forth, the Attorney General has not filed—and will not be filing—a notice of appeal in this case. As a result, the Intervenor-Defendants may not "invok[e] the power" of the Supreme Court unless they can demonstrate their own "standing to appeal." *Hollingsworth*, 570 U.S. at 700, 715.[2] The Intervenor-Defendants cannot do so.

a. The contrary suggestions in their stay motion notwithstanding, see Intervenor-Defendants' Mot. 7, the decision from which Intervenor-Defendants seek to appeal does not

---

[2] Supreme Court Rule 12.6 provides that "[a]ll parties to the proceeding in the court whose judgment is sought to be reviewed are deemed parties entitled to file documents in this Court." But the Court has already rejected the argument that this rule permits a party who lacks standing to appeal simply to piggyback on the standing that *would have been possessed* by a party who elected not to appeal. See *Diamond*, 476 U.S. at 63 n.14 (discussing former Sup. Ct. R. 10.4). As the Court explained, "status as a 'party' does not equate with status as an appellant" and "[t]o appear before the Court as an appellant, a party must file a notice of appeal." *Id.* at 63.

"order[ ] them to do or refrain from doing anything." *Hollingsworth*, 570 U.S. at 705. Instead, this Court's order identifies an ongoing constitutional violation but refrains from granting immediate relief to give "the Virginia General Assembly *a reasonable opportunity* . . . to meet constitutional requirements by adopting a substitute measure." Mem. Op. 92 (alteration in original) (emphasis added). (internal quotation marks and citation omitted). Even if the Intervenor-Defendants take no action whatsoever in response to the "opportunity" provided by this Court—a course the Intervenor-Defendants have already announced that they intend to follow[3]—the Intervenor-Defendants will not be in violation of any court order or at any risk of being held in contempt. From an injury-in-fact perspective, therefore, this situation is indistinguishable from those where a court declares an existing statute unconstitutional but acknowledges that the legislature could enact a different statute that would meet constitutional requirements.

      b.      The fact that the Intervenor-Defendants were allowed to intervene in this Court does not give them standing to appeal. To the contrary, the Supreme Court has previously considered—and squarely rejected—any such suggestion. See *Diamond*, 476 U.S. at 68 (stating that "status as an intervenor below, whether permissive or as of right, does not confer standing sufficient to keep the case alive in the absence of the State on this appeal"). Even though "intervenors are considered parties entitled, among other things, to seek review by" the Supreme Court, *Diamond* continues, "an intervenor's right to continue a suit in the absence of the party on whose side intervention was permitted *is contingent upon a showing by the intervenor that [it]*

---

[3] Statement of Speaker Kirk Cox on Eastern District Court's decision in Bethune Hill v. Virginia, Twitter (June 26, 2018 5:46 PM) ("It would be premature *to even consider any action by the General Assembly* until the Supreme Court speaks on these districts."), https://twitter.com/SpeakerCox/status/1011742403089371136 (emphasis added); accord Intervenor-Defs.' Mot. to Stay Pending Appeal 8 ("[I]t will *be impossible* for the legislature, or anyone, to draw a remedial map that passes this court's muster." (emphasis added)).

*fulfills the requirements of Art. III.*" *Id.* (emphasis added); accord *Wittman v. Personhuballah*, 136 S. Ct. 1732, 1736 (2016) (making the same point).

   c. The Intervenor-Defendants also cannot demonstrate that "state law" authorizes them "to speak for *the State* in federal court." *Hollingsworth*, 570 U.S. at 710 (emphasis added). Despite emphasizing that "the State's attorney general" is "typically" its exclusive agent for such purposes, the Supreme Court has acknowledged that "state law may provide for other officials to speak for the State in federal court" as well. *Id.* The most notable example is *Karcher v. May*, 484 U.S. 72 (1987), where the Court concluded that the presiding officers of the two chambers of New Jersey's state legislature "had [1] *authority under state law* [2] to represent *the State's interests* in both the District Court and the Court of Appeals." *Id.* at 82 (emphasis added); see also *Hollingsworth*, 570 U.S. at 709-12 (discussing *Karcher* and likewise emphasizing that "a legislator authorized by state law to represent the State's interest may satisfy standing").

  The Intervenor-Defendants cannot satisfy either half of the *Karcher* test. For one thing, the Intervenor-Defendants have never claimed to represent "the State's interests." *Karcher*, 484 U.S. at 82. Instead, the motion to intervene invoked the Intervenor-Defendants' unique status as "the legislative body that actually drew the redistricting plan at issue." Mem. of P. & A. in Supp. of Mot. to Intervene 3, ECF No. 13, which gave the Intervenor-Defendants a "substantial interest in defending the plan," *id.* at 5, that went above and beyond the interests of state officials who "had no involvement in the enactment of the challenged plan," *id.* at 4. To be sure, those interests are weighty and important. But the particular interests of one house of a state legislature are not synonymous with "the State's interests" as a whole. *Karcher*, 484 U.S. at 72. And, under existing precedent, a party only qualifies as the State's "agent" for purposes of establishing standing if it claims the ability "to speak for *the State* in federal court." *Id.* at 710 (emphasis added).

6

The Intervenor-Defendants likewise cannot demonstrate that "state law" authorizes them to speak for Virginia in this matter. *Hollingsworth*, 570 U.S. at 710 (stating that authorization must come from "state law"); *id.* at 712 (same); *Karcher*, 484 U.S. at 82 (same). To the contrary, the Code of Virginia expressly provides that the Attorney General "shall . . . render[ ] and perform[ ]" "*[a]ll legal service* in civil matters for the Commonwealth . . . and every state department, institution, division, commission, board, bureau, agency, entity, official, court, or judge, *including the conduct of all civil litigation in which any of them are interested.*" Va. Code Ann. § 2.2-507(A) (emphasis added).

The Intervenor-Defendants have not informed this Court what, if anything, in state law they believe grants them the ability to appeal in this matter. Press accounts, however, suggest that the Intervenor-Defendants may be relying on House Resolution No. 566, which was agreed to by the House of Delegates on September 18, 2014.[4]

That resolution does not give the Intervenor-Defendants standing to appeal. Even by its own terms, the resolution does not purport to authorize the Intervenor-Defendants to represent "the State's interests." *Karcher*, 484 U.S. at 82. To the contrary, the resolution authorizes the Speaker of the House of Delegates "to employ legal counsel to represent *the House of Delegates*" and "to defend the responsibilities, authority, and prerogatives of *the House of Delegates*." H.D. Res. No. 566, 2014 Spec. Sess. I, ll. 69-70, 77-78 (emphasis added).

More fundamentally, it is black-letter law in Virginia (as elsewhere) that a resolution passed by a single house of the state legislature does not constitute "law." See Va. Const. art. IV, § 11 (providing that "[n]o law shall be enacted except by bill," which must be passed by "a

---

[4] See Dave Ress, *Redistricting Legal Battle Cost to Taxpayers: $4 Million and Rising*, Daily Press (Jul. 13, 2018), http://www.dailypress.com/news/politics/shad-plank-blog/dp-nws-redistricting-bill-20180713-story,amp.html?. The resolution itself is available at https://lis.virginia.gov/cgi-bin/legp604.exe?142+ful+HR566H1+pdf.

majority of those voting in each house"); art. V, § 6(a) (providing further that "[e]very bill which passes the Senate and House of Delegates, before it becomes law, shall be presented to the Governor"); accord *Field v. Marye*, 3 S.E. 707, 709 (1887) ("The resolution in question, while it purports to be a resolution of the general assembly, never passed the senate, and never became a law."). Accordingly, that resolution cannot provide the "state law" authorization that would be necessary to permit the Intervenor-Defendants "to represent the State's interests," *Hollingsworth*, 570 U.S. at 717, for purposes of appealing this Court's recent decision to the Supreme Court.[5]

\* \* \*

The Intervenor-Defendants undoubtedly "have a keen interest in" the issues presented by this case. *Hollingsworth*, 570 U.S. at 700. But Virginia law is clear that in the Commonwealth, as in most States, the ultimate authority "to speak for the State in federal court" rests with the Attorney General. *Id.* at 710. Having spent more than three years defending this case, the Attorney General has determined that "the State's interest[s]," *id.* at 712, would best be served by bringing this long-running and expensive litigation to a close so that the unconstitutional racial gerrymanders identified in this Court's opinion may promptly by remedied. The Intervenor-Defendants lack standing to override that decision and insist that litigation continue by making a second time-consuming and costly appeal to the Supreme Court. For that reason, this Court should deny the Intervenor-Defendants' motion to stay its injunction and order.

---

[5] In 2014, the Virginia House of Delegates passed a bill (HB 706) that would have purported to give "the General Assembly, the House of Delegates, the Senate of Virginia, or a current member of the General Assembly" both "standing" and "the right to intervene as a party" in any litigation "in which the constitutionality, legality, or application of a law established under legislative authority is at issue and the Governor and Attorney General choose not to defend the law in such proceeding." See H.B. No. 706, 2014 Sess. (as passed by the House of Delegates on Feb. 3, 2014), https://lis.virginia.gov/cgi-bin/legp604.exe?141+ful+HB706H1+pdf. That bill never passed the state Senate and thus never became law. See https://lis.virginia.gov/cgi-bin/legp604.exe?141+sum+HB706.

Dated: July 19, 2018

Respectfully submitted,

VIRGINIA STATE BOARD OF ELECTIONS; JAMES B. ALCORN, in his capacity as Chairman of the Virginia State Board of Elections; CLARA BELLE WHEELER, in her capacity as Vice-Chair of the Virginia State Board of Elections; SINGLETON B. MCALLISTER, in her capacity as Secretary of the Virginia State Board of Elections; VIRGINIA DEPARTMENT OF ELECTIONS; and EDGARDO CORTÉS, in his capacity as Commissioner of the Virginia Department of Elections

By:     /s/
Matthew R. McGuire, VSB # 84194
Principal Deputy Solicitor General
Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219
(804) 786-7773 – Telephone
(804) 371-0200 – Facsimile
mmcguire@oag.state.va.us

Mark R. Herring
Attorney General of Virginia

Toby J. Heytens, VSB # 90788
Solicitor General
theytens@oag.state.va.us

Stephen A. Cobb
Deputy Attorney General

**CERTIFICATE OF SERVICE**

I hereby certify that on July 19, 2018, a true and accurate copy of this paper was filed electronically with the Court's CM/ECF system, which will then send a notification of such filing to the counsel of record in this case.

By: /s/
Matthew R. McGuire