IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| Golden Bethune-Hill, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>Virginia State Board of Elections, *et al.*,<br><br>　　　　Defendants. | Civil Action No. 3:14-cv-00852-REP-AWA-BMK |

**Defendant-Intervenors' Statement of Position
In Response to Court Order ECF No. 252**

Pursuant to this Court's order, ECF No. 252, requiring Defendant-Intervenors to advise the Court "whether the redistricting opportunity afforded in paragraph 3 of the ORDER (ECF No. 235) will, or will not, be pursued," Defendant-Intervenors state as follows:

As Defendant-Intervenors stated in their reply brief in support of their motion for a stay, ECF No. 249 at 12 n.5, the redistricting opportunity afforded in paragraph 3 of the Court's order, ECF No. 235, will be pursued. But, as Defendant-Intervenors also stated in their reply brief in support of their motion for a stay, ECF No. 249 at 12 n.5, whether this can succeed depends on many separate political actors.

As the record before the Court and federal case law makes clear, redistricting is a political process, so it remains unknown how the process will unfold in this instance. As of now, Defendant-Intervenors can represent that a special session of

the House of Delegates will convene as constitutionally required at noon on August 30 to consider redistricting. It appears that at least one plan, sponsored by Delegate Toscano, will be proposed, and it will be processed pursuant to the Rules of the House of Delegates. Other plans may be proposed. If that occurs, those plans will be processed pursuant to the Rules of the House of Delegates as well. Other efforts towards redistricting may be conducted, such as the establishment of criteria, holding of hearings, and gathering of public input.

As Defendant-Intervenors stated in urging the Court to stay its order, this process constitutes irreparable harm. *See Karcher v. Daggett*, 455 U.S. 1303, 1306 (1982) (Brennan, J., in chambers) ("I conclude that applicants would plainly suffer irreparable harm were the stay not granted. Under the District Court order the legislature must either adopt an alternative redistricting plan before March 22 next or face the prospect that the District Court will implement its own redistricting plan."). Defendant-Intervenors have therefore moved for a stay pending appeal to allow the House to pursue its appeal in the Supreme Court.

For reasons stated in their briefing, Defendant-Intervenors respectfully submit that a stay is warranted.

Dated: August 24, 2018

Respectfully Submitted,

*/s/ Katherine L. McKnight*
Katherine L. McKnight (VSB No. 81482)
Richard B. Raile (VSB No. 84340)
E. Mark Braden (*pro hac vice*)
BAKER & HOSTETLER LLP
1050 Connecticut Ave NW, Suite 1100
Washington, DC 20036
Tel: (202) 861-1500
Fax: (202) 861-1783
kmcknight@bakerlaw.com
rraile@bakerlaw.com
mbraden@bakerlaw.com

*Attorneys for the Virginia House of Delegates and Virginia House of Delegates Speaker M. Kirkland Cox*

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of August, 2018, a copy of the foregoing was filed and served on all counsel of record pursuant to the Court's electronic filing procedures using the Court's CM/ECF system.

/s/ Katherine L. McKnight
Katherine L. McKnight (VSB No. 81482)
Richard B. Raile (VSB No. 84340)
E. Mark Braden (*pro hac vice*)
BAKER & HOSTETLER LLP
1050 Connecticut Ave NW, Suite 1100
Washington, DC 20036
Tel: (202) 861-1500
Fax: (202) 861-1783
kmcknight@bakerlaw.com
rraile@bakerlaw.com
mbraden@bakerlaw.com

*Attorneys for the Virginia House of Delegates and Virginia House of Delegates Speaker M. Kirkland Cox*