

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

GOLDEN BETHUNE-HILL, *et al.*,

    Plaintiffs,

    v.                                      Civil Action No. 3:14-cv-852

VIRGINIA STATE BOARD OF
ELECTIONS, *et al.*,

    Defendants.

## ORDER

Currently before the Court is the Defendant-Intervenors' Motion to Stay Injunction Pending Appeal Under 28 U.S.C. § 1253 [Dkt. No. 237]. The intervenors seek to stay this Court's order enjoining the use of the unconstitutional 2011 House of Delegates districting plan and ordering the legislature to enact a constitutional remedial plan [Dkt. No. 235]. The state defendants and plaintiffs both oppose the motion.

In determining whether to stay an order pending appeal, we consider:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Personhuballah v. Alcorn*, 155 F. Supp. 3d 552, 558 (E.D. Va. 2016) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The party seeking a stay bears the "heavy burden" of establishing entitlement to the "extraordinary relief" of a stay. *Id.* (citation omitted).

Upon review of the parties' submissions, we conclude that the intervenors have not satisfied their burden. With respect to the first factor, our conclusion regarding the legislature's predominant use of race relied largely on credibility and other factual determinations, which findings are subject to a deferential clear error standard of review. *See Cooper v. Harris*, 137 S. Ct. 1455, 1464-65, 1474 (2017). The intervenors' disagreement with these findings does not amount to a "strong showing" of likely success on the merits in the Supreme Court. *Personhuballah*, 155 F. Supp. 3d at 558.

We further conclude that the plaintiffs likely would suffer irreparable injury if we were to issue a stay. Delaying construction of a remedial plan until after the conclusion of Supreme Court review likely would result in the 2019 elections, the last election cycle before the 2020 census, proceeding under the unconstitutional districts. *See Harris v. McCrory*, No. 1:13cv949, 2016 WL 6920368, at *1 (M.D.N.C. Feb. 9, 2016). Accordingly, the risk that a stay wholly would deprive the plaintiffs of a remedy significantly outweighs the inconvenience and any other detriments that the intervenors may experience in re-drawing the districts. For the same reasons, the public interest favors immediate implementation of our injunction. *See id.* at *2.

After giving due consideration to the parties' arguments and balancing all the relevant factors, we DENY the Defendant-Intervenors' Motion to Stay Injunction Pending Appeal Under 28 U.S.C. § 1253.

It is so ORDERED.

_____/s/_____
Barbara Milano Keenan
United States Circuit Judge

_____/s/_____
Arenda L. Wright Allen
United States District Judge

2

Robert E. Payne, Senior District Judge, concurring

I disagree with the likelihood of success analysis issued by the majority because, as I understand it, the test to be applied by district courts is whether there exists a reasonable ground for disagreement among reasonable jurists and that circumstance exists here. Personhuballah v. Alcorn, 155 F. Supp.3d 552, 568 (E.D. Va. 2016) (Payne, J. concurring in part and dissenting in part).  Also, I consider that the irreparable injury test has been met. Karcher v. Daggett, 455 U.S. 1303, 1306 (1982) (Brennan, J., in chambers) ("As to the third Rostker requirement, I conclude that applicants [Speaker of New Jersey House, President of the New Jersey Senate, and members of U.S. House of Representatives] would plainly suffer irreparable harm were the stay not granted. Under the District Court order the legislature must either adopt an alternative redistricting plan before March 22 next or face the prospect that the District Court will implement its own redistricting plan.")

However, I fully agree with the irreparable injury analysis made by the majority, and, on balance, the injury to the plaintiffs if a stay is granted significantly outweighs the injury to the Defendant-Intervenors if the stay is denied.

I also share the majority's view on the public interest analysis.  And, to it, I would add that the public interest is served by having the redrawn districts before the Supreme Court of the United States when it considers the merits of the case.

3

For the foregoing reasons, I agree that the Defendant-Intervenors' Motion to Stay

Injunction Pending Appeal Under 28 U.S.C. § 1253 (ECF No. 237) should be denied.


_____/s/_____

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: August 30, 2018

.