IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| GOLDEN BETHUNE-HILL, *et al.*,<br><br>           Plaintiffs,<br><br>     v.<br><br>VIRGINIA STATE BOARD OF ELECTIONS, *et al.*,<br><br>           Defendants.<br><br>     v.<br><br>VIRGINIA HOUSE OF DELEGATES, Intervenor-Defendants,<br><br>           Defendants. | Civil Action No. 3:14-cv-00852-REP-AWA-BMK |

**PLAINTIFFS' RESPONSE TO MOTION TO MODIFY THIS COURT'S
JUNE 26, 2018 ORDER AND PROCEED IMMEDIATELY WITH REMEDIAL PHASE**

Plaintiffs join in the State Defendants' request that the Court take additional steps to ensure that a remedial redistricting plan is adopted as expeditiously as possible. The Court has denied Intervenors' motion for a stay pending appeal. While the Court provided the Commonwealth with the first opportunity to adopt a remedial redistricting plan, it appears that the General Assembly has done—and is doing—little to take advantage of that opportunity.

To be sure, Intervenors now assert that "House Leadership" intends to release a proposed remedial plan in late September and are "optimistic" it will then allow a floor vote "around mid-October." Intervenors' Opposition to Motion to Alter Judgment ("Ints' Opp.") at 8, 10-11. They offer that representation for the first time in response to the State Defendants' motion *two-and-a-half months* after the Court issued its Memorandum Opinion. Rather than move expeditiously to

determine whether a political solution was possible or deadlock inevitable, the House has instead delayed.  The exchange between the State Defendants and Intervenors vividly demonstrates just how unlikely it is that a remedial plan will be adopted through the Commonwealth's political processes.  *See, e.g.*, Ints' Opp., Ex. A (a letter from Speaker Cox to Governor Northam: "Nearly 30 years in Virginia politics has taught me that when you want to get something done you pick up the phone and ask for a meeting, but when you want to play politics you send a letter and give it to the press.") (emphasis added).

Exactly.

Plaintiffs respectfully submit that the Court should (a) remain hopeful that a political solution will occur (however unlikely that may appear) but (b) at the same time take steps *now* to hedge against the very real probability that it will not by issuing an order appointing a special master to assist the Court and to set a remedial phase schedule.  As explained by the State Defendants, moving swiftly to initiate the remedial phase will minimize any disruption to the Commonwealth's election administration processes for the 2019 elections.  Regardless of the precise schedule the Court sets, addressing these procedural steps now—rather than waiting until after October 30—will allow for a smooth and efficient remedial process.  That is, at the very least, the Court should appoint a special master and set a case schedule so that a Court-supervised remedial phase can move expeditiously if the political process deadlocks (as it seems obvious it has and will).  Such a schedule does no more than ensure the minimum disruption and mostly assuredly will not preclude a political resolution in the unlikely event one emerges. Plaintiffs propose the Court issue an order adopting the deadlines for the remedial phase set out below:

| Date | Deadline |
|---|---|
| September 28, 2018 | Parties shall submit the names and qualifications of candidates to serve as Special Master and their comments about the names of possible candidates for the position of Special Master. The parties shall list their candidates in order of preference. |
| October 5, 2018 | Parties shall file proposed remedial plans and maps with supporting data and briefs explaining their respective proposals. Parties must serve on other parties Shapefiles and Block Equivalency Files electronically and in native format. Parties must transmit such data on CD-ROM to the Court by overnight delivery for arrival no later than October 15, 2018. |
| October 15, 2018 | Parties may submit briefs in response to the remedial plans, maps, and briefs submitted on October 12, 2018. |
| November 9, 2018 | The Special Master must release a final report, with accompanying map(s), Shapefiles, and Block Equivalency Files, regarding the redistricting plan(s) proposed by the Special Master for adoption to the Court. |
| November 16, 2018 | Parties may submit briefs in response to the Special Master's final report. |
| December 3, 2018 | Court to hold hearing, if it deems necessary, regarding the Special Master's final report. |

Finally, Plaintiffs note that all parties now agree that it is entirely feasible for the Court to adopt a remedial plan even if the remedial phase starts in earnest after October 30, 2018. According to Intervenors, the October 30 deadline is "not a problem," and that is "obvious insofar as the General Assembly normally redistricts much later in the process." Ints' Opp. at 10-11. The State Defendants, too, while explaining that completing the remedial phase quickly helps minimize any impact to Virginia's administration of the 2019 elections "of course" will "ensure that fair, timely, and orderly elections are held under any remedial plan adopted by this Court." Motion to Alter Judgment at 3-4.

To this, Plaintiffs add that the Court has broad discretion to remedy the ongoing constitutional violation caused by the current racially gerrymandered map, which includes

postponing various election deadlines, including the candidate filing deadline, when necessary to implement an appropriate remedy.[1]  Moving swiftly, as the State Defendants propose, will obviate any need to do so.  But simply put, a choice between forcing countless Virginians to vote in yet another election under the unconstitutional enacted plan and delaying one or more election deadlines is no choice at all.  *See, e.g.*, *Dye v. McKeithen*, 856 F. Supp. 303, 306 (W.D. La. 1994) ("The potential injury of an election in which citizens are deprived of their right to vote negates any damage that may be sustained by Vernon Parish in the potential delay of elections.").  That is particularly true when the General Assembly has been on notice of the need to implement a remedial plan since June 2018 and has done little-to-nothing to do so.

---

[1] *See, e.g.*, *Sixty-Seventh Minnesota State Senate v. Beens*, 406 U.S. 187, 201 (1972) (discussing election dates and pre-election deadlines:  "If time presses too seriously, the District Court has the power appropriately to extend the time limitations imposed by state law."); *Larios v. Cox*, 305 F. Supp. 2d 1335, 1342-43 (N.D. Ga. 2004) (denying motion to stay in racial gerrymandering lawsuit and noting "that the court has broad equitable power to delay certain aspects of the electoral process if necessary," such as moving back a candidate qualifying period); *Petteway v. Henry*, No. CIV.A. 11-511, 2011 WL 6148674, at *3 n.7 (S.D. Tex. Dec. 9, 2011) (noting that "[i]f forced to craft an interim remedy, this court has the authority to postpone . . . local election deadlines if necessary."); *Garrard v. City of Grenada, Miss.*, No. 3:04CV76-B-A, 2005 WL 2175729, at *4 (N.D. Miss. Sept. 8, 2005) (postponing election from October 2005 to November 2005).

- 5 -

|  |  |
|---|---|
| Dated: September 12, 2018 | By: */s/ Aria Branch*<br>Marc Erik Elias (*pro hac vice*)<br>Bruce V. Spiva (*pro hac vice*)<br>Aria Branch (VSB No. 83682)<br>**PERKINS COIE LLP**<br>700 Thirteenth Street, N.W., Suite 600<br>Washington, D.C. 20005-3960<br>Telephone: 202.654.6338<br>Facsimile: 202.654.9106<br>Email: ABranch@perkinscoie.com<br>Email: MElias@perkinscoie.com<br>Email: BSpiva@perkinscoie.com<br><br>Kevin J. Hamilton (*pro hac vice*)<br>Abha Khanna (*pro hac vice*)<br>Ryan Spear (*pro hac vice*)<br>William B. Stafford (*pro hac vice*)<br>**PERKINS COIE LLP**<br>1201 Third Avenue, Suite 4900<br>Seattle, WA 98101-3099<br>Telephone: 206.359.8000<br>Facsimile: 206.359.9000<br>Email: KHamilton@perkinscoie.com<br>Email: AKhanna@perkinscoie.com<br>Email: BStafford@perkinscoie.com<br>Email: RSpear@perkinscoie.com |

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 12th day of September, 2018, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the counsel of record in this case.

      By */s/ Aria C. Branch*
      Aria C. Branch (VSB #83682)
      Perkins Coie LLP
      700 13th St. N.W., Suite 600
      Washington, D.C. 20005-3960
      Phone: (202) 654-6338
      Fax: (202) 654-9106
      ABranch@perkinscoie.com

      *Attorneys for Plaintiffs*