IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| GOLDEN BETHUNE-HILL, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| VIRGINIA STATE BOARD OF ) | Civil Action No. 3:14-cv-00852-REP-AWA- |
| ELECTIONS, et al., ) | BMK |
| ) | |
| Defendants, ) | |
| and ) | |
| ) | |
| M. KIRKLAND COX, SPEAKER OF THE ) | |
| HOUSE OF DELEGATES, and THE ) | |
| HOUSE OF DELEGATES, ) | |
| ) | |
| Intervenor-Defendants. ) | |

**REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO MODIFY THIS COURT'S JUNE 26, 2018 ORDER
AND PROCEED IMMEDIATELY WITH REMEDIAL PHASE**

The Defendants agree that it would be far preferable for the political actors in Virginia to enact a new redistricting plan that remedies the serious constitutional violations identified in this Court's June 26, 2018 order and opinion. We also acknowledge that doing so would inevitably take some amount of time. That is why, notwithstanding the various logistical challenges identified in the brief in support of our motion, the Defendants did not oppose (and indeed supported) giving the political actors time to attempt to develop a constitutional plan. And that is why our basic submission is that the Court should take immediate steps to *begin* the remedial phase, not that the Court should necessarily abandon all hope that the political actors will reach a solution before October 30.

1

But, as our motion demonstrates, things have changed since this Court's June 26, 2018 order. For almost two months, the Virginia General Assembly did not convene on its own volition. And when the Governor convened a special session for the express purpose of considering redistricting, the General Assembly held a one-day session, during which only one plan was offered, and then promptly adjourned without setting a date to reconvene.

The response states that the House Committee on Privileges and Elections "will consider whether to approve [the only bill that has yet been offered] by on or about September 27, 2018" and that the "House leadership" will propose "its [own] plan . . . around that time." Deft.-Intervenors' Resp. in Opp. to Mot. to Modify this Court's June 26, 2018 Order at 5, 7 (ECF No. 260). The response cites no source—record or otherwise—for those statements and the only exhibit attached to the response (a letter from the Speaker to the Governor) makes no mention of such a plan. The response also does not identify when that September 27 date was set or explain why it does not appear to have been publicly announced until after the Intervenor-Defendants filed their response to our recent motion.[1] The response also declines to "identify a date" (much less a deadline) for any "floor votes", *id.* at 8, or even to squarely commit that the full House will come back into session at any point before October 30.

Given the events of the last few months, there is no reason for confidence that Virginia's political actors will enact a constitutional redistricting plan before October 30. As we explained in our brief in support of our motion, delaying the start of a judicial redistricting process until after that date will certainly disrupt Virginia's 2019 election cycle. And because the ultimate

---

[1] Although such a committee meeting was recently added to the public list of upcoming legislative meetings, see http://lis.virginia.gov/cgi-bin/legp604.exe?181+oth+MTG, no such meeting was mentioned on that webpage as late as 1:31 p.m. on September 12, 2018. The information appears to have been added between 1:31 p.m. and 3:21 p.m. on that date.

2

remedial order will itself be appealable to the Supreme Court,[2] it also raises the specter that Virginia's last set of elections before the next round of constitutionally mandated redistricting will be held under a map that this Court has already held to be unconstitutional. See *Common Cause v. Rucho*, No. 1:16-CV-1026, 2018 WL 4214334, at *1 (M.D. N.C. Sept. 4, 2018) (per curiam) (declining to enjoin use of an unconstitutional map during the upcoming November 6, 2018 general election in part because "imposing a new schedule for North Carolina's congressional elections would, at this late juncture, unduly interfere with the State's electoral machinery and likely confuse voters and depress turnout"). For that reason, "the public interest is served by having the redrawn districts before the Supreme Court of the United States when it considers the merits of this case." Order of Aug. 30, 2018, at 3 (Payne, J., concurring) (ECF No. 256).

The motion to modify this court's June 26, 2018 order and proceed immediately with the remedial phase should be granted. Because the proposed schedule set forth in the Plaintiffs' response would substantially address the concerns raised in our motion, we agree that the Court should move swiftly to appoint a special master and set a remedial phase under the suggested terms. Pls.' Resp. to Mot. to Modify this Court's June 26, 2018 Order and Proceed Immediately with Remedial Phase at 2 (ECF No. 261).

---

[2] See *North Carolina v. Covington*, 138 S. Ct. 2548 (2018); see also Notice of Appeal, *Personhuballah v. Alcorn*, No. 3:13-cv-678 (E.D. Va. Mar. 4, 2016), ECF No. 308 (noting an appeal of remedial phase order); see also Order, *Personhuballah v. Alcorn*, No. 3:13-cv-678 (E.D. Va. June 22, 2016), ECF No. 314 (order granting stipulation of dismissal of remedial phase appeal).

3

                                        Respectfully submitted,

                                  By:      /s/
                                                Toby J. Heytens, VSB # 90788
                                                Solicitor General
                                                Office of the Attorney General
                                                202 North Ninth Street
                                                Richmond, Virginia 23219
                                                (804) 786-7773 – Telephone
                                                (804) 371-0200 – Facsimile
                                                SolicitorGeneral@oag.state.va.us

| | |
|---|---|
| Mark R. Herring | Matthew R. McGuire, VSB # 84194 |
| Attorney General | Principal Deputy Solicitor General |

Stephen A. Cobb
Deputy Attorney General

4

## CERTIFICATE OF SERVICE

     I hereby certify that on September 13, 2018, a true and accurate copy of this paper was filed electronically with the Court's CM/ECF system, which will then send a notification of such filing to the counsel of record in this case

By:  /s/ _____
     Toby J. Heytens