IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| Golden Bethune-Hill, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Virginia State Board of Elections, *et al.*, <br><br> Defendants. | Civil Action No. 3:14-cv-00852-REP-AWA-BMK |

### Defendant-Intervenors' Objections to Proposed Experts

Pursuant to this Court's order of September 14, 2018, ECF No. 263 at 2, requiring the parties to file any "objection to any proposed candidate" for special master on September 26, Defendant-Intervenors respectfully state the following objections to the candidates proposed by Defendants and Plaintiffs. *See* ECF No. 264 (Defendants' proposed candidates); ECF No. 265 (Plaintiffs' statement).

1. **Objection to Dr. Bernard Grofman**

According to Defendants, "Professor Grofman represented that he would plan to follow the same approach in this case as he did" in *Personhuballah v. Alcorn*, 155 F. Supp. 3d 552 (E.D. Va. 2016). But in that case, Professor Grofman drew veteran incumbent Randy Forbes into a district with dramatically new territory that "compelled him to run in a different district," *Wittman v. Personhuballah*, 136 S. Ct. 1732, 1736 (2016), which he lost. This deprived Virginia of a high-ranking member of Congress, who was in line to sit on the House Armed Services Committee, to

represent the Norfolk region that relies heavily on federal military presence to support its local economy. That redistricting choice was a disservice to Virginia residents of all political stripes.

States have a legitimate interest in "maintaining existing relationships between incumbent congressmen and their constituents and preserving the seniority the members of the State's delegation have achieved in the United States House of Representatives." *White v. Weiser*, 412 U.S. 783, 791 (1973). And that interest was manifest in the state policies enacted in the 2011 House of Delegates Plan, which the trial testimony made clear was drawn to preserve both incumbencies (e.g., by avoiding pairings) and incumbents' constituencies (e.g., by maintaining district cores to the extent practicable). *Graves v. Barnes*, 446 F. Supp. 560, 570 (W.D. Tex. 1977), *sum aff'd sub nom. Briscoe v. Escalante*, 435 U.S. 901 (1978) (stating, in context of legislative redistricting, that "the maintenance of existing member-constituent relationships is a justifiable state policy"). Following the "same approach" of dismantling the "relationships between incumbent" House members (Democratic and Republican) "and their constituents" would violate state policy, *see Perry v. Perez*, 565 U.S. 388, 393 (2012), and do a disservice to residents of the Challenged Districts and adjacent districts, who have come to rely on the relationships with incumbents to serve their local needs. Dr. Grofman therefore should not be tapped to redistrict Virginia yet again.

2. Objection to Dr. Nathaniel Persily

Professor Persily prepared the remedial map adopted by the Pennsylvania Supreme Court in *League of Women Voters v. Commonwealth*, 178 A.3d 737 (Pa. 2018). The plan was widely recognized as an extreme partisan gerrymander. In fact, the *New York Times* observed that it favored the Democratic Party *more than the plan proposed by the Democratic Party constituents in the litigation.* Nate Cohen et al., The New Pennsylvania Congressional Map, District by District, The New York Times: TheUpshot (Feb. 19, 2018) ("Democrats couldn't have asked for much more from the new map. It's arguably even better for them than the maps they proposed themselves.").[1] Real Clear Politics observed that Dr. Persily's plan "repeatedly made choices that increased the Democrats' odds of winning districts." Sean Trende, How Much Will Redrawn Pa. Map Affect the Midterms, Real Clear Politics (Feb. 20, 2018).[2]

The proposal of Dr. Persily by a Virginia executive branch controlled by the Democratic Party and plaintiffs whose legal counsel is affiliated with the Democratic Party creates the appearance of injecting partisanship into the remedial proceeding and appears to be, whether true or not, the first step toward an effort to translate what by all accounts is—at most—a "good faith" misreading of the Voting

---

[1] Available at https://www.nytimes.com/interactive/2018/02/19/upshot/pennsylvania-new-house-districts-gerrymandering.html.
[2] Available at https://www.realclearpolitics.com/articles/2018/02/20/how_much_will_redrawn_pa_map_affect_the_midterms_136319.html.

Rights Act, see Plaintiffs' First Post-Trial Brief, ECF No. 105 at 9 ("Plaintiffs do not question the good faith of Virginia's legislators"), into partisan advantage.[3] Defendant-Intervenors reject the notion that Plaintiffs' success on the merits entitles the Democratic Party to a gerrymander in its favor. Indeed, the Court held that a goal of partisan gain for the Republican Party did *not* predominate over the goal—which Plaintiffs conceded was in "good faith"—of compliance with the Voting Rights Act. Defendant-Intervenors therefore urge the Court not to accept a special master who has previously utilized the remedial process for partisan gain.

Dated: September 26, 2018                           Respectfully Submitted,

---

[3] As Defendant-Intervenors have previously stated, they do not concede a violation of the Equal Protection Clause or a misreading of the Voting Rights Act. Their positions are stated in their Jurisdictional Statement in the Supreme Court. For purposes of the remedial proceeding, of course, Defendant-Intervenors take the Court's decision at face value.

/s/ Katherine L. McKnight
Katherine L. McKnight (VSB No. 81482)
Richard B. Raile (VSB No. 84340)
E. Mark Braden (*pro hac vice*)
BAKER & HOSTETLER LLP
1050 Connecticut Ave NW, Suite 1100
Washington, DC 20036
Tel: (202) 861-1500
Fax: (202) 861-1783
kmcknight@bakerlaw.com
rraile@bakerlaw.com
mbraden@bakerlaw.com

*Attorneys for the Virginia House of Delegates and Virginia House of Delegates Speaker M. Kirkland Cox*

2

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of September, 2018, a copy of the foregoing was filed and served on all counsel of record pursuant to the Court's electronic filing procedures using the Court's CM/ECF system.

/s/ Katherine L. McKnight
Katherine L. McKnight (VSB No. 81482)
Richard B. Raile (VSB No. 84340)
E. Mark Braden (*pro hac vice*)
BAKER & HOSTETLER LLP
1050 Connecticut Ave NW, Suite 1100
Washington, DC 20036
Tel: (202) 861-1500
Fax: (202) 861-1783
kmcknight@bakerlaw.com
rraile@bakerlaw.com
mbraden@bakerlaw.com

*Attorneys for the Virginia House of Delegates and Virginia House of Delegates Speaker M. Kirkland Cox*