IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| GOLDEN BETHUNE-HILL, *et al.*, | Civil Action No. 3:14-cv-00852-REP-AWA-BMK |
| Plaintiffs, | |
| v. | |
| VIRGINIA STATE BOARD OF ELECTIONS, *et al.*, | |
| Defendants. | |
| VIRGINIA HOUSE OF DELEGATES, *et al.* | |
| Intervenor-Defendants | |

## **PLAINTIFFS' OPPOSITION TO PROPOSED SPECIAL MASTERS**

Plaintiffs submit this response to the Court's September 14, 2018, order to explain any objections to the special master candidates proposed by Intervenors, Dr. Thomas Brunell and Dr. Douglas Johnson. Plaintiffs agree to the appointment of either of the State Defendants' proposed special master candidates, Dr. Bernard Grofman or Dr. Nathaniel Persily. Plaintiffs believe that Dr. Grofman is clearly the best candidate given his work as a special master for this court in redrawing the Third Congressional District. Plaintiffs object to the appointment of Dr. Brunell or Dr. Johnson for the reasons briefly set out below.

### A.    Dr. Thomas L. Brunell

Dr. Brunell is the author of a book titled "Redistricting and Representation: Why Competitive Elections are Bad for America." https://www.amazon.com/Redistricting-Representation-Competitive-Elections-Controversies/dp/0415964539. He was nominated to serve as deputy director of the United States Census Bureau, until his nomination was

withdrawn in the face of criticism regarding his view that competitive elections are "bad" and his work on behalf of Republican-controlled legislatures defending against racial gerrymandering claims. https://thehill.com/regulation/373475-trump-nominee-to-lead-2020-census-pulls-name-from-consideration-report. Dr. Brunell's past work and/or partisan affiliation calls into question whether he will be (or will be perceived as) a neutral, non-partisan assistant to the Court.

That background alone should disqualify Dr. Brunell from consideration. But the concerns that Intervenors would even propose Dr. Brunell as a viable Special Master candidate run more deeply. In February 2015, Dr. Brunell was identified by Intervenors' counsel as a potential expert witness in this matter. *See* Exhibit A (Excerpts of transcript of 2/24/15 hearing). Dr. Brunell (with others) then submitted an amicus brief in support of Intervenors during Plaintiffs' appeal to the United States Supreme Court. Intervenors then attempted to introduce Dr. Brunell's amicus brief as a trial exhibit. *See* Dkt. No. 198. Dr. Brunell's brief takes a position that is at odds with the Court's memorandum opinion, arguing that the General Assembly's use of race was narrowly tailored. *See* Dkt. No. 198-9. To put it mildly, it would be inappropriate to appoint a Special Master who has been a partisan advocate for Intervenors' position *in this lawsuit* and disagrees with the Memorandum Opinion he would be charged with implementing. Plaintiffs thus oppose the appointment of Dr. Brunell as Special Master.

### B. Dr. Douglas Johnson

Plaintiffs also object to the appointment of Dr. Johnson, particularly given the superior credentials of Dr. Persily and Dr. Grofman. To the best of Plaintiffs' knowledge, unlike both Dr. Grofman and Dr. Persily, Dr. Johnson has never served as a court-appointed special master. Rather, as his curriculum vitae reflects, he has served primarily as a consultant for government entities, and for defendant governments as a defense witness. His

experience thus lies primarily in drafting maps to serve the interests of government actors rather than the work performed by a neutral special master.

Moreover, it would appear that the overwhelming majority of Dr. Johnson's experience is in California or Arizona. By contrast, Dr. Grofman has particularly valuable and relevant experience in the Commonwealth, and Dr. Persily has been engaged as a special master by courts in numerous jurisdictions.

Moreover, Plaintiffs are concerned that courts have, in past cases, found reasons to reject maps proposed by Dr. Johnson or to otherwise critique his work. For example, in *Jauregui v. City of Palmdale*, No. BC483039, 2013 WL 7018375 (Cal. Super. Dec. 23, 2013), the court rejected a remedial plan prepared by Dr. Johnson on behalf of the City of Palmdale after a determination that defendants had violated the California Voting Rights Act. The court found Dr. Johnson's proposed map "unsuitable" for various reasons, most notably because it was "troubling" that Dr. Johnson had created districts "that [were] designed to protect the current incumbents" in a way contrary to California law.

Other courts have also rejected or, at the least, raised serious questions regarding, Dr. Johnson's work:

In *Garrett v. City of Highland, California*, No. CIVDS 1410696, 2016 WL 3693498 (Cal. Super. Ct. Apr. 6, 2016), the court rejected Dr. Johnson's method of calculating the percentage of votes cast by Latino voters in the city of Highland upon plaintiffs' successful suit against the city for violation of the California Voting Rights Act. The court concluded that Dr. Johnson's analysis on behalf of the city was "inappropriate" and based on an "outdated study" that used statewide data and "not focused on the city of Highland." *Id.*

In *Luna v. County of Kern*, 291 F. Supp. 3d 1088 (E.D. Cal. 2018), the court rejected Dr. Johnson's critique of one of the districts in plaintiffs' alternative map, which the court used to conclude that the defendant could have created a second majority Latino district under the Voting Rights Act. Contrary to Dr. Johnson's testimony, the court found that the

plaintiffs' alternative district "in fact comports with the communities of interest contemplated by other district boundaries." *Id.* at 1109.

In *Covington v. North Carolina*, 283 F. Supp. 3d 410, 449-51 (M.D.N.C. 2018), *aff'd in part, rev'd in part on other grounds*, 138 S. Ct. 2548 (2018), the court rejected Dr. Johnson's attack on the special master's recommended plan that, in relevant part, reduced the Black Voting-Age Population ("BVAP") in two House districts (House Districts 21 and 57) and two Senate districts (Senate Districts 21 and 28) that the court had found to be racial gerrymanders. Dr. Johnson opined that the recommended plan's BVAPs in these districts were suspiciously similar, but the court found Dr. Johnson's opinion to be "unreliable" and "not persuasive." *Id.* at 450. Siding with the special master, the court concluded that a decrease in a racially gerrymandered district's BVAP is expected "'whenever a plan replaces racial predominance with other redistricting principles.'" *Id.* (citing Special Master's recommended plan). Although the Supreme Court partially reversed the decision, it affirmed the court-drawn remedy for the two House districts and two Senate districts, which adopted the special master's recommended plan. *See North Carolina v. Covington*, 138 S. Ct. 2548, 2554 (2018) ("All of the foregoing is enough to convince us that the District Court's order should be affirmed insofar as it provided a court-drawn remedy for Senate Districts 21 and 28 and House Districts 21 and 57.")

Given the availability of better-credentialed candidates, then Plaintiffs oppose Dr. Johnson's appointment.

## II.   CONCLUSION

For the reasons stated above, Plaintiffs submit that the Court should select Dr. Grofman as special master. Plaintiffs would not object to the appointment of Dr. Persily. Plaintiffs submit that Dr. Brunell and Dr. Johnson are not appropriate choices here.

- 5 -

Dated: September 26, 2018

Respectfully submitted,

By: */s/ Aria C. Branch*
Marc Erik Elias (admitted *pro hac vice*)
Bruce V. Spiva (admitted *pro hac vice*)
Aria Branch (VSB No. 83682)
**PERKINS COIE LLP**
700 Thirteenth Street, N.W., Suite 600
Washington, D.C. 20005-3960
Telephone: 202.434.1627
Facsimile: 202.654.9106

Kevin J. Hamilton (admitted *pro hac vice*)
Abha Khanna (admitted *pro hac vice*)
Ryan Spear (admitted *pro hac vice*)
William B. Stafford (admitted *pro hac vice*)
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

*Attorneys for Plaintiffs*

- 6 -

## CERTIFICATE OF SERVICE

      I hereby certify that on the 26th day of September, 2018, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the counsel of record in this case.

      Respectfully submitted,

By /s/ *Aria C. Branch*
Aria C. Branch (VSBNo. 83682)
Perkins Coie LLP
700 13th St. N.W., Suite 600
Washington, D.C. 20005-3960
Phone: (202) 654-6338
Fax: (202) 654-9106
Email: ABranch@perkinscoie.com

*Attorneys for Plaintiffs*