IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| Golden Bethune-Hill, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Virginia State Board of Elections, *et al.*, <br><br> Defendants. | Civil Action No. 3:14-cv-00852-REP-AWA-BMK |

## Defendant-Intervenors' Response to Objections to Proposed Experts

Pursuant to this Court's order of September 14, 2018, ECF No. 263 at 2, requiring the parties to file "[r]esponses to any objections" by September 28, Defendant-Intervenors respectfully offer the following responses to the objections to the candidates Defendant-Intervenors proposed. *See* ECF No. 270 (Defendants' objections); ECF No. 269 (Plaintiffs' objections).

1. **Dr. Johnson**

Plaintiffs' and Defendants' focus on Dr. Johnson's lack of experience as "a court-appointed special master," *see, e.g.*, ECF No. 269 at 2, ignores Dr. Johnson's extensive experience in drawing redistricting plans for use in actual elections. He has served in that role on over 250 occasions, far more than Professors Grofman and Persily.

Plaintiffs and Defendants do not explain how being "court-appointed" is different from redistricting in other capacities. Plaintiffs hint cryptically at an

argument in suggesting that his service for "government entities" somehow politically taints him. ECF No. 269 at 2–3. But the "government entities" at issue here are *non-partisan* redistricting commissions or *non-partisan* local governments. For example, Dr. Johnson served as the expert for the Arizona Independent Redistricting Commission in 2001. Dr. Johnson advised the Commission in drawing a congressional map that obtained a 5-0 vote and a legislative plan that obtained a 4-1 vote. Plaintiffs and Defendants cannot identify partisanship in his record, and the role of a non-partisan commission is very similar to the role of court-appointed special master: commit to political neutrality and integrity in applying neutral criteria.

Plaintiffs' citations to Dr. Johnson's map in *Jauregui v. City of Palmdale*, No. BC483039, 2013 WL 7018375 (Cal. Super. Dec. 23, 2013), which avoided pairing incumbents, are unavailing because courts normally advise special masters to attempt to avoid pairing incumbents as a neutral criterion. *See, e.g., Georgia State Conference of NAACP v. Fayette Cty. Bd. of Comm'rs*, 996 F. Supp. 2d 1353, 1362 (N.D. Ga. 2014). Moreover, Dr. Johnson has represented that, in that case and in the others cited by Plaintiffs, he simply followed the directives of his client and his effort to preserve incumbents was not his independent choice. There is no reason to believe Dr. Johnson would not follow whatever directives the Court chooses to give him, and the very small minority of instances were courts have not adopted his work are due to larger forces (e.g., client decisions).

2. **Dr. Brunell**

Plaintiffs' and Defendants' objections to Dr. Brunell focus on his private research theory of electoral representation and disagreement with the value many academics give to "competitive elections." ECF No. 270 at 1; ECF No. 269 at 1–2. But they fail to identify its relevance to this case. They have not, for example, told the Court that the believe "competitive elections" as defined in Dr. Brunell's work should be among the Court's remedial goals, nor have they provided any basis to believe that Dr. Brunell's personal views would somehow prevent him from implementing the Court's directives (including, if the Court chooses, "competitive" districts).[1]

Moreover, Dr. Brunell's views are not the pariah positions Plaintiffs and Defendants make them out to be. They are fairly intuitive: drawing near-even splits of Republican and Democratic voters into the same districts means nearly half the voters in the district will have opposed the representative—thereby leaving nearly half the voters unhappy (or less inclined to be happy) with their representation and leaving representatives with mixed and often diametrically contradictory signals from constituents. Drawing voters together on the basis of party renders larger number of voters, both Democratic and Republican, happy with their representative. Political scientists, to be sure, have all sorts of bases to disagree on

---

[1] Defendant-Intervenors do not here take a position on what criteria should be applied. That dispute, if it becomes necessary, is for another day.

these issues. But Plaintiffs and Defendants are wrong to imply that this position is out of bounds for academic consideration. Indeed, the argument advanced here—that an academic is unfit to participate in a public-service project because he challenges a particular orthodoxy in his *private* work—is a dangerous precedent.

Finally, Plaintiffs' argument that Dr. Brunell could have been an expert in this case is irrelevant because he *was not* an expert, and Dr. Brunell's contribution in the Supreme Court was as a "friend of the Court," not the parties. *Miller-Wohl Co. v. Comm'r of Labor & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982) ("An amicus curiae is not a party to litigation."). Dr. Brunell is not prohibited from participating on these bases.

## Conclusion

Plaintiffs and Defendants have provided no basis to find that either of Defendant-Intervenors' proposed experts is not competent or would not serve honorably in the role of special master. The Court should choose one (or both) of them over the other candidates.

Dated: September 28, 2018                                  Respectfully Submitted,

/s/ Katherine L. McKnight
Katherine L. McKnight (VSB No. 81482)
Richard B. Raile (VSB No. 84340)
E. Mark Braden (*pro hac vice*)
BAKER & HOSTETLER LLP
1050 Connecticut Ave NW, Suite 1100
Washington, DC 20036
Tel: (202) 861-1500
Fax: (202) 861-1783
kmcknight@bakerlaw.com
rraile@bakerlaw.com
mbraden@bakerlaw.com

*Attorneys for the Virginia House of Delegates and Virginia House of Delegates Speaker M. Kirkland Cox*

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of September, 2018, a copy of the foregoing was filed and served on all counsel of record pursuant to the Court's electronic filing procedures using the Court's CM/ECF system.

/s/ Katherine L. McKnight
Katherine L. McKnight (VSB No. 81482)
Richard B. Raile (VSB No. 84340)
E. Mark Braden (*pro hac vice*)
BAKER & HOSTETLER LLP
1050 Connecticut Ave NW, Suite 1100
Washington, DC 20036
Tel: (202) 861-1500
Fax: (202) 861-1783
kmcknight@bakerlaw.com
rraile@bakerlaw.com
mbraden@bakerlaw.com

*Attorneys for the Virginia House of Delegates and Virginia House of Delegates Speaker M. Kirkland Cox*