IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| Golden Bethune-Hill, *et al.*,<br><br>      Plaintiffs,<br><br>    v.<br><br>Virginia State Board of Elections, *et al.*,<br><br>      Defendants. | Civil Action No. 3:14-cv-00852-REP-AWA-BMK |

### Defendant-Intervenors' Status Report

Pursuant to this Court's order of September 14, 2018, ECF No. 263 at 2, requiring the Defendant-Intervenors to file periodic "status reports on the progress of the redistricting efforts in the General Assembly," Defendant-Intervenors respectfully state the following.

On September 28, Defendant-Intervenors presented a status report optimistic about the prospect of a legislative solution to the constitutional violations this Court identified in its memorandum opinion.[1] And there was then reason for hope. The House, as it did in 2011, appeared to be putting partisanship aside and rallying around neutral principles to accomplish its legislative duties under the Virginia Constitution.

---

[1] As previously stated, Defendant-Intervenors assume the correctness of that opinion for the sake of argument only.

For starters, a bill labeled HB7002 was introduced and advocated as a proposal to remedy point by point the various items the Court's opinion identified as manifestations of racial predominance in the districts. That bill was drawn with no attention to race. The principle purpose was to take what the Court had criticized as racially motivated maneuvers and undo them. For example, where the Court believed a precinct was split for a racial motive, HB7002 reunited it. Where a district became less compact for what the Court believed were racial reasons, HB7002 made it more compact. Additionally, HB7002 sought to preserve the partisan make up in surrounding districts on the theory that the 2011 plan was passed with overwhelming bi-partisan support, so the replacement should preserve the composition the 2011 plan established and not give a win to *either* party— including the *Republican* Party.

An even more legislatively promising bill, HB7003, sponsored by Delegate Jones took its starting point from a bill proposed by Democratic Delegate Lamont Bagby, HB7001. HB7001 redrew the Challenged Districts with undisclosed racial purposes ostensibly under the notion that some specific black voting-age population levels could be identified district by district. The basis for those choices and how they were applied remain unclear to this day because the map-drawer was never identified and no one with any specific knowledge answered questions the Committee on Privileges and Elections had about HB7001. What *was* clear from HB7001 was its purpose in maximizing Democratic Party gain. The bill paired Republican incumbents not remotely living near each other into the same districts

2

with remarkable precision, and it tilted the political composition radically to maximize Democratic Party gain.

Delegate Jones's response through HB7003 was to show that none of this partisan tilt was necessary to achieve whatever unknown racial goals HB7001 was intended to accomplish. HB7003 takes the *same* remedial districts HB7001 proposed (the single exception being a slightly modified HD95) but pairs *no* incumbent Members and preserves the partisan balance established in the 2011 plan. Thus, while neither the justifications for HB7001's racial goals (and even what they are) nor the policy purposes of that bill (except for rank partisanship) have ever been disclosed, HB7003 demonstrated that compromise was possible. The overriding purpose, again, was to remedy the violations (however the Democratic Party believed HB7001 did that) while not giving political points to *either* party. HB7003 showed that the Democratic proposal's remedial purposes, opaque as they are, could be accommodated without sweeping political bias.

Democratic Delegates took notice of this willingness to compromise and spoke in favor of HB7003 (as the Richmond Times Dispatch reported).[2] Moreover, Delegate Jones emphasized at the time—and emphasizes to this day—that HB7003 remains a work in progress and any other input from either side of the aisle would be welcome. A solution appeared to be right around the corner, and, for that reason,

---

[2] RICHMOND TIMES-DISPATCH, Sept. 26, 2018, available at: https://www.richmond.com/news/virginia/government-politics/exclusive-va-house-gop-introducing-new-redistricting-plan-with-some/article_22b9f4ec-dd94-54bf-8f55-d7bd793890ee.html.

Defendant-Intervenors as of September 28 were optimistic about doing the legislative work entrusted to them by the Commonwealth's citizens. HB7003 was passed out of Committee and referred to the House. Speaker Cox called for a special session to begin October 21, creating a meaningful possibility of legislation before the court-imposed October 31 deadline. (HB7001, meanwhile, was voted down in Committee as a partisan gerrymander.)

But that all has changed. On October 2, Governor Northam issued a press release stating for the first time the remarkable position that, contrary to Virginia's constitution, redistricting should not be conducted by the legislature at all. *See* Exhibit A. Though previously he had stated publicly and privately that a legislative compromise would be superior to a court-imposed plan, Governor Northam switched his position, stating that the work of "a nonpartisan special master" would be preferable to anything the legislature could pass, even by the bipartisan vote that appeared to be possible. In other words, all the House's bi-partisan effort had been, unbeknownst to House leadership, a complete waste of time and effort. Governor Northam's press release stated "I must unequivocally state that I will veto House Bill 7003 should it reach my desk"—notwithstanding that HB7003 remained then and now a work in progress and that further input would have been and still would be welcome.

The Governor's indication that nothing the House passes will be good enough, even by taking the Democratic Party's remedial districts wholesale, smacks of partisanship. It suggests a belief that Democratic Party advantage is the main

4

priority and will be easier to secure through this Court's equitable powers than through the legislative process. Defendant-Intervenors raised this concern when Defendants sought to hasten this already truncated remedial process, ECF No. 260 at 9-10 ("This motion appears to reflect an attempt by Democratic interests to leverage this Court's power to achieve a strategic advantage in this quintessentially political affair."), and this concern is being realized.

Speaker Cox has cancelled the special session that showed so much promise but now would be a waste. But make no mistake: neither the House leadership nor the Republican Party declared this impasse. Quite the opposite, Speaker Cox and Delegates Jones, Bell, and others have repeatedly stated a willingness to work with all interested persons, especially members of the Democratic Party. Responsibility for declaring impasse lies entirely with the Governor.

For these reasons, Defendant-Intervenors are now fulfilling their promise of candor to the Court to state the facts on the ground as they are, not as Defendant-Intervenors wish them to be. Without assistance from the Governor in being willing to compromise, Defendant-Intervenors do not see how a legislative solution is possible. Defendant-Intervenors respectfully represent that a legislative solution is unlikely to occur before the court-imposed deadline.

Dated: October 5, 2018

Respectfully Submitted,

/s/ Richard B. Raile
Richard B. Raile (VSB No. 84340)
Katherine L. McKnight (VSB No. 81482)
E. Mark Braden (*pro hac vice*)
BAKER & HOSTETLER LLP
1050 Connecticut Ave NW, Suite 1100
Washington, DC 20036
Tel: (202) 861-1500
Fax: (202) 861-1783
kmcknight@bakerlaw.com
rraile@bakerlaw.com
mbraden@bakerlaw.com

*Attorneys for the Virginia House of Delegates and Virginia House of Delegates Speaker M. Kirkland Cox*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of October, 2018, a copy of the foregoing was filed and served on all counsel of record pursuant to the Court's electronic filing procedures using the Court's CM/ECF system.

/s/ Richard B. Raile
Richard B. Raile (VSB No. 84340)
Katherine L. McKnight (VSB No. 81482)
E. Mark Braden (*pro hac vice*)
BAKER & HOSTETLER LLP
1050 Connecticut Ave NW, Suite 1100
Washington, DC 20036
Tel: (202) 861-1500
Fax: (202) 861-1783
kmcknight@bakerlaw.com
rraile@bakerlaw.com
mbraden@bakerlaw.com

*Attorneys for the Virginia House of Delegates and Virginia House of Delegates Speaker M. Kirkland Cox*