# Exhibit B

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| Golden Bethune-Hill, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Virginia State Board of Elections, *et al.*, <br><br> Defendants. | Civil Action No. 3:14-cv-00852-REP-AWA-BMK |

### Declaration of S. Chris Jones

1. My name is S. Chris Jones and I am over the age of 18 and competent to testify.

2. I am a Delegate to the Virginia General Assembly for District 76 and a Member of the General Assembly's Committee on Privileges and Elections.

3. By Court order, on June 26, 2018, the Virginia General Assembly was directed to "provid[e] a redistricting plan to remedy the constitutional violations found in this case" by no later than October 30, 2018. (Dkt. 235.) That same day, this Court issued a Memorandum Opinion in which it itemized line-drawing decisions it ruled improper. (Dkt. 234) ("Memorandum Opinion").

4. On August 29, 2018, Delegate David Toscano, the Virginia House of Delegates Democratic Leader, and Delegate Lamont Bagby, Chair of the

Legislative Black Caucus, filed a proposed redistricting plan as House Bill 7001 ("HB 7001") with the Division of Legislative Services.

5. On August 30, 2018, during a special session of the Privileges and Elections Committee convened to address the Court's June 26 Order, the Committee debated the merits of HB 7001 and learned that HB 7001:

   a. paired four Republican incumbents;

   b. changed the political landscape considerably in favor of the Democratic Party;

   c. did not fully address the line-drawing decisions the Court ruled improper; and,

   d. the patron of the bill, Delegate Bagby, did not know how the lines were drawn or how data regarding race was used in drawing the lines.

6. Based on the introduction and debate of HB 7001, I believed there was an opportunity to negotiate a bi-partisan plan, just as I had negotiated a bipartisan redistricting plan in 2011.

7. In order to prepare this bipartisan plan, which ultimately I introduced as House Bill 7003 ("HB 7003"), I began with the footprint of the challenged districts from HB 7001 and altered the surrounding districts so that incumbents were not paired and no one political party benefited meaningfully over another.

8. HB 7003 does not alter any of the challenged districts in Richmond from their composition in HB 7001.

9. HB 7003 alters challenged districts in Hampton Roads based on extensive discussions I had with members of the Legislative Black Caucus representing those districts, namely, Delegates Matthew James of House District 80; C.E. (Cliff) Hayes, Jr. of House District 77; and Jerrauld C. (Jay) Jones of House District 89. I understood that Delegate Hayes supported HB 7003, and I was continuing to work with Delegates James and Jones and felt that I had addressed their concerns and they would support HB 7003 if it went to a vote.

10. I also had discussions about HB 7003 with Democratic Delegates Kelly Convirs-Fowler of House District 21, and Steve Heretick of House District 79. I understood I had Delegate Heretick's support for HB 7003, and I was continuing to work with Delegate Convirs-Fowler to garner her support when the Governor announced that he would not sign any bill.

11. Edits to the peninsula in HB 7003 were to make House District 95 more compact, something this Court identified as problematic, and with care to not politically advantage Republican Delegate David E. Yancey in House District 94.

12. HB 7003 was drawn in order to gather meaningful bi-partisan support for passage with a focus on garnering support from members of the Legislative Black Caucus.

13. HB 7003 was drawn so that no incumbents were paired.

14. On September 27, 2018, during a special session of the Privileges and Elections Committee convened to address the Court's June 26 Order, I proposed HB 7003.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on November 2, 2018, in Virginia, United States.

_____