IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

GOLDEN BETHUNE-HILL, *et al.*,

           Plaintiffs,

v.

VIRGINIA STATE BOARD OF
ELECTIONS, *et al.*,

           Defendants.

VIRGINIA HOUSE OF
DELEGATES, *et al.*

           Intervenor-Defendants

Civil Action No. 3:14-cv-00852-REP-AWA-BMK


## PLAINTIFFS' OPPOSITION TO MOTION TO EXPEDITE

The Court should deny Defendants-Intervenors' ("Intervenors") motion to expedite consideration of their "renewed" motion for a stay. Although not styled explicitly as such, the "renewed" motion is, in fact, a motion for reconsideration of the Court's August 30, 2018 Order denying Intervenors' motion for a stay.

Like Intervenors' underlying motion for reconsideration, the motion to expedite is baseless. Nonetheless, the issues raised are of great significance. Plaintiffs (and the State Defendants) should not be compelled to respond on Monday to a 30-page motion filed at 9 p.m. on Wednesday night—particularly on this procedural posture.

After the Court issued its Memorandum Opinion striking down the eleven Challenged Districts as racial gerrymanders on June 26, 2018, Intervenors moved for a stay. The Court denied the motion on August 30, 2018. *See* Dkt. No. 256. Intervenors chose to do nothing

further. They did not move for reconsideration in this Court. They did not file a stay application in the United States Supreme Court.

Instead, while their appeal remained pending, they participated in the remedial process before the Court. Indeed, in opposing the State Defendants' Motion to Alter Judgment to expedite the remedial schedule, Intervenors represented that the October 30 "redistricting deadline" was "not a problem" and thus there was no need for the Court to set a more aggressive remedial phase schedule. Dkt. No. 260 at 10.

Intervenors now dramatically reverse course because they have changed their minds and want the Court to reconsider its August 30 order. Not only is that belated, renewed request for a stay unsupported as a matter of fact and law, it does not present an emergency that warrants an expedited briefing schedule. As Plaintiffs will explain more fully in their opposition, the Supreme Court has *not* noted probable jurisdiction and it thus remains unclear whether the Supreme Court will even *reach* the merits of Intervenors' appeal. The Supreme Court, instead, has deferred its consideration of jurisdiction:

> Further consideration of the question of jurisdiction is postponed to the hearing of the case on the merits. In addition to the questions presented by the jurisdictional statement, the parties are directed to fully brief the following question: Whether appellants have standing to bring this appeal.

Order List (Nov. 13, 2018), available at https://www.supremecourt.gov/orders/courtorders /111318zor_19m2.pdf. The same thing happened in *Wittman v. Personhuballah*, and the result was that the Supreme Court dismissed the intervenors' appeal for lack of standing. This was after both the three-judge panel and the Supreme Court had denied the intervenors' efforts to obtain a stay during the pendency of the appeal.

In any event, the mere fact that an appellate court will *review* the Court's order scarcely means Intervenors are entitled to a stay pending appeal—let alone creates an emergency warranting highly expedited briefing on a motion for reconsideration. Furthermore, the Supreme Court order on which Intervenors' motion for reconsideration is

based is dated November 13, i.e. more than two weeks ago. The fact that Intervenors took their time and delayed in filing a motion for reconsideration until November 28 does not mean that Plaintiffs and the State Defendants should be compelled to respond three business days later. There is no immediate urgency here. Under the current remedial phase schedule, the Court will not adopt a remedial plan until well after the motion for reconsideration is fully briefed under the usual schedule. Intervenors do not and cannot identify any other relevant deadlines that would pass in the interim. The fact that Intervenors have abruptly decided that they want the Court to consider a motion for reconsideration immediately does not justify or warrant an expedited briefing schedule.

Simply put, while the Court can and should make short work of Intervenors' motion for reconsideration, the other parties should have a fair opportunity to be heard. For these reasons, Plaintiffs respectfully ask the Court to deny Intervenors' motion and hear Intervenors' motion for reconsideration of the Court's prior order denying their stay motion on the ordinary briefing schedule set out in Local Civil Rule 7.

Dated: November 29, 2018                          Respectfully submitted,

                                                  By: */s/ Aria C. Branch*
                                                      Marc Erik Elias (admitted *pro hac vice*)
                                                      Bruce V. Spiva (admitted *pro hac vice*)
                                                      Aria Branch (VSB No. 83682)
                                                      **PERKINS COIE** LLP
                                                      700 Thirteenth Street, N.W., Suite 600
                                                      Washington, D.C. 20005-3960
                                                      Telephone: 202.434.1627
                                                      Facsimile: 202.654.9106

Kevin J. Hamilton (admitted *pro hac vice*)
Abha Khanna (admitted *pro hac vice*)
Ryan Spear (admitted *pro hac vice*)
William B. Stafford (admitted *pro hac vice*)
**PERKINS COIE** LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of November, 2018, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the counsel of record in this case.

Respectfully submitted,

By /s/ *Aria C. Branch*
Aria C. Branch (VSBNo.  83682)
Perkins Coie LLP
700 13th St. N.W., Suite 600
Washington, D.C. 20005-3960
Phone: (202) 654-6338
Fax: (202) 654-9106
Email: ABranch@perkinscoie.com

*Attorneys for Plaintiffs*