IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| Golden Bethune-Hill, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 3:14-cv-00852-REP-AWA-BMK |
| | ) |
| Virginia State Board of Elections, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**Defendants' Response to the Special Master's Remedial Plan**

For the reasons given in our previous filing, see ECF No. 302, this Court should apply the same remedial framework used in *Personhuballah v. Alcorn*, 155 F. Supp. 3d 552, 561 (E.D. Va. 2016). Having reviewed the Special Master's report, see ECF No. 323, our view is that all of the modules included in the proposed remedial plan comply with the framework used in *Personhuballah* and thus would provide an appropriate remedy for the unconstitutional racial gerrymander identified in this Court's previous opinion.

Specifically, the Special Master drew the proposed districting plans using "[t]raditional districting principles in Virginia" in a way that maintained "equal population districts." *Personhuballah*, 155 F. Supp. 3d at 561; accord ECF No. 323 at 10. Moreover, the Special Master only considered race "after traditional districting criteria ha[d] been satisfied" and then "only for [the] purposes of seeking to assure that there is no violation of the 14th Amendment's Equal Protection provision vis-à-vis changes in the racial composition of the unconstitutional districts that might have inadvertently created racial vote dilution." ECF No. 323 at 11. That limited consideration of race is likewise consistent with *Personhuballah*. See 155 F. Supp. 3d at

1

563–64. In short, this Court should select from the various modules proposed by the Special Master in deciding on the remedial plan in this case.

In closing, we emphasize that the sooner a districting plan is in place, the better. As the Court knows, Virginia's next election cycle officially begins on January 2, 2019. See ECF No. 258 at 4 ("prospective candidates are permitted to begin collecting the signatures (January 2, 2019) that are necessary for their name to appear on a primary ballot"). Accordingly, we urge the Court to enter an order adopting a remedial plan as soon after the January 10, 2019 hearing as is practicable, even if that means that the full opinion explaining the court's decision comes at a later date. See, *e.g.*, *Sierra Club v. U.S. Army Corps of Eng'rs*, 905 F.3d 285, 286 (4th Cir. 2018) (announcing the court's decision, but stating that the "reasons [will] be more fully explained in a forthcoming opinion"); *Sierra Club v. U.S. Dep't of Interior*, 722 F. App'x 321, 322 (4th Cir. 2018) (same).

Dated: December 14, 2018

Respectfully submitted,

VIRGINIA STATE BOARD OF ELECTIONS; JAMES B. ALCORN, in his capacity as Chairman of the Virginia State Board of Elections; CLARA BELLE WHEELER, in her capacity as Vice-Chair of the Virginia State Board of Elections; SINGLETON B. MCALLISTER, in her capacity as Secretary of the Virginia State Board of Elections; VIRGINIA DEPARTMENT OF ELECTIONS; and EDGARDO CORTÉS, in his capacity as Commissioner of the Virginia Department of Elections

By: _____/s/_____
Matthew R. McGuire, VSB # 84194
Principal Deputy Solicitor General
Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219

                          (804) 786-7773 – Telephone  
                          (804) 371-0200 – Facsimile  
                          mmcguire@oag.state.va.us

Mark R. Herring  
Attorney General

Toby J. Heytens, VSB # 90788  
Solicitor General  
theytens@oag.state.va.us

Stephen A. Cobb  
Deputy Attorney General

**CERTIFICATE OF SERVICE**

I hereby certify that on December 14, 2018, a true and accurate copy of this paper was filed electronically with the Court's CM/ECF system, which will then send a notification of such filing to the counsel of record in this case.

By: /s/
Matthew R. McGuire