IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| Golden Bethune-Hill, *et al.*,<br><br>      Plaintiffs,<br><br>    v.<br><br>Virginia State Board of Elections, *et al.*,<br><br>      Defendants. | Civil Action No. 3:14-cv-00852-REP-AWA-BMK |

**Defendant-Intervenors' Objections to
Special Master's Final Remedial Plan**

Pursuant to this Court's order of January 22, 2019, ECF No. 353, allowing the parties to file objections to the final remedial plan of the Special Master, Defendant-Intervenors respectfully object as stated below.

The Special Master's Final Remedial Plan consists of "modules" proposed in the Special Master's prior reports, and Defendant-Intervenors have objected to and submitted briefing, evidence, and oral argument regarding all these modules, including in their filing of January 17, 2019, ECF No. 350. The Special Master contends that the final map is "identical" to what he presented in his report of January 7, 2019. ECF No. 355 at 2. Although no block-assignment file of the final plan has been served on the parties or made available on the Division of Legislative Services website, Defendant-Intervenors take the Special Master at his word that his final plan includes no further changes.

Notably, the Special Master has declined to reunite any of the VTDs split in his prior proposals. As Defendant-Intervenors have shown elsewhere, these splits—including multiple splits between the same two districts in a row—reflect transparent racial sorting, at least under the Court's framework for addressing the 2011 enacted districts.[1] The Special Master responded that the VTD splits are minor and "can be addressed as final technical cleanup," ECF No. 331 at 29 n.22, but now contends that they should not be reunited. Curing these splits would raise BVAP above 55% in some of the proposed districts.

In all events, because the Special Master has made (or at least claims to have made) no changes, let alone material changes, in his final map, Defendant-Intervenors need not burden the Court with repetition of their arguments against his proposals. Defendant-Intervenors incorporate all their remedial-stage filings by reference and stand by all prior objections and arguments. As stated, the Special Master's approach, however sincere, is profoundly misguided, and his proposals should be rejected (as should all remedial proposals, with the exception of HB7002).

Defendant-Intervenors, however, will respectfully take this opportunity to remind the Court of its task at this remedial stage—should it choose to proceed at

---

[1] As has been reiterated many times, Defendant-Intervenors assume the validity of the Court's prior decision for the sake of argument only. It is certainly possible that race predominated in the Special Master's districts only by the incorrect understanding of the concept inherent in the Court's prior decision—but that is the understanding that counts for remedial purposes.

2

all.[2] The Special Master's proposals are not similarly situated with a legislatively enacted map. They enjoy no presumption of constitutionality. The Court need not, and must not, evaluate them with "extraordinary caution." *Miller v. Johnson*, 515 U.S. 900, 916 (1995). As a proposal for court implementation, the Special Master's work "will be held to stricter standards than will a state legislature['s]." *Wise v. Lipscomb*, 437 U.S. 535, 540 (1978) (internal quotations and edits omitted). The Court is therefore duty-bound to scrutinize what is before it with a higher level of care and concern than it applied at the liability phase.

As Defendant-Intervenors represented at the remedial hearing, they are placing the Special Master's credibility at issue. 1/10/19 Hearing Tr. 122–23. As noted before, there are conflicts between his denial of a racial ceiling and the circumstantial evidence, and there are internal inconsistencies within the Special Master's own representations.[3] But the Court need not agree with Defendant-Intervenors on these issues to agree that the proposal before it should not be implemented. The cloud of uncertainty and doubt surrounding these proposals is a sufficient basis to reject them. Moreover, the public impact of this proceeding, which affects not only the parties but also millions of Virginia residents, calls for unique

---

[2] The Court should, as Defendant-Intervenors stated before, stay remedial proceedings. Alternatively, as Judge Payne proposed, it should afford the political branches a second opportunity to undertake their constitutionally defined role.

[3] For example, whereas his initial report represented that lines were altered using racial criteria, *see, e.g.*, ECF No. 323 at 11, he stated at the January 10 hearing that not a *single* line was altered for racial reasons, *see* 1/10/19 Hearing Tr. 69:1–70:18.

care to preserve objective appearances. The telltale signs of racial sorting are self-evident, as is the possibility, if not overt likelihood, of intentional vote dilution (not to mention the palpable public perception that this Court is poised to deliver a plan with a far from neutral partisan tilt in adopting the unaccountable Special Master's proposal[4]). Indeed, the Court apparently intends to change HD75, dropping its BVAP from above to below 55%, even though the Supreme Court held the 55% target in that district to be lawful, thereby damaging minority voting power and contradicting the expert reports showing polarized voting sufficient to support BVAP at 55% or higher. The public deserves better than all of this.

Finally, for the record, Defendant-Intervenors have attached to this filing several exhibits, updated to cover the modules the Court has chosen. Exhibit A contains maps of all districts changed, comparing the enacted districts with the Special Master's final proposals. Exhibit B contains maps showing the racial geography of the Special Master's final proposals. Exhibit C contains compactness

---

[4] *See, e.g.*, Graham Moomaw, *Federal court picks redrawn Va. House map that boosts Democrats' chances of taking control*, RICHMOND TIMES-DISPATCH, Jan. 23, 2019, https://www.richmond.com/news/virginia/government-politics/federal-court-picks-redrawn-va-house-map-that-boosts-democrats/article_6b727239-4d46-592d-99c7-f2b544c5e045.html; Denise Lavoie, *Court picks Virginia redistricting plan that helps Democrats*, WASHINGTON POST, Jan. 23, 2019, https://www.washingtonpost.com/national/court-picks-virginia-redistricting-plan-that-helps-democrats/2019/01/23/c7624246-1f2f-11e9-a759-2b8541bbbe20_story.html?utm_term=.bb2ec1d94240; *How Court Plan Would Affect Partisan Lean of Some House Districts*, Virginia Public Access Project https://www.vpap.org/updates/3177-how-court-plan-would-partisan-lean-some-house-districts/; *see also* Objections of Van Williams, ECF No. 356-1.

measures of the Special Master's final proposals. Exhibit D contains district-change metrics for the Special Master's final proposals. Exhibit E contains a chart comparing black voting-age population levels between the Special Master's final proposals and the enacted districts. Exhibit F contains a chart showing the degree of changes by district with incumbency information. Exhibit G contains racially themed maps of certain VTD splits in the Special Master's final plan.

## CONCLUSION

For the reasons stated above and in Defendant-Intervenors' other remedial-phase filings, the Court should not adopt the Special Master's final proposal. It should stay proceedings pending further guidance from the Supreme Court. Alternatively, it should adopt HB7002.

Dated: February 1, 2019     Respectfully Submitted,

*/s/ Katherine L. McKnight*
Katherine L. McKnight (VSB No. 81482)
Richard B. Raile (VSB No. 84340)
E. Mark Braden (*pro hac vice*)
BAKER & HOSTETLER LLP
1050 Connecticut Ave NW, Suite 1100
Washington, DC 20036
Tel: (202) 861-1500
Fax: (202) 861-1783
kmcknight@bakerlaw.com
rraile@bakerlaw.com
mbraden@bakerlaw.com

*Attorneys for the Virginia House of Delegates and Virginia House of Delegates Speaker M. Kirkland Cox*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of February, 2019, a copy of the foregoing was filed and served on all counsel of record pursuant to the Court's electronic filing procedures using the Court's CM/ECF system.

/s/ Katherine L. McKnight
Katherine L. McKnight (VSB No. 81482)
Richard B. Raile (VSB No. 84340)
E. Mark Braden (*pro hac vice*)
BAKER & HOSTETLER LLP
1050 Connecticut Ave NW, Suite 1100
Washington, DC 20036
Tel: (202) 861-1500
Fax: (202) 861-1783
kmcknight@bakerlaw.com
rraile@bakerlaw.com
mbraden@bakerlaw.com

*Attorneys for the Virginia House of Delegates and Virginia House of Delegates Speaker M. Kirkland Cox*