URGENT FILING



March 6, 2019

Clerk's Office
United States District Court
Eastern District of Virginia
701 East Broad Street, Suite 3000
Richmond, VA. 23219

Civil Action No. 3:14CV852

RE: Bethune-Hill
v.
State Bd. of Elections, et al.,

Dear Clerk,

I was never served a copy of the order issued and filed on January 22, 2019. The Special Master was ordered to submit a final remedial plan no later than January 29, 2019 @ 5:00 p/m. Any objections to the map is to be filed by February 1, 2019 @ 5:00 p/m. I would like to submit the following in support of implementation of a new remedial plan.

Respectfully Submitted

/s/ Wakeel Abdul-S. 3/6/19
WAKEEL ABDUL-SABUR #1003654
RED ONION STATE PRISON
P.O. Box 1900
POUND, VA. 24279-1900

(MOVANT AND INTERESTED NON-PARTY)



IN THE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

IN RE: BETHUNE-HILL V. STATE Bd. OF ELECTIONS

CIVIL ACTION NO. 3:14CV852

INTERESTED NON-PARTY IN SUPPORT OF REMEDIAL PLAN

WAKEEL ABDUL-SABUR #1003659
RED ONION STATE PRISON
P.O. BOX 1900
POUND, VA. 24279-1900

The Interested Non-Party Wakeel Abdul-Sabur, Pro Se' submit the following facts in support of a fair remedial plan under penalty of perjury. The Interested Non-Party states the following:

(1) Interested Non-Party, Wakeel Abdul-Sabur is disenfranchised African American currently incarcerated at Red Onion State Prison.

(2) Prior to incarceration, Interested Non-Party was residing in District 63.

(3) Interested Non-Party was sentenced to 25 years for one count of credit card theft, and forgery in Albemarle County Circuit Court. Recommended by jury in 1999.

(4) Interested Non-Party was sentenced to 10 years for two counts of grand larceny in Louisa County Circuit Court. Recommended by jury.

(5) The sentences were a result of jurors were never advised on the facts of parole abolition.

(6) Between January 1, 1995 and June 9, 2000 there was a total of 500 jury trials conducted without the "no parole" instruction.

(ii)

(7) On June 9, 2000 the State Supreme Court announced a new rule of criminal procedure requiring that jurors are to be instructed on the facts of parole abolition. See Fishback v. Commonwealth, 260 VA. 104 (June 9, 2000)

## LEGISLATIVE HISTORY

(8) Fishback Relief for the Disenfranchised Incarcerated has been introduced to the House of Delegates and State Senate between 2011 to 2019.

(9) Former Senator Jennifer T. Wexton introduced Senate Bill 825 "SB825" which provides that a person who was sentenced by a jury prior to the date of the Supreme Court of Virginia decision in Fishback v. Comm, 260 VA. 104 (June 9, 2000) in which the court held that a jury should be instructed on the fact that parole has been abolished for a non-capital felony committed prior to the time that abolition of parole went into effect (January 1, 1995) is entitled to a new resentencing hearing.

(10) The Senate Bill passed in the Senate, but failed to make it out of House Courts of Justice in 2017.

(11) Senator David Marsden introduced Senate Bill, "SB216" which provided that a person who was sentenced by a jury prior to the date of the Supreme Court of Virginia decision in Fishback v. Comm, 260 VA. 104 (June 9, 2000)

In which the court held that a jury should be instructed on the fact that parole has been abolished for a non-capital felony committed prior to the time that abolition of parole went into effect (January 1, 1995) is entitled to parole..

NOTE: The bill was amended to apply to non-violent offenders.

(12) Unfortunately the bill was killed in the House of Delegates.

(13) Delegate Joseph C. Lindsey introduced House Bill 1314, "HB1314" outlining the same Fishback relief for this special group of disenfranchised incarcerated persons who resided in the districts which the Honorable Court declared racially gerrymandered.

(14) Senator Jennifer McClellan introduced Senate Bill 100, "SB100". Outlining the same relief which former Senator Jennifer T. Wexton introduced in 2017. Providing those who qualify under Fishback will be entitled to resentencing hearings.

## ARGUMENT

(15) In Bethune-Hill v. VA. State Board of Election (June 26, 2018) this Honorable Court's majority ruled that race was the "predominant factor" in the remaining (11) eleven House of Delegates Districts in this case. The challenged districts are: House Districts 63, 69, 70, 71, 74, 77, 80, 89, 90, 92, and 95.

(16) In 2011, Delegate Jones was "the primary architect of the redistricting plan, and John Morgan, who was hired to assist drawing the district lines, was labeled the finished carpenter" and "played a substantial role in constructing the 2011 plan." That role included using mapping "software to draw district lines" and, "in most circumstances," "splitting the voting tabulation districts ("VTDs") in the challenged districts. Former House Speaker William Howell was a member of the House Redistricting Subcommittee who played a minimal role in the 2011 redistricting process. This establishes the meeting of the minds.

(17) A three-judge panel of this Court ruled on June 26, 2018 that the lines for eleven House of Delegates districts had been drawn with the purpose of concentrating Black voters. Court strikes down Virginia House Districts as racial gerrymandering.

(v)

(18) When Republican lawmakers targeted African American voters in the challenged districts outlined in paragraph (15) they also targeted the disenfranchised incarcerated African American prisoners that resided within the eleven districts.

(19) By controlling the electoral outcome through racial gerrymandering the Republican lawmakers can kill any criminal justice reform legislation that comes to the House of Delegates for passage.

(20) 28 U.S.C. 2244(d)(1)(B) is the date on which the impediment to filing an application created by state action in violation of the Constitution, or laws of the United States is removed, if the applicant was prevented from filing by such state action.

(21) The defendants in this case conspired to prevent, or hinder me from securing an opportunity to file an application for writ of habeas corpus to get relief outlined in paragraphs (8) through (14). Had the House of Delegates districts not been racially gerrymandered in 2011, the interested non-party would have been parole eligible and re-sentenced years ago.

(22) The defendants figured that if they are able to prevent, or hinder the large, disenfranchised incarcerated African American from

(VI)

getting relief, they must racially gerrymander the Black voters in the House districts where the disenfranchised African Americans resided prior to incarceration. This is a form of prison gerrymandering.

## CONCLUSION

Wherefore the Interested Non-Party submits this memorandum in support of ordering implementation of a remedial plan. Interested Non-Party would like to be served a copy of the order.

Under penalty of perjury, Interested Non-Party Wakeel Abdul-Sabur verify that all information in this document is true and correct.

/s/ _Wakeel A._ 3/6/18
WAKEEL ABDUL-SABUR #1003659
REDONION STATE PRISON
P.O. Box 1900
Pound, VA. 24279-1900

WAKEEL ABDUL-SABUR #1003659
RED ONION STATE PRISON
P.O. BOX 1900
POUND, VA. 24279-1900

LEGAL MAIL
ZIP 24279 $ 000.50⁰
0000357008 MAR 07 2019

VA DOC HAS NEITHER CENSORED OR
INSPECTED THIS ITEM THE DEPARTMENT
DOES NOT ASSUME ANY RESPONSIBILITY
FOR ITS CONTENTS    PM 2 L

UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK
EASTERN DISTRICT OF VIRGINIA
701 EAST BROAD ST, SUITE 3000
RICHMOND, VA 23219-3328

RECEIVED
MAR 07 2019
MAILROOM

23219-352699