IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| Golden Bethune-Hill, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Virginia State Board of Elections, *et al.*, <br><br> Defendants. | Civil Action No. 3:14-cv-00852-REP-AWA-BMK |

**Defendant-Intervenors' Motion To Strike or
for Leave To File Responsive Brief**

For the first time in reply, Plaintiffs argue that they are entitled to recover attorneys fees from the Virginia House of Delegates because it is "the *same entity*" as the State Defendants. ECF No. 395 at 6–7. That directly contradicts the Supreme Court's holding that the House's role in this litigation has *not* been "as agent of the State." *Virginia House of Delegates v. Bethune-Hill*, 139 S. Ct. 1945, 1953 (2019). That obvious legal error aside, what matters for present purposes is that Plaintiffs' opening papers did not put the House on notice that they intended to recover fees from the House. *See* ECF No. 395 at 2 (conceding their opening brief and motion "did not advocate that the Court allocate fees, expenses, or costs to any particular defendant").

The Court should strike Plaintiffs' belated request to recover fees from the House. Arguments raised for the first time in reply are forfeited. *See, e.g.*, *Kane v. UPS Pension Plan Bd. of Trustees*, 584 F. App'x 109, 110 (4th Cir. 2014). Plaintiffs

1

knew that fees are normally recoverable only against the State and not intervenors, *see Brat v. Personhuballah*, 883 F.3d 475, 480 (4th Cir. 2018) (litigated by Plaintiffs' counsel), and they knew that the House's appeal was held not to be on behalf of the State, *Virginia House of Delegates*, 139 S. Ct. at 1951–53. The onus was on Plaintiffs to set forth in their opening brief their bases for demanding attorneys fees from intervenor defendants, against the normal practice and presumptions *against* such an award. The House had no obligation to guess that Plaintiffs might be attempting to shoehorn their claims into narrow and self-evidently inapplicable exceptions.

The House was prejudiced by this omission. Having no basis to believe it was anything but a bystander—as the Supreme Court concluded—it had no reason to spend time vetting Plaintiffs' attorney-fee assertion or to file an opposition brief. As should be obvious, the Attorney General's response is insufficient to protect the House's interests. He does not represent the House, at times he has been directly adverse to the House, and he did not purport to represent the House's interest with respect to this motion. A claim to attorneys fees from the House requires independent vetting by the House and its counsel based on fair notice of the grounds of the assertion, which were wrongly withheld until Plaintiffs' reply. Now that briefing has concluded, it is entirely unfair to let Plaintiffs' belated (and erroneous) claim to fees from the House stand unchallenged. Because of their procedural violation, the Court should limit Plaintiffs to fees recoverable against

the State based on actions take on the State's behalf.[1] It should strike Plaintiffs' demand for fees from the House.

If the Court would prefer, the House can file a responsive brief after vetting Plaintiffs' belated claim—notwithstanding the procedural violation. The House does not concede that Plaintiffs are prevailing parties as to an appeal where the winning argument was developed not by them but by the Virginia Attorney General and the U.S. Solicitor General. Nor does the House concede that fees Plaintiffs spent developing arguments never reached by the Supreme Court—and that the U.S. Solicitor General deemed incorrect—are recoverable from anyone. The House also has not had the opportunity to scour the billing records to lodge line-item objections, as is the right of a party alleged to be liable for attorneys fees. In all events, it is emphatically false that recovery is available against the House, as "a single chamber of a bicameral legislature" that lacked authority to enact into law the challenged redistricting bill. *Virginia House of Delegates*, 139 S. Ct. at 1950. Plaintiffs' reliance on a case that *did* involve *both* houses of a bicameral legislature, *Planned Parenthood of Cent. N.J. v. Attorney Gen. of N.J.*, 297 F.3d 253, 263–65 (3d Cir. 2002), could not be further off base.

---

[1] For example, if the Court believes the Attorney General is estopped from avoiding fees based on representations by the Attorney General to the Supreme Court, *see* ECF No. 395 at 6, the Court might be justified in ordering recovery from the executive branch on this basis, but the House cannot be bound or ordered to pay based on representations by an adverse attorney.

3

If the Court chooses not to strike Plaintiffs' belated fee request against the House, it should allow the House at least three weeks to vet Plaintiffs' position and prepare responsive papers.

Dated: September 6, 2019

Respectfully Submitted,

*/s/*
Katherine L. McKnight (VSB No. 81482)
Richard B. Raile (VSB No. 84340)
E. Mark Braden (*pro hac vice*)
BAKER & HOSTETLER LLP
1050 Connecticut Ave NW, Suite 1100
Washington, DC 20036
Tel: (202) 861-1500
Fax: (202) 861-1783
kmcknight@bakerlaw.com
rraile@bakerlaw.com
mbraden@bakerlaw.com

*Attorneys for the Virginia House of Delegates and Virginia House of Delegates Speaker M. Kirkland Cox*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of September, 2019, a copy of the foregoing was filed and served on all counsel of record pursuant to the Court's electronic filing procedures using the Court's CM/ECF system.

*/s/*
Katherine L. McKnight (VSB No. 81482)
Richard B. Raile (VSB No. 84340)
E. Mark Braden (*pro hac vice*)
BAKER & HOSTETLER LLP
1050 Connecticut Ave NW, Suite 1100
Washington, DC 20036
Tel: (202) 861-1500
Fax: (202) 861-1783
kmcknight@bakerlaw.com
rraile@bakerlaw.com
mbraden@bakerlaw.com

*Attorneys for the Virginia House of Delegates and Virginia House of Delegates Speaker M. Kirkland Cox*