# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | |
|---|---|
| GOLDEN BETHUNE-HILL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> VIRGINIA STATE BOARD OF ELECTIONS, *et al.*, <br><br> Defendants, <br><br> v. <br><br> VIRGINIA HOUSE OF DELEGATES, *et al.*, <br><br> Intervenor-Defendants. | Civil Action No. 3:14-cv-00852-REP-GBL-BMK |

## PLAINTIFFS' RESPONSE TO DEFENDANT-INTERVENORS' MOTION TO STRIKE OR FOR LEAVE TO FILE RESPONSIVE BRIEF

145625578.3

Plaintiffs submit this brief response to Intervenors' Motion to Strike or For Leave to File Responsive Brief. For the reasons stated below, the Court should deny the motion.

Neither Plaintiffs' opening motion nor their reply takes a position as to whether the Court should impose fees against Defendants-Intervenors, in addition to the State Defendants. To the contrary, as Defendant-Intervenors accurately recount in the first paragraph of their motion, Plaintiffs do "not advocate that the Court allocates fees, expenses, or costs to any particular defendant." ECF No. 397 at 1 (quoting ECF No. 395 at 2). Plaintiffs maintain—and have always maintained—that it is the Commonwealth that bears this responsibility. This is because it was the Commonwealth that violated Plaintiffs' constitutional rights, and the Commonwealth that needed to remedy that violation, as the Court found in enjoining "[t]he Commonwealth of Virginia . . . from conducting any elections after this date for the office of Delegate in the Commonwealth's House of Delegates in the Challenged Districts until a new redistricting plan is adopted." ECF No. 235 at 1.

In their opposition brief, the State Defendants acknowledge responsibility for paying Plaintiffs' reasonable fees, expenses, and costs—with one exception. For the *first time* in their opposition, the State Defendants claim that the Commonwealth cannot be held liable for work Plaintiffs' counsel performed on appeal because state actors other than the State Defendants filed those appeals. Plaintiffs' reply on this point was simple: They noted that the State Defendants (a) had already acknowledged their responsibility for paying such fees and (b) misread *Brat v. Personhuballah*, 883 F.3d 475, 480 (4th Cir. 2018). ECF No. 395 at 5-8. As Plaintiffs explained, *Brat* does not preclude the imposition of fees against the State Defendants because both the defendants and intervenors are state actors—which was not the case in *Brat*. The

Commonwealth, through the State Defendants, is no less liable for fees because another branch of the Commonwealth filed an appeal.

At the end of the day, the same entity—the Commonwealth—would be paying Plaintiffs' fees regardless of whether such fees were imposed against the State Defendants or the Defendant-Intervenors, and that is the entity responsible for violating Plaintiffs' constitutional rights. This is what distinguishes the case from *Brat* and explains why all of Plaintiffs' fees, expenses, and costs are properly assessed *against the State Defendants*.

And in any event, none of this is new. Defendant-Intervenors were on notice of Plaintiffs' position regarding their requested fees and expenses from the filing of Plaintiffs' opening brief (and certainly after the State Defendants filed their opposition, which explicitly raised the question of whether the Court could award fees against Defendant-Intervenors (ECF No. 393 at 1 n.1)). They could have submitted briefing opposing Plaintiffs' motion, in whole or in part, but chose not to. Nothing in Plaintiffs' Reply explaining why *Brat* is distinguishable and Plaintiffs are entitled to a full recovery warrants further briefing or delay in addressing and resolving the pending motion for an award of attorneys' fees and costs.

Respectfully, there is no basis for a motion to strike, and no need for further briefing because the Court can and should simply award Plaintiffs' requested fees, expenses, and costs against the State Defendants in full.

- 4 -

DATED: September 9, 2019

By: */s/ Aria C. Branch*
Marc Erik Elias (admitted *pro hac vice*)
Bruce V. Spiva (admitted *pro hac vice*)
Aria Branch (VSB # 83682)
**PERKINS COIE LLP**
700 Thirteenth Street, N.W., Suite 600
Washington, D.C. 20005-3960
Telephone: 202.434.1627
Facsimile: 202.654.9106

Kevin J. Hamilton (admitted *pro hac vice*)
Abha Khanna (admitted *pro hac vice*)
Ryan Spear (admitted *pro hac vice*)
William B. Stafford (admitted *pro hac vice*)
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

*Attorneys for Plaintiffs*

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of September, 2019, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the counsel of record in this case.

By */s/ Aria C. Branch*
Aria C. Branch (VSB #83682)
Perkins Coie LLP
700 13th St. N.W., Suite 600
Washington, D.C. 20005-3960
Phone: (202) 654-6338
Fax: (202) 654-9106
ABranch@perkinscoie.com

*Attorneys for Plaintiffs*