```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF VIRGINIA
                          Richmond Division
```

GOLDEN BETHUNE-HILL,
et al.,

    Plaintiffs,

v.                                          Civil Action No. 3:14cv852

VIRGINIA STATE BOARD
OF ELECTIONS, et al.,

    Defendants.

## ORDER

Having considered PLAINTIFFS' SECOND MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES (ECF No. 385) ("SECOND MOTION"), the supporting, opposing and reply memoranda, and the Defendant-Intervenors' Motion to Strike or for Leave To File Responsive Brief (ECF No. 397), and the plaintiffs' response thereto, it is hereby ORDERED that:

(1) Because in their memoranda in support of, and in opposition to, the SECOND MOTION, the Plaintiffs have cross-referenced information that is set out in the Plaintiffs' earlier motion for attorneys' fees and supporting information and the Defendants have done likewise in their briefs (ECF Nos. 240, 241, 253, 254, 386, 383 and 395), and because that approach unduly and unreasonably complicates the analysis of the SECOND MOTION, the PLAINTIFFS' SECOND MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES (ECF No. 385) is denied without prejudice, and, by October 21, 2019, the Plaintiffs shall file a REVISED SECOND MOTION FOR

ATTORNEYS' FEES AND LITIGATION EXPENSES (the "REVISED SECOND MOTION"), which does not incorporate by reference or cross-reference material from any previous filing and the Defendants, subject to the same restrictions, shall file their response thereto by November 18, 2019;

(2) As an attachment to their REVISED SECOND MOTION, the Plaintiffs shall provide (in chart form) a statement of total fees organized by category, such as "review of [number] documents produced in discovery by [producing party]; drafting and finalizing brief on [topic] in [court]; internal firm conferences re: [topic]; preparing for oral argument in [court]; travel time; preparing for depositions; taking depositions; and any other category that Plaintiffs think will assist the Court in assessing the propriety and reasonableness of the fee requested; and

(3) In their REVISED SECOND MOTION, the Plaintiffs shall: explain fully why the "billing rates for 2017 through 2019 were adjusted;" (b) the numerical and percentage of the adjustment for each of those years, and (c) the cumulative increases that result from the adjustments; and

(4) The Defendant-Intervenors' Motion to Strike or for Leave To File Responsive Brief (ECF No. 397) is granted to the extent that it seeks leave to file a responsive brief which shall be filed on November 18, 2019; and

2

(5) The Defendant-Intervernors' Motion to Strike or for Leave To File Responsive Brief (ECF No. 397) is denied to the extent that it asks the Court to strike the Plaintiffs' request to recover fees from the Intervenor-Defendant House of Delegates; and

(6) In the response briefs, the Defendants and Intervenor-Defendants shall identify specific fees to which they object and the reasons therefore, with the understanding that the Court will consider only objections so identified and that fee reductions may not be based on examples (as the Defendants have done in ECF No. 393); and

(7) However, objections may be placed in categories if the same objection applies to fees of the same kind and, if that is done, the objections need only be argued for the category; and

(8) If the Defendants persist in their objection to, or if the Intervenor-Defendants make an objection to, "block billing," the objection shall identify all time entries that are alleged to be deficient for that reason (being mindful not to be unreasonably aggressive in pressing such objections) and they shall explain why the entry is deficient and why a specific percentage reduction of the requested fee is warranted on account of the "block billing;" and

(9) On December 6, 2019, Plaintiffs shall file their briefs in reply to the Defendants and Intervenor-Defendants' response briefs; and

3

(10) In their briefs, the Plaintiffs and the Intervenor-Defendants shall address: (a) the applicability of the decision of the United States Court of Appeals for the Fourth Circuit in Brat v. Personhuballah, 883 F.3d 475 (4th Cir. 2018) to a fee award as to the Intervenor-Defendants and, in so doing, they also shall discuss the decisions in Planned Parenthood of Cent. N.J. v. Aty Gen. of N.J., 297 F.3d 253 (3rd Cir. 2002) and Mallory v. Harkness, 923 F. Supp. 1546, 1552-53 (S.D. Fla. 1996, aff'd 109 F.3d 771 (11th Cir. 1997)); and (b) how, if at all, the decision of the Supreme Court of the United States in this matter dismissing the appeal for lack of standing on the part of the Intervenor-Defendant House of Delegates affects whether the Intervenor-Defendant House of Delegates is subject to a fee award; and

(11) By December 20, 2019, the parties shall state whether they wish to present oral argument on the REVISED SECOND MOTION, and, if so, on what topics, and, if the Court determines that oral argument will be helpful, the argument will be heard at 11:00 a.m. January 13, 2020 at the Spottswood W. Robinson III and Robert R. Merhige, Jr. United States Courthouse, Courtroom 7000, in Richmond, Virginia.

It is SO ORDERED.

/s/ REP
For the Court
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: September 24, 2019