# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | |
|---|---|
| GOLDEN BETHUNE-HILL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> VIRGINIA STATE BOARD OF ELECTIONS, *et al.*, <br><br> Defendants, <br><br> v. <br><br> VIRGINIA HOUSE OF DELEGATES, *et al.*, <br><br> Intervenor-Defendants. | Civil Action No. 3:14-cv-00852-REP-GBL-BMK |

## DECLARATION OF KEVIN J. HAMILTON

I, Kevin J. Hamilton, state that I have personal knowledge of the matters set forth in this declaration and, if sworn as a witness, would testify as follows:

1. I am an attorney practicing at the firm of Perkins Coie LLP and served as a lead counsel for the plaintiffs in this matter. I submit this declaration in support of Plaintiffs' Revised Second Motion for Attorneys' Fees and Litigation Expenses.

2. Plaintiffs were represented in this matter by attorneys from the firm of Perkins Coie LLP.

3. I have been a partner with Perkins Coie since 1994. I have significant election law experience in statewide recounts, election contests, campaign finance issues, and administering elections. I have been involved in redistricting and election related litigation around the country,

146094287.3

including in Arizona, Florida, Ohio, Minnesota, Montana, Nevada, New York, North Carolina, Texas, Washington, and Virginia. As a Fellow in the American College of Trial Lawyers and a member of the American Law Institute, I have extensive experience litigating civil rights actions in federal and state courts across the country, making my hourly rate reasonable. I was lead counsel in both of the trials held in this matter.

4. Marc Elias has been a partner with Perkins Coie since 2002. He is Chair of the Political Law Practice of Perkins Coie LLP and is recognized as a national expert in political and elections law. He has been involved in redistricting litigation in more than a half-dozen states regarding the 2010 census, including Florida, Texas, North Carolina, Minnesota, Nevada, New York, and Virginia, and has been involved in election related litigation in numerous other states as well. He is a member of the Bar of the District of Columbia and has been admitted *pro hac vice* in this matter. In addition, he has been admitted to the U.S. Supreme Court; the U.S. Court of Appeals for the Fifth Circuit; U.S. Court of Appeals for the Fourth Circuit; the U.S. Court of Appeals for the District of Columbia Circuit; and the U.S. District Court for the District of Columbia. Mr. Elias argued this case on both appeals before the United States Supreme Court.

5. Bruce Spiva is a partner in Perkins Coie's political law group in the Washington, D.C. office. Mr. Spiva graduated from Harvard Law School in 1992, where he served as editor and treasurer of the Harvard Law Review. Mr. Spiva clerked for the Honorable Jerome Farris for the Ninth Circuit. Mr. Spiva has decades of litigation experience, representing clients in complex litigation in such areas as congressional redistricting, civil rights, and First Amendment law. Prior to joining Perkins Coie, Mr. Spiva headed his own firm, Spiva and Hartnett, and was a partner at Jenner & Block. Representative cases include *Vieth v. Jubelirer*, 541 U.S. 267 (2004).

Along with myself and associate Aria Branch, Mr. Spiva served as trial counsel in the first trial held in this matter.

6. Abha Khanna is a partner with Perkins Coie in the Seattle office.[1] Ms. Khanna graduated from Yale Law School in 2007, where she was an editor on the Yale Law Review. Prior to joining Perkins Coie in 2010, Ms. Khanna served as a law clerk to Judge Judith W. Rogers of the United States Court of Appeals for the District of Columbia Circuit and Judge Robert S. Lasnik of the United States District Court for the Western District of Washington. Ms. Khanna focuses her practice on complex commercial and political law litigation. She has extensive experience litigating voting rights cases around the country, including challenges to congressional and legislative redistricting maps in all the matters set out above. Ms. Khanna's redistricting litigation experience includes trials in Florida and Texas. Ms. Khanna has also authored several briefs on redistricting before the United States Supreme Court. Along with myself and associate Aria Branch, Ms. Khanna served as trial counsel in the second trial held in this matter.

7. Ryan Spear is a partner with Perkins Coie in the Seattle office.[2] Mr. Spear graduated from Harvard Law School in 2007, where he was an editor on the Harvard Law Review. Mr. Spear focuses his practice on complex privacy and political law litigation. Mr. Spear's extensive political law litigation experience includes the Florida and Virginia matters described above.

---

[1] Ms. Khanna was promoted to partner in January 2017, and has been working on this case since its inception in late 2014.

[2] Mr. Spear was promoted to partner in January 2018, and has been working on this case since March 2015.

146094287.3

8.      Ben Stafford is a partner with Perkins Coie in the Seattle office.[3] He graduated with high honors from the University of Washington School of Law, where he served as an executive editor for the Washington Law Review. Mr. Stafford's extensive redistricting litigation experience includes the Florida, Minnesota, North Carolina, and Virginia matters described above, as well as numerous other political litigation matters around the country.

9.      We were assisted by several additional partners and associates, many of whom have been involved in redistricting and election related litigation in other states. Attached as Exhibit A is a copy of attorney biographies that summarize the attorneys' respective expertise and professional experience. Because this case was litigated in different phases over a period of roughly five years, various attorneys worked on the matter over the years for reasons such as workload and associates accepting new jobs.

10.     All attorneys involved in this matter on behalf of Plaintiffs recorded their time contemporaneously. All attorneys are instructed that they are legally and ethically obligated to accurately record their time. To the best of my knowledge, Perkins Coie billing records accurately reflect the time that their attorneys devoted to this matter. I have reviewed those records and they are consistent with my recollection of the work performed by each attorney.

11.     Plaintiffs have submitted detailed time entries as Appendices to Plaintiffs' motion. In updating Plaintiffs' prior fee petition submission to incorporate topical categories, as ordered by the Court (ECF No. 399), Plaintiffs have delineated entries into categories that reflect the major categories of work performed during various case phases; for example, fact discovery and expert discovery leading up to the first trial. Plaintiffs present this information to the Court in three different ways. Appendix A is a consolidated spreadsheet—organized by date—that

---

[3] Mr. Stafford was promoted to partner in January 2016, and has been working on this case since February 2015.

- 4 -

describes the specific tasks performed by every timekeeper on a daily basis, the number of hours spent on those tasks, the fees associated with each entry, and the topical category a given entry falls within. Appendix A reflects both the actual rates charged and, as described in paragraph 12 below, the local "Richmond" rate per each timekeeper. Plaintiffs have also prepared Appendix B to Plaintiffs' motion, which is a spreadsheet of the same data contained in Appendix A to Plaintiffs' motion, re-sorted by category of work (and then date) to facilitate the Court's review of the work done by Plaintiffs with regard to different types of work. Appendix C provides a summary table of the hours spent and fees attributable to each category,

12. A brief description of the categories used, the kind of work they encompass, and the dates on which such work was performed, is set out below

| Category | Brief Description | Dates |
|---|---|---|
| Pre-filing, Complaint, and Service | Time spent conducting pre-filing research, preparing complaint, effecting service of process, and related tasks. | 10/17/14 to 1/5/15 |
| Communications Concerning Clients | Time spent conferring with and regarding clients regarding this matter, including status updates and communications related to substitution of parties. | Throughout case |
| Intervention-Related | Time spent regarding initial request to intervene by Intervenor-Defendants. | 1/23/15-2/2/15 |
| Fact Discovery—First Trial | Time spent on fact discovery related issues in advance of the July 2015 trial, including written discovery, document management, and depositions and deposition-related work. | 1/8/15-6/26/15 |
| Expert Discovery—First Trial | Time spent on expert discovery related issues in advance of the July 2015 trial, including written discovery, expert report preparation and review, depositions and deposition-related work. | 2/10/15-6/18/15 |
| Document Review—First Trial | Time spent reviewing documents produced by other parties in discovery, primarily related to review by a team of document review attorneys, but also reflecting other discrete document review as well. | 3/18/15-6/18/15 |

| Category | Brief Description | Dates |
|---|---|---|
| Court Conferences—First Trial | Time spent preparing for, attending, and conferring regarding conferences with the Court in advance of the July 2015 trial. | 2/2/15-6/26/15 |
| General Briefing—First Trial | Time spent on written submissions to the Court for all filings other than pretrial submissions (including pro hac vice motions, preparation of proposed scheduling orders, etc.). | 1/5/15-6/16/15 |
| Pretrial Briefing—First Trial | Time spent on written pretrial submissions, including trial brief, exhibit lists, deposition designations, stipulations, and similar pretrial submissions. | 2/13/15-7/2/15 |
| Trial Preparation—First Trial | Time spent preparing for the first trial, including logistical planning for trial, preparation of witnesses, argument, and trial materials. | 4/15/15-7/10/15 |
| General Strategy Meetings—First Trial | Time spent on discussions between counsel on various aspects of case, such as case strategy, task delineation, and case coordination. | 12/26/15-8/6/15 |
| Case Analysis—First Trial | Time spent by counsel reviewing court orders and filings, and developing or analyzing case strategy. | 1/5/15-6/8/15 |
| First Trial | Time spent during July 2015 trial by members of trial team and others providing support on trial dates. | 7/7/15-7/13/15 |
| Post First-Trial Work | Time spent on post-trial work, primarily post-trial briefing. | 7/10/15-8/5/15 |
| First Appeal | Time spent on Plaintiffs' appeal to the United States Supreme Court in Case No. 15-680, including preparation of briefing, oral argument preparations, and oral argument. | 10/22/15-12/6/15 |
| Post-Remand Proceedings | Time spent related to the determination, on remand from the United States Supreme Court, on the scope and nature of proceedings on remand, including whether there would be a second trial and considerations of what previous findings constitute law of the case on remand. | 12/7/16-5/17/17 |
| Amicus-Related Work | Time spent related to efforts on remand of nonparties to participate in an amicus capacity. | 4/12/17-5/8/17 |
| Fact Discovery—Second Trial | Time spent on fact discovery related issues in advance of the October 2017 trial, including written discovery, document management, and depositions and deposition-related work. | 4/28/17-9/24/17 |

146094287.3

| Category | Brief Description | Dates |
|---|---|---|
| Expert Discovery— Second Trial | Time spent on expert discovery related issues in advance of the October 2017 trial, including written discovery, expert report preparation and review, depositions and deposition-related work. | 4/13/17-9/25/17 |
| Court Conferences— Second Trial | Time spent preparing for, attending, and conferring regarding conferences with the Court in advance of the October 2017 trial. | 7/5/17-10/5/17 |
| General Briefing— Second Trial | Time spent on written submissions to the Court for all filings other than pretrial submissions. | 3/1/17-8/29/17 |
| Pre-trial Briefing— Second Trial | Time spent on written pretrial submissions, including trial brief, exhibit lists, deposition designations, and similar pretrial submissions. | 7/5/17-9/28/17 |
| Trial Preparation— Second Trial | Time spent preparing for the first trial, including preparation of witnesses, argument, and trial materials. | 6/9/17-10/12/17 |
| General Strategy Meetings— Second Trial | Time spent on discussions between counsel on various aspects of case, such as case strategy, task delineation, and case coordination in advance of October 2017 trial. | 5/1/17-6/12/19 |
| Case Analysis— Second Trial | Time spent by counsel reviewing court orders and filings, and developing or analyzing case strategy. | 7/12/17-7/13/17 |
| Second Trial | Time spent during October 2017 trial by members of trial team and others providing support on trial dates. | 10/10/17-10/13/17 |
| Post Second-Trial | Time spent on post-trial work, primarily post-trial briefing, after the October 2017 trial. | 10/11/17-2/8/18 |
| Remedial Proceedings | Time spent on the remedial proceedings held by the Court, including selection of a special master, generation of proposed remedial plans, responses to other parties' proposed remedial plans, and responses and arguments concerning the Special Master's submissions. | 1/2/18-3/27/19 |
| Second Appeal | Time spent on Intervenors' appeal to the United States Supreme Court in Case No. 18-281 and Case No.18–1134, including preparation of briefing, oral argument preparations, and oral argument, related to Intervenors' merits appeal and additional briefing related to Intervenors' appeal regarding the Court's | 8/7/18-4/23/18 |

146094287.3

| Category | Brief Description | Dates |
|---|---|---|
| | remedial order. | |
| Fee Petitions | Time spent generating Plaintiffs' petitions seeking attorneys fees and litigation expenses, and cost bill. | 6/13/16-9/14/19 |

13.     All timekeepers charged the usual rates charged by each individual for cases of similar complexity, which are consistent with prevailing market rate of individuals with their skills and levels of experience. For purposes of Plaintiffs' fee application, Plaintiffs seek recovery at "Richmond" rates rather than the actual rates charged. With respect to work performed in 2014 through 2016, Plaintiffs seek recovery at the rates set out in this Court's opinions in *Personhuballah v. Wittman*, No. 3:13-cv-00678, dated March 11, 2015, and March 3, 2017. The specific rates awarded by the Court are set out at ECF No. 139 at 14 and ECF No. 327 at 27 in that case. To the extent additional timekeepers performed work, Plaintiffs have proposed rates based on the rate for comparable timekeepers identified in the *Personhuballah* court's opinions.

14.     With respect to work performed in 2017, 2018, and 2019, Plaintiffs seek recovery at the same rates, with some upward adjustment. Pursuant to the Court's September 25, 2019, Order (ECF No. 399), Plaintiffs submit with this declaration additional information regarding Plaintiffs' requested fee increases.

15.     The rates at issue were set by the *Personhuballah* court in March 2015 and reflect 2014 rates that were applied by the Court to 2015 and 2016 time as well. Thus, absent some increase in rates, the Court would be awarding Plaintiffs recovery in late 2019 based on 2014 rates. Plaintiffs do *not* seek recovery of the full value of counsels' actual rate increases during these years. Counsels' rates increased by more than what Plaintiffs seek recovery for here.

- 8 -

16. In preparing their fee petition, Plaintiffs compared their actual rate increases in 2017-2019 against the existing Richmond rates. Plaintiffs then compared the requested rate increases against the *Vienna Metro* guidelines discussed in Plaintiffs' fee petition to ensure that, with the requested fee increases, Plaintiffs' requested 2017-2019 rates remained reasonable in this district. For example, between 2016 and 2017, Aria Branch's actual billing rate increased from $430 to $665 ($235, or 51%), but Plaintiffs request only an increase of only $65 ($345 to $410), reflecting a 19% increase.

17. Plaintiffs requested relatively larger increases in 2017, as their "2016" Richmond rates are, as explained above, actually 2014 rates, and so the requested increase reflects the fact that this would be the first upward adjustment in Plaintiffs' rates in three years.

18. Table A, which follows the narrative paragraphs of this declaration, sets out the numerical dollar value and percentage increase of the upward adjustment in requested Richmond rates in 2017-2019 for relevant timekeepers. To assist the Court in assessing the requested fee increases, Plaintiffs also include data regarding the actual rates at which Plaintiffs' counsel billed in these years. Table B sets out the total dollar and percentage increase in Plaintiffs' fee request resulting from the upward adjustment to their rates in 2017-2019. Plaintiffs again contrast that information against their actual rate increases in these years.

19. By way of summary, Plaintiffs' rates, in the aggregate, have actually increased by 14.4% after 2016, but Plaintiffs' requested Richmond rates increase by only 12.0%. Plaintiffs request an additional $440,810.75 as a result of their requested Richmond rates in 2017-2019, whereas they actually billed an additional $624,876.25 as a result of rate increases in these years.

20. Plaintiffs also utilized the services of a team of "document review" attorneys employed by Perkins Coie to review the substantial number of records produced to Plaintiffs by

- 9 -

the Commonwealth of Virginia and Defendant-Intervenors in response to discovery and public records requests. Given the volume of records in question, Plaintiffs utilized document review attorneys for reasons of efficiency, as such attorneys bill at a reduced rate of $125 an hour. These attorneys are: Molly Foster, Lisa Grimm, Paul Harrison, Donald Hegstrom, Margret Lindstrom, Clinton Moore, Travis Nye, Jeanette Ramirez, Ariel Schneier, Alexandra Stemmler, and Nicole Wolfe.

21. Plaintiffs are not seeking to recover all the fees incurred. Rather, Plaintiffs are limiting their fee petition to the members of Plaintiffs' litigation team who billed a substantial number of hours on this matter, and thus are excluding, among other things, hours spent by other attorneys, paralegals, and other timekeepers who assisted in litigating this matter over the course of the more than four-and-a-half years this case has been pending.

22. Moreover, although Plaintiffs' counsel strove at all times to (and did) efficiently try this complex lawsuit, in reviewing the time entries, I exercised billing judgment and eliminated time entries that appeared to me to be even arguably redundant or not essential to the litigation. In total, I wrote off 300.05 hours of these timekeepers' billed services.

23. In addition, I eliminated time entries outright for a number of timekeepers, including attorneys and staff, who contributed substantive and administrative support for this matter. In all, I wrote off 1,483.60 hours of billed services for these timekeepers.

24. After exercising billing judgment, and eliminating these additional timekeepers' entries, I reduced Plaintiffs' fee request by $803,978.80.

25. The following table identifies the attorneys and staff members from Perkins Coie who worked on this case and for whom the recovery of fees is sought between the inception of the case and September 5, 2019, when Plaintiffs submitted their reply brief on their second fee

motion. All timekeepers charged the usual rates charged by each individual for cases of similar complexity, which are consistent with prevailing market rate of individuals with their skills and levels of experience. For each of the timekeepers below, I have stated the "Richmond" hourly rate, the number of hours worked, and the total amount of fee:

| TIMEKEEPER | RATE | | | | | TOTAL HOURS | TOTAL |
|---|---|---|---|---|---|---|---|
| | 2014 | 2015-2016 | 2017 | 2018 | 2019 | | |
| Aria Branch | $300 | $345 | $410 | $430 | $480 | 1,378.40 | $518,016.25 |
| Amanda Callais | N/A | $345 | N/A | N/A | N/A | 164.20 | $56,649.00 |
| Ceridwen Cherry | N/A | $345 | N/A | N/A | N/A | 60.30 | $20,803.50 |
| Michelle De Pass | N/A | N/A | N/A | $235 | $250 | 39.10 | $9,365.50 |
| Document Review Attorneys | N/A | $125 | N/A | N/A | N/A | 368.50 | $46,062.50 |
| Marc Elias | $575 | $575 | $675 | $715 | $750 | 242.90 | $163,258.50 |
| Elisabeth Frost | $390 | $390 | $490 | $530 | $570 | 127.80 | $50,574.00 |
| Kevin Hamilton | $575 | $575 | $675 | $715 | $750 | 1,639.40 | $1,046,984.50 |
| Abha Khanna | $410 | $410 | $510 | $550 | $590 | 1,584.00 | $764,524.00 |
| Ruthzee Louijeune | N/A | $320 | $420 | $430 | $480 | 244.20 | $98,389.00 |
| Patricia Marino | N/A | $190 | $230 | $235 | $250 | 905.25 | $186,069.50 |
| Rachel Roberts | N/A | $125 | $180 | N/A | N/A | 199.50 | $25,482.00 |
| John Roche | N/A | $465 | $465 | N/A | N/A | 10.90 | $5,068.50 |
| Ryan Spear | N/A | $410 | $510 | $550 | $590 | 1,060.60 | $475,154.00 |
| Bruce Spiva | N/A | $575 | $675 | $715 | $750 | 432.50 | $255,333.00 |
| William Stafford | N/A | $405 | $505 | $545 | $585 | 724.20 | $363,185.00 |
| Mallory Webster | N/A | N/A | N/A | $370 | $400 | 80.40 | $30,975.00 |
| **Total** | | | | | | **9,262.15** | **$4,115,893.75** |

26. Through the date of this submission, Plaintiffs seek recovery of $489,096.35 in litigation expenses reasonably and necessarily incurred in the prosecution of the case. These expenses are customarily charged to and paid by hourly clients.

- 11 -

146094287.3

27.     Plaintiffs retained three testifying expert witnesses to assist Plaintiffs in meeting their burden of establishing that race predominated in the construction of the challenged districts, and that the use of race was not narrowly tailored.

28.     Dr. Stephen Ansolabehere received his Ph.D. in political science from Harvard University, where he has served as a Professor of Government at Harvard since 2008. Dr. Ansolabehere formerly served as a professor of Political Science at the Massachusetts Institute of Technology, where he was an Associate Department Head from 2001-2005, and served as Co-Director of the Caltech/MIT Voting Technology Project. Dr. Ansolabehere has received numerous accolades over his career. He is a member of the American Academy of Arts and Sciences and a Carnegie Scholar, and serves on numerous professional boards.

29.     Dr. Rodden is a professor in the political science department at Stanford University. Dr. Rodden received his PhD from Yale University and his BA from the University of Michigan, and was a Fulbright student at the University of Leipzig, Germany. Before joining the Stanford faculty in 2007, he was the Ford Associate Professor of Political Science at the Massachusetts Institute of Technology. He has also written a number of articles and books, including on redistricting.

30.     Dr. Palmer became a professor at Boston University in 2014, after receiving his Ph.D. in Political Science at Harvard University. His research addresses various topics, including redistricting and election law. His research has been published in the American Political Science Review, the Journal of Politics, and the Journal of Empirical Legal Studies.

31.     The following chart, which summarizes Plaintiffs' litigation expenses, is taken from contemporaneous, documented expense records regularly prepared and maintained by Perkins Coie in the regular course of business. Likewise, the detailed expense entries submitted

146094287.3

as Appendix D to Plaintiffs' motion were compiled from expense records contemporaneously maintained by Perkins Coie.

| CATEGORY OF EXPENSE/COST | TOTAL |
|---|---|
| Shipping | $15,942.22 |
| Travel (Hotels, Transportation, Meals) | $74,399.73 |
| Research (Electronic) | $41,133.31 |
| Electronic Discovery Database Hosting | $20,966.40 |
| Admin (trial supplies, printing costs) | $1,611.00 |
| Expert Costs | $304,440.60 |
| Other Discovery | $30,603.09 |
| **Total** | **$489,096.35** |

32. The amount set out above and in Appendix D excludes all costs set out in Plaintiff's cost bill, filed on August 2, 2019. Plaintiffs filed a separate cost bill to ensure the timeliness of that submission under the Court's Local Rules. To the extent the Court denies Plaintiffs' cost bill in whole or part under 28 U.S.C. § 1920, Plaintiffs respectfully submit that *all* such costs are recoverable as reasonable litigation expenses under 42 U.S.C. § 1988.

33. All data submitted with Plaintiffs' motion was prepared based upon a review of the contemporaneous time and expense records maintained by Plaintiffs' counsel, the pleadings, correspondence, and the entire record, and I believe them to be true and correct. I further certify that the work performed, and expenses and costs incurred, was reasonably necessary to the preparation and presentation of the case.

**Civil Action No. 3:14-cv-00852-REP-AWA-BMK**
**(Bethune-Hill v. Virginia State Board of Elections)**
Table A

| Timekeeper | 2016 - 2017 Increase Billed | | 2016 - 2017 Increase Richmond | | 2017 - 2018 Increase Billed | | 2017 - 2018 Increase Richmond | | 2018 - 2019 Increase Billed | | 2018 - 2019 Increase Richmond | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Amount | Percent | Amount | Percent | Amount | Percent | Amount | Percent | Amount | Percent | Amount | Percent |
| Branch, Aria C. | $220.00 | 51% | $65.00 | 19% | $70.00 | 11% | $20.00 | 5% | $95.00 | 13% | $50.00 | 12% |
| Depass, Michelle | n/a | n/a | n/a | n/a | n/a | n/a | n/a | n/a | $55.00 | 18% | $15.00 | 6% |
| Elias, Marc E. | $285.00 | 37% | $100.00 | 17% | $80.00 | 8% | $40.00 | 6% | $60.00 | 5% | $35.00 | 5% |
| Frost, Elisabeth C. | $230.00 | 44% | $100.00 | 26% | $0.00 | 0% | $40.00 | 8% | $245.00 | 33% | $40.00 | 8% |
| Gitt Webster, Mallory | n/a | n/a | n/a | n/a | n/a | n/a | n/a | n/a | $60.00 | 13% | $30.00 | 8% |
| Hamilton, Kevin J. | $100.00 | 15% | $100.00 | 17% | $40.00 | 5% | $40.00 | 6% | $50.00 | 6% | $35.00 | 5% |
| Khanna, Abha | $95.00 | 18% | $100.00 | 24% | $45.00 | 7% | $40.00 | 8% | $55.00 | 8% | $40.00 | 7% |
| Louijeune, Ruthzee | $230.00 | 72% | $100.00 | 31% | $80.00 | 15% | $10.00 | 2% | $125.00 | 20% | $50.00 | 12% |
| Marino, Patricia | $35.00 | 14% | $40.00 | 21% | $15.00 | 5% | $5.00 | 2% | $15.00 | 5% | $15.00 | 6% |
| Roberts, Rachel M. | $50.00 | 38% | $0.00 | 0% | n/a | n/a | n/a | n/a | n/a | n/a | n/a | n/a |
| Roche, John K. | $175.00 | 33% | $0.00 | 0% | n/a | n/a | n/a | n/a | n/a | n/a | n/a | n/a |
| Spear, Ryan M. | $95.00 | 18% | $100.00 | 24% | $55.00 | 9% | $40.00 | 8% | $55.00 | 8% | $40.00 | 7% |
| Spiva, Bruce V. | $195.00 | 30% | $100.00 | 17% | $145.00 | 17% | $40.00 | 6% | $55.00 | 6% | $35.00 | 5% |
| Stafford, William B. | $100.00 | 20% | $100.00 | 25% | $80.00 | 13% | $40.00 | 8% | $35.00 | 5% | $40.00 | 7% |

## Civil Action No. 3:14-cv-00852-REP-AWA-BMK
## (Bethune-Hill v. Virginia State Board of Elections)
### Table B

| Timekeeper | Total Fees Billed Rate | Total Fees at 2016 Billed Rate | Increases from 2016 Billed Rates | | Total Fees Richmond Rate | Total Fees at 2016 Richmond Rate | Increases from 2016 Richmond Rates | |
|---|---|---|---|---|---|---|---|---|
| | | | Amounts | Percent | | | Amounts | Percent |
| Branch, Aria C. | $708,371.50 | $564,489.50 | $143,882.00 | 25.5% | $518,016.25 | $473,500.50 | $44,515.75 | 8.6% |
| Depass, Michelle | $12,770.00 | $12,121.00 | $649.00 | 5.4% | $9,365.50 | $9,188.50 | $177.00 | 1.9% |
| Elias, Marc E. | $242,448.50 | $184,380.00 | $58,068.50 | 31.5% | $163,258.50 | $139,667.50 | $23,591.00 | 14.5% |
| Frost, Elisabeth C. | $64,526.50 | $62,721.00 | $1,805.50 | 2.9% | $50,574.00 | $49,842.00 | $732.00 | 1.4% |
| Gitt Webster, Mallory | $39,840.00 | $37,386.00 | $2,454.00 | 6.6% | $30,975.00 | $29,748.00 | $1,227.00 | 4.0% |
| Hamilton, Kevin J. | $1,155,862.50 | $1,049,005.50 | $106,857.00 | 10.2% | $1,046,984.50 | $942,655.00 | $104,329.50 | 10.0% |
| Khanna, Abha | $935,910.50 | $821,017.50 | $114,893.00 | 14.0% | $764,524.00 | $649,440.00 | $115,084.00 | 15.1% |
| Louijeune, Ruthzee | $126,143.00 | $78,144.00 | $47,999.00 | 61.4% | $98,389.00 | $78,144.00 | $20,245.00 | 20.6% |
| Marino, Patricia | $222,530.75 | $210,004.50 | $12,526.25 | 6.0% | $186,069.50 | $171,997.50 | $14,072.00 | 7.6% |
| Roberts, Rachel M. | $25,107.00 | $24,987.00 | $120.00 | 0.5% | $25,482.00 | $25,482.00 | $0.00 | 0.0% |
| Roche, John K. | $5,839.00 | $5,769.00 | $70.00 | 1.2% | $5,068.50 | $5,068.50 | $0.00 | 0.0% |
| Spear, Ryan M. | $583,322.50 | $542,400.00 | $40,922.50 | 7.5% | $475,154.00 | $434,846.00 | $40,308.00 | 8.5% |
| Spiva, Bruce V. | $277,568.50 | $263,641.50 | $13,927.00 | 5.3% | $255,333.00 | $248,687.50 | $6,645.50 | 2.6% |
| Stafford, William B. | $439,181.50 | $358,479.00 | $80,702.50 | 22.5% | $363,185.00 | $293,301.00 | $69,884.00 | 19.2% |
| Callais, Amanda R. | $62,396.00 | $62,396.00 | $0.00 | 0.0% | $56,649.00 | $56,649.00 | $0.00 | 0.0% |
| Cherry, Ceridwen B. | $25,929.00 | $25,929.00 | $0.00 | 0.0% | $20,803.50 | $20,803.50 | $0.00 | 0.0% |
| Document Review Attorneys | $46,062.50 | $46,062.50 | $0.00 | 0.0% | $46,062.50 | $46,062.50 | $0.00 | 0.0% |
| Grand Totals | $4,973,809.25 | $4,348,933.00 | $624,876.25 | 14.4% | * $4,115,893.75 | $3,675,083.00 | $440,810.75 | 12.0% |

* Amount sought in fee petiton

I declare under penalty of perjury that the foregoing statements are true and correct.

Executed this 28th day of October, 2019 in Seattle, Washington

_____

Kevin J. Hamilton

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of October, 2019, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the counsel of record in this case.

By */s/ Aria C. Branch*
Aria C. Branch (VSB #83682)
Perkins Coie LLP
700 13th St. N.W., Suite 600
Washington, D.C. 20005-3960
Phone: (202) 654-6338
Fax: (202) 654-9106
ABranch@perkinscoie.com

*Attorneys for Plaintiffs*

146094287.3